## STATUS REPORT

*Counsel submits this status report in the best possible satisfaction of this Court's filing directive setting this date for submission of an amended complaint or explanation why that is not necessary or not necessary now and whether additional or superseding motion practice will be necessary. For reasons set forth below it is going to take a very few more days for completion and at the same time we should be able to obtain either access to the Supreme Court and National Archives or very soon thereafter which will help establish whether anything there is unsealed and sufficient to proceed without at least one fight.*

*PetroHunt* was insufficiently argued in Federal Appeals because Appellants failed to appreciate if they had learned of, the application of *V.L. vs. E.L.*, 577 US 404 (2016), which was decided after they lost in this court but within the time to seek reconsideration here so its consequence would be incorporated into the Court of Federal Claims case and be preserved for appeal; presumably they could have, even if they missed that, moved Appeals to remand with instructions to reconsider. And now I must confess it was not until recently that I appreciated all of it myself. However, in that context "all of it" means vastly more than one might think.

As I write this I am near completion of a filing which has taken on a dimension I could not have foreseen, but which should be of great consequence. I do not say that in hubris. More in incredible exhaustion. And out of respect for the Court and the consideration shown in its last directive that I file something today, no less than a status report and ideally if appropriate an amended complaint, and because a few days ago I heard from my DC researcher that the National Archives and SCOTUS archives are reopened finally and we should have an appointment ideally by March 19, 2022, or no more than a few days after. Mr. Duddy and Ms. Kaplan were previously copied on the email telling me it was reopened, and professional appointments being scheduled. I apologize for being too tired to fuss with grammar, so proceed directly hoping it makes sense and ties together by time I am done.

There is a doctrine that says courts in our system justify their existence and the power of their decisions primarily by dint of writing reasoned opinions so the people, not to mention courts in review and other branches of government in checks-and-balances quasi-review can tell if that which was decided was righteous or tyrannical. Accordingly, appellate courts used to remand when the record they were confronted with was inadequate for the job of review.

This is of particular importance when the judgment on appeal implicates core constitutional rights, such as those of freedom of expression. When I was in school, in the 1970s, *Bose vs. Consumers Union* I believe is the caption, came down, holding that appellate courts must perform de novo review of the constitutional facts found below (which is more than merely reviewing evidentiary sufficiency). That is hard to do when there is no factual record. I mean, that is self-evident.

That's probably why the ability of a court to seal its records from public access, a right which has only been formally recognized by the Supreme Court in the Nixon tapes in 1978 or in *Richmond Newspapers* in 1980, depending on whether one looks to find the right in common law (*Nixon*) or the First Amendment (*Richmond*), has carried with it, especially where the right to access is founded in the First Amendment, that no sealing order is valid (constitutional) (as opposed to void, which means *ultra vires*, outside the equity [subject matter remedial] jurisdiction of the court) unless it on review

1

it has record evidentiary findings at a clear and convincing level establishing the compelling need that overrides the right of access and that the sealing is the least restrictive means to effectuate it.

Now, consider a situation as happened in *Ashcraft v. Conoco* in 2000, in the Fourth Circuit. In that case, the presiding federal district court judge became infuriated when a reporter went to the clerk's office, asked for the file box in a certain civil case, and on looking through it found an envelope with "not to be opened without permission of the court" written on its flap, which had already been opened by then, took out what was inside, read it, and reported it. It was a settlement of a ground soil contamination case where improper handling of waste had poisoned a great many and had been put into a stipulated so-ordered secret settlement.

Though the DOJ declined to prosecute, the court appointed its own attorney and convicted the reporter of civil and criminal contempt. The Fourth Circuit reversed.

As to civil contempt, it reversed because it held the order *invalid*, unconstitutional, because it had been done with complete failure to make any findings or develop any record for review.

As to criminal contempt, it reversed because it held that the order was no order, that evidence at trial showed it had been inscribed by low-level personnel without the participation or supervision or authorship of the judge, who never signed it or docketed it besides. The Fourth Circuit held that in those circumstances it was no order of a court at all, thus any attempt to enforce it was *void*.

The document I previously filed, the transcript of an ex parte meeting called by Judge Glasser, admissible for its truth as a party admission, contains the admission of Judge Glasser that in 30 years he had never observed procedural requirements like the above noted evidentiary record when sealing, instead simply saying "so ordered," best he remembers anyway, when at the end of a public hearing either defense or prosecution asks aloud to make an application to seal. We have other transcripts in which Judge Glasser states on the record that he believes all other judges in the EDNY do the same.

So if I can bring this to a rapid conclusion before I give out, here is what we will be establishing because it is deeply relevant to the fraud, including why it is a fraud (but I repeat that it is still possible that Ms. Kaplan is a victim, or at most negligent, I will not ruin her reputation by asserting otherwise without proof, more consideration than her client gave those on my side).

This Court is of course subject to the Full Faith and Credit Clause, which means it is required to give full faith and credit to the (final) judgments of state courts. Except when it is not. And that is when the "foreign" court (this Court being the forum court) was not a court of *competent jurisdiction*.

Ok, fine, but who gets to decide that? If it was litigated in the foreign court, does that make its finding of jurisdiction binding on this court, even if later reversed as error by review of an Article III appellate court? No. I have found zero authority for that. Indeed, quite the contrary. Of course, this is all on Full Faith and Credit, which applies to final judgments. Nevertheless, the state of the law as of *VS vs. VL* is that *this Court is free to "confirm" that the foreign court had both the personal and subject matter jurisdiction to enter the final judgment that it did* unless it is facially clear that there probably was jurisdiction, as would be the case when the foreign court is one of general jurisdiction; then, the inquiry may still be made, but less broadly, and there is an evidentiary presumption, of course rebuttable, that there was jurisdiction.

One point is, nothing the Federal Appellate court can do can take this away because it is there by provision of the Constitution (§ 1738 being a mere implementation) that such Faith and Credit must be applied, which necessarily implies that along with the obligation is the discretion to decide that there was no jurisdiction in the foreign court (the Fourth and Sixth circuits at least have held that the inherent powers of federal courts exist in three categories, (1) weak, such as ministerial acts like paying the light bill, subject to Congressional plenary control; (2) medium, such as power to seal dockets or records, which [at least the Fourth has held in *ACLU v. Holder* in 2010] may be overridden if Congress chooses to occupy the field in any application, but is otherwise up to the courts; and (3) strong, which is removed from Congressional override, such as the ability to decide a specific case.)

Seriously, you can't have a system where the Supreme Court says all United States courts must apply Faith and Credit to state court decisions; this is such a United States court; the Supreme Court says that such courts are free to examine the jurisdiction of person and subject putatively had in the foreign court no matter what it may have thought or said, especially if it is not a court of general jurisdiction, while Federal Appeals says nope, you can't "review" decisions of foreign courts.

Ah, yes of course Faith and Credit does not apply between the federal courts; that is a matter of comity. But the courts have made it quite clear that when it comes to reviewing the judgments of really "foreign" courts, like those in Europe, then the ability to examine what that court did is much broader than Faith and Credit would allow in respect of a state court, which particularly since all federal courts are courts of limited jurisdiction, including Article III courts, can never be presumed.

If the court sees this sounds a lot like preclusion, at least issue preclusion, it's for a reason: in a predecessor case from 1998, General Motors, the Supreme Court engaged in quite extensive internal discussion considering whether the proper ontology or taxonomy is that issue preclusion is purely an evidentiary fact made irrebuttable and so Full Faith and Credit can be seen as evidentiary or issue preclusion seen as evidentiary; on the other hand *Uppercu* says that while evidence is the end result, to attempt to control another court's use of evidence by sealing order in the first court is to attempt to alter its jurisdiction in the sense of its control over its own proceedings, and that is impermissible.

Implication for "judicial takings" case law will follow, except I am not doing the world's work, and our case does not depend on "review" of what an Article III court did, only on "inspection" of what it did as to jurisdiction. Of course, there is no difference, we know that, Your Honor knows that, but to that extent we can play the game in good faith and make one that offends no truth.

(To the extent this differs from the reasoning in *Chisholm* which predates it by 8 years is for the future and more thought is necessary.)

In sum, I will be providing a mechanism in addition to *Uppercu* by which this Court can on solid all-fours backing by *GM* and its progeny simply order the government to deliver its copy of what was in the Supreme Court without offending comity, or for that matter order me to produce it, because the other thing *GM* holds is that while there is no roving "repugnancy" standard to provide another basis for failing to afford Faith and Credit (or comity), remedies do not travel with the judgment, so that while an injunction might have to be respected in the forum court, that court need not enforce it if to do so is repugnant to its values or the values of its forum constituency, here the whole country.

Also, I hope it will put an end to the needless complexity of *Boise* vs. *PetroHunt* argument.