**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| Estate of Gottdiener et al.,<br>　　　　**Plaintiff**,<br><br>　　　　vs.<br><br>The United States.<br>　　　　**Defendant** | INDEX NO. 15-01245 (VJW)<br><br>STATUS REPORT<br>REQUEST FOR APRIL 14 2022<br>FINAL COMPLIANCE DATE |

Your Honor:

I am pleased to report all extrinsically-imposed conditions precedent to our long-expected filing here have been completed enough they are out of the way, remaining only completion by our team.[1] Consequently, and especially because what we have obtained in the SCOTUS search, infra, is more than sufficient to at the least establish probable cause of the government's bad faith (again not on the part of opposing counsel personally), **Plaintiffs ask a final compliance date be set to April 14, 2022**.

Among them were serving my former client Jody Kriss with notice that unless he objected some privileged communications would be disclosed. That went out some time ago with a list of what might be disclosed and he never objected. In the last week as I had to disclose them in another, unrelated filing I told his attorney it would occur, there had been notice, and if he had objection we could meet and confer. He declined, the filing went public, and there has been no complaint (failure to object quickly would be a waiver anyway). Ethics counsel would say this is more than anyone could expect of prior counsel (I have to write it like that so I'm not saying that I relied on advice of counsel).

The big one was what the government filed in SCOTUS. I have gone as far as possible with the now-reopened National Archives, and it was enough, and incidental to the filing I will upload a file of all that is and has been for about a decade public because the Supreme Court sent it there after making it public at its own court. If it sounds silly, it is not if you were like me, stuck on the planet I've been stuck on for 10 years[2]; where a federal district judge declared she would not be bound by a SCOTUS order making it public because "she was sure SCOTUS justices would not involve themselves with

---

[1] Though it is admittedly difficult to work in a team when you're pansophically omniscient, there is a team.

[2] Long ago there was a multi-year collaboration between my software firm and a division of Texas Instruments which handled text-to-speech, in which I had written my thesis. One of the projects produced a toy of some renown, a *Speak-and-Spell*, you tuedrn a bee pointer to a pictured, pulle a string and it would tell you what it was and spell it. It sold OK till a fellow making a film about an extraterrestrial stuck here wanting to be rescued needed to, as he said after watching TV, "phone home." Then it sold better. The Court may be interested to know that the device ET built in the eponymous movie, that used a *Speak-and-Spell* to drive a microwave transmitter, was fully functional. It worked. It was a prop but a real one, a real honest microwave transmitter.

I've had one pointed at the galactic core on my roof every summer since. One day maybe I will go home too.

(No, the galactic core is not on my roof. The transmitter is, next to the DISH parabola to disguise it. I do have an FCC license to transmit in microwaves in kilowatt strength since 1978, call N1AJL, but that is another story.)

sealing/unsealing so the order was not an 'order of the court' making law of the case and *stare decisis*, it was a "clerk" thing, and by moving the Supreme Court to make it public, I and my attorneys there (including former Solicitor General Clement) had willfully violated an order of the Second Circuit.

It matters because the same judge has the same document filed publicly on another docket in the Eastern District, where it was unsealed in 2017 by her predecessor and has been accessible ever since. Oh, and it has been publicly available on PACER for some time, vacuumed up by that firm from SCOTUS public files. It is now common practice for EDNY courts to seal documents containing material which they admits is already public. They say that when it comes to a cooperator, while it would appear that the First Amendment requires public access to criminal case judicial documents content of which not only by experience and logic have been or should be open to the public, and of course when the information in it is public it's sealing cannot conceivably meet constitutional bases for restricted access, precisely because it is public elsewhere the public has really not much if any First Amendment right to access it through the courts, at least compared with the court's need to show solidarity with cooperators.

I don't know what that means either, but certainly the idea that a sealing order can be any kind of restraint on dissemination by itself in such circumstances or in general is ridiculous.

I have compensated for that in my research and the filing will be remarkable I hope in its clarity in that area, but I have multiple lawyers protecting me who must review what is now deadly serious.

Thank you,

Frederick M. Oberlander