# REPORTERS COMMITTEE

## FOR FREEDOM OF THE PRESS

1101 Wilson Blvd., Suite 1100
Arlington, Va. 22209-2211
(703) 807-2100
www.rcfp.org

Lucy A. Dalglish
Executive Director

___

STEERING COMMITTEE

SCOTT APPLEWHITE
*The Associated Press*

WOLF BLITZER
*CNN*

DAVID BOARDMAN
*Seattle Times*

CHIP BOK
*Creators Syndicate*

ERIKA BOLSTAD
*McClatchy Newspapers*

JESS BRAVIN
*The Wall Street Journal*

MICHAEL DUFFY
*Time*

RICHARD S. DUNHAM
*Houston Chronicle*

ASHLEA EBELING
*Forbes Magazine*

FRED GRAHAM
*InSession*

JOHN C. HENRY
*Freelance*

NAT HENTOFF
*United Media Newspaper Syndicate*

DAHLIA LITHWICK
*Slate*

TONY MAURO
*National Law Journal*

DOYLE MCMANUS
*Los Angeles Times*

ANDREA MITCHELL
*NBC News*

MAGGIE MULVIHILL
*New England Center for Investigative Reporting*

BILL NICHOLS
*Politico*

SANDRA PEDDIE
*Newsday*

DANA PRIEST
*The Washington Post*

DAN RATHER
*HD Net*

JIM RUBIN
*Bloomberg News*

CRISTINE RUSSELL
*Freelance*

BOB SCHIEFFER
*CBS News*

ERIC SCHMITT
*The New York Times*

ALICIA SHEPARD
*National Public Radio*

PAUL STEIGER
*Pro Publica*

PIERRE THOMAS
*ABC News*

SAUNDRA TORRY
*USA Today*

JUDY WOODRUFF
*PBS/The NewsHour*

*Affiliations appear only
  for purposes of identification.*

September 14, 2011

Gen. William K. Suter, Clerk
Supreme Court of the United States
Office of the Clerk
1 First Street NE
Washington, D.C. 20543

*Re: Proposal to create a Supreme Court Rule addressing the submission of
     sealed records and documents.*

Dear Gen. Suter,

The Reporters Committee for Freedom of the Press writes to propose the
adoption of a United States Supreme Court procedural rule to address the
sealing of case records and documents submitted to the Court. The text of
the proposed rule follows this letter.

By way of background, the Reporters Committee is a voluntary,
unincorporated association of reporters and editors that works to defend the
First Amendment rights and freedom of information interests of the news
media. The Reporters Committee has provided representation, guidance and
research in First Amendment and Freedom of Information Act litigation
since 1970.

Although we believe the benefits to the Court, Bar and public from adopting
the proposed rule are many, the need is in large part the result of the
increasing prevalence of sealed records in this Court. Our docket research,
summarized in Appendix A, identified Court orders in only six cases during
the October 1993 term that addressed sealing matters, with the Court
allowing sealing in only two of those cases. In comparison, the Court
allowed sealed records in all 18 cases during the October 2008 term in
which sealing was requested, and in 14 of 19 cases in the October 2009
term. In the October 2010 term to date, we have identified Court orders in
28 cases addressing sealing matters — with the Court granting requests to
file records under seal in 24 of those cases.

Many factors may explain the significant growth in the number of cases
involving sealed records in recent years. But one concerning possibility is an
increased acceptance of secret information in court files — something this
Court's precedent discourages. Whatever the reason, the silence on this
issue in the Court's rules is reflected in an inconsistent practice among
attorneys petitioning the Court. A uniform policy meant to keep legitimately
private information under seal while enforcing a strong presumption of
openness would be in the public interest.

There is another reason that we believe a rule on sealing is necessary: a lack of alternative avenues for enforcing the presumptive right of access to court records. When parties request to file records under seal in this Court, non-parties have little recourse to oppose the sealing. The Reporters Committee knows this fact well, as it has twice attempted to intervene in Supreme Court matters for the purpose of challenging the sealing of records. Both times, the Reporters Committee's requests to intervene were denied without comment.[1]

**<u>The benefits of a procedural rule on sealing of court records</u>**

There are legitimate reasons to withhold specific court records from public inspection. The Court's case law recognizes these reasons, as do federal rules and statutes.[2] Yet history makes abundantly clear that the open administration of justice is this Court's preference and practice. As then-Associate Justice William H. Rehnquist stated more than 30 years ago, "all of the business of the Supreme Court of the United States comes in the front door and leaves by the same door."[3]

Justice Rehnquist's comment reflects this Court's enduring commitment to open courts. The open administration of justice provides "therapeutic value" to the community, allowing citizens to reconcile conflicting emotions about high-profile cases.[4] Additionally, public access reassures the public that its government systems are working properly and correctly, and enhances public knowledge and understanding of the court system.[5]

---

[1] *See In re Grand Jury Proceedings*, No. 10M38, Journal of the Supreme Court of the United States 221 (Oct. Term 2010) (Motion for Leave to Intervene Filed by The Reporters Committee for Freedom of the Press denied); *M.K.B. v. Warden*, No. 03-6747, Journal of the Supreme Court of the United States 597 (Oct. Term 2003) (Motion of Reporters Committee for Freedom of the Press, et al., for Leave to Intervene denied).

[2] *See, e.g.*, Fed. R. Crim. P. 6(e) (grand jury secrecy); Fed. R. Civ. P. 26(c) (protective orders); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986) ("*Press-Enterprise II*") ("Although many governmental processes operate best under public scrutiny, it takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly. A classic example is that 'the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings,'" *quoting Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)).

[3] Justice William H. Rehnquist, *Sunshine in the Third Branch*, 16 Washburn L.J. 559, 564 (1977).

[4] *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 570–71 (1980) (plurality opinion) (discussing openness in criminal trials).

[5] *Id.*

Indeed, open access to judicial proceedings is not just a beneficial practice; in many instances, it is a constitutional requirement. Court proceedings related to criminal trials in particular are subject to a First Amendment right of access — a right that "permits the public to participate in and serve as a check upon the judicial process — an essential component in our structure of self-government."[6]

Allowing such access "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."[7] As former Chief Justice Warren Burger wrote, "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."[8]

This understanding of the value of the open administration of justice is reflected in the Court's pronouncements on the procedural steps necessary to close judicial proceedings and records from the public. Whether the right of access at issue is anchored in the First Amendment or the common law, parties attempting to block public access must justify the closing or sealing.[9] In criminal cases at least, courts must then articulate "findings specific enough that a reviewing court can determine whether the closure order was properly entered."[10] Moreover, these findings must be "specific" and "on the record."[11] In fact, it can be reversible error for lower courts to not undertake the proper analysis before closing a proceeding.[12]

---

[6] *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982); *see also Richmond Newspapers, Inc.*, 448 U.S. at 596 (Brennan, J., concurring) ("The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power . . . ." (citation and quotation marks omitted)).

[7] *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("*Press-Enterprise I*").

[8] *Richmond Newspapers*, 448 U.S. at 572.

[9] *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents") (footnotes omitted); *id.* at 602 ("Also on respondents' side is the presumption — however gauged — in favor of public access to judicial records.").

[10] *See Press-Enterprise I*, 464 U.S. at 510.

[11] *Press-Enterprise II*, 478 U.S. at 13–14.

[12] *See, e.g.*, *id.* at 15 (reversing sealing of preliminary hearing transcript in criminal proceeding pursuant to First Amendment right of access).

## Sealing practices of the United States Courts of Appeals

This presumption of public access is not, and should not be, limited to trial courts. Writing for the United States Court of Appeals for the Seventh Circuit, Judge Easterbrook observed:

> Even disputes about claims of national security are litigated in the open. Briefs in the *Pentagon Papers* case, *New York Times Co. v. United States*, 403 U.S. 713 (1971), and the hydrogen bomb plans case, *United States v. Progressive, Inc.*, 467 F. Supp. 990, *rehearing denied*, 486 F. Supp. 5 (W.D. Wis.), *appeal dismissed*, 610 F.2d 819 (7th Cir. 1979), were available to the press, although sealed appendices discussed in detail the documents for which protection was sought.[13]

Judge Easterbrook explained that a rationale for such open access is to preserve the legitimacy of the courts to the public:

> Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.[14]

Consistent with Judge Easterbrook's reasoning, the Seventh Circuit has adopted a rule providing that "every document" filed with the appellate court, except those required to be sealed by statute or other rule, is presumptively public, regardless of whether it was sealed by a district court.[15] The parties must request the Seventh Circuit seal any document they wish to keep out of the public record.[16] That court has made clear that such motions are anything but a formality, warning that it will "deny outright any motion

---

[13] *Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

[14] *Id.* at 568 (citations omitted).

[15] 7th Cir. Internal Operating P. 10 ("(a) *Requirement of Judicial Approval*. Except to the extent portions of the record are required to be sealed by statute (e.g., 18 U.S.C. §3509(d)) or a rule of procedure (e.g., Fed. R. Crim. P. 6(e), Circuit Rule 26.1(b)), every document filed in or by this court (whether or not the document was sealed in the district court) is in the public record unless a judge of this court orders it to be sealed.").

[16] *Id.*

[to seal] that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."[17]

The Seventh Circuit's rule is consistent with this Court's statement that "[e]very court has supervisory power over its own records and files . . . ."[18] Indeed, as reflected in Appendix B, a majority of the circuit courts of appeals have adopted local rules or procedures to address the sealing of documents in the appellate records. In contrast to the Seventh Circuit, some circuits have rules providing that records sealed by a district court remain presumptively sealed at the circuit court, barring the appellate court's order otherwise.[19] Other circuits have adopted sealing rules somewhere between the Seventh Circuit's rule and the rules of those circuits that defer to the district courts.[20] A handful of circuits do not appear to have formal procedural rules on sealing, or have rules that address sealing in a more limited manner.[21]

**Sealing practice at the U.S. Supreme Court**

Although the varying circuit rules lack uniformity, each provides practitioners and the public with guidance on the propriety of sealing records before a specific court. The Supreme Court rules — which do not expressly address sealing — provide less direction to parties and likely contribute to inconsistent motion practice before the Court. A few examples illustrate this point.

In some recent motions to seal records in this Court, the movants have relied entirely on the fact that the court below sealed the same records or similar information. The petitioner in *Ogedengbe v. United States*, for example, sought leave to file her petition for

---

[17] *Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 548 (7th Cir. 2002).

[18] *Nixon*, 435 U.S. at 598.

[19] *See, e.g.*, 1st Cir. R. 11.0(c), 4th Cir. R. 25(c); 6th Cir. Internal Operating P. 11(d); 9th Cir. R. 27-13; D.C. Cir. R. 47.1; *see also Bhatia v. City of Shelton*, 362 Fed. App'x 220 (2d Cir. 2010) ("As a general matter, we disfavor sealing in this Court what is a public record in the district court. Whether the document should be sealed should in the first instance be decided in the district court.").

[20] *See, e.g.*, 3d Cir. R. 106.1(a) ("If a party believes a portion of a brief or other document merits treatment under seal, the party must file a motion setting forth with particularity the reasons why sealing is deemed necessary.") and 106.1(c) (some criminal records "impounded" by the district court remain presumptively sealed, while other criminal and civil records will be unsealed after specified period of days unless a party justifies the continued sealing); Fed. Cir. R. 11, 17 (records subject to a trial court or agency protective order remain subject to that order barring modification by Federal Circuit, but the parties must independently certify that "protected portions need to remain protected on appeal"); 11th Cir. R. 25-5.

[21] *See, e.g.*, 8th Cir. R. 25A; 10th Cir. R. 11.3(d).

a writ of certiorari under seal with redacted copies for the public record based on "[t]he fact that the Ninth Circuit deemed it appropriate to file its Memorandum Opinion under seal." The motion asserted that this fact "establishes that good cause exists for this Court to grant petitioner's motion." The Court granted the motion.[22]

Similarly, the motion to seal a petition for writ of certiorari (with a redacted version made publicly available) in *Sealed Petitioner v. United States* stated that the district court sealed the case in 2003, and that the case "remained sealed throughout the appellate proceedings." The motion provided no guidance on why the lower courts sealed the record, and provided no independent arguments for sealing the record in this Court. Indeed, a footnote in the motion states that "Counsel does not have a copy of the original court order sealing this matter. Counsel contacted the district judge's chambers on July 27, 2009 and was advised after a search of the judge's files and the clerk's office case jacket that the order could not be found."[23]

The above motions in *Ogedengbe* and *Sealed Petitioner* at least involved sealing requests in which redacted versions were to be made available to the public. Not all sealing motions contain such provisions. Over the summer, for example, the Court granted a motion to file a petition for writ of certiorari completely under seal in the case of *Verdugo v. United States*. The motion to file the certiorari petition under seal asserted that such sealing was justified because the district and appellate courts had sealed various records, including the briefing, oral argument and the memorandum disposition in the Ninth Circuit. No explanation for the lower courts' sealing decisions was provided, and the petitioner did not offer to file (and this Court's order did not require petitioner to file) a redacted version of the certiorari petition.[24]

In contrast, the Court has pushed back against the practice of filing documents under seal in other recent instances. In *Gomez v. California*, the petitioner sought to file a petition for writ of certiorari under seal because "[a]ll of the courts who have considered this case to this point have sealed records and briefs to the extent they pertain to [an uncharged] murder investigation" related to the certiorari petition. The Court denied the motion to file the petition under seal "without prejudice to filing a renewed motion together with either a redacted petition, or an explanation as to why the petition may not be redacted,

---

[22] Motion of Petitioner for Leave to File a Petition for a Writ of Certiorari Under Seal With Redacted Copies for the Public Record, *Ogedengbe v. United States*, No. 09M47 (Oct. 23, 2009), *motion granted* (Nov. 16, 2009).

[23] Motion of Petitioner for Leave to File a Petition for a Writ of Certiorari Under Seal With Redacted Copies for the Public Record, *Sealed Petitioner v. United States*, No. 09M14 (July 29, 2009), *motion granted* (Oct. 5, 2009).

[24] Motion of Petitioner for Leave to File a Petition for a Writ of Certiorari Under Seal, *Verdugo v. United States*, No. 10M116 (May 28, 2011), *motion granted* (June 27, 2011); *see* Journal of the Supreme Court of the United States 1012 (Oct. 2010 term).

within 30 days."[25] Following the Court's instruction, petitioner filed a renewed motion to file his certiorari petition under seal, with a redacted version to be made available to the public. That motion is currently pending.[26] The Court's Journal indicates that the Court has issued similar orders in two other cases during the 2010 term.[27]

As noted above, the number of Supreme Court cases containing sealed records continues to grow. So do the number of sealing requests. This increase adds more urgency to the need to establish a sealing rule.

We believe our proposed rule meets the two objectives of providing guidance to practitioners and supporting this Court's dedication to open court proceedings. It is far from revolutionary, as the text borrows from the language found in the Seventh Circuit's rule and practice,[28] as well as this Court's language in those orders in which the Court allowed movants to resubmit their sealing motions with redacted copies available to the public.[29] It allows the flexibility necessary to enable this Court to defer to lower court sealing decisions while maintaining an oversight role.

---

[25] Motion of Petitioner for Leave to File a Petition for a Writ of Certiorari Under Seal, *Gomez v. California*, No. 10M112 (May 11, 2011), *motion denied without prejudice* (June 6, 2011).

[26] Renewed Motion of Petitioner for Leave to File a Petition for a Writ of Certiorari Under Seal With Redacted Copies for the Public Record, *Gomez v. California*, No. 10M112 (June 28, 2011).

[27] *C. M. v. W. Va. Dep't of Health & Human Res.*, No. 10M59 (Jan. 10, 2011) (motion to file petition for writ of certiorari under seal denied "without prejudice to filing a renewed motion together with either a redacted petition for writ of certiorari, or an explanation as to why the petition may not be redacted, within 30 days"), *renewed motion granted* (Feb. 28, 2011); *Shiplet v. Vilsack*, No. 10M84 (Mar. 28, 2011) (denying motion to file a petition for writ of certiorari with the supplemental appendix under seal "without prejudice to filing a renewed motion together with either a redacted supplemental appendix, or an explanation as to why the supplemental appendix may not be redacted, within 30 days"), *response filed* (Apr. 25, 2011), *motion granted in part* (June 20, 2011).

[28] *See supra* notes 15–17.

[29] *See supra* notes 25, 27.

We hope that our proposal can begin a dialogue on the proper role of sealed records in the Court. We would be happy to assist the Court in the development or further study of this proposed rule. Please do not hesitate to contact us.

Very truly yours,

The Reporters Committee for Freedom of the Press[30]

Lucy A. Dalglish, Executive Director
Gregg P. Leslie, Legal Defense Director
Derek D. Green, McCormick Legal Fellow

---

[30] The Reporters Committee would like to acknowledge the assistance of law student Emily M. Peterson in researching the Court's docket.

## **Proposed Rule**

The Reporters Committee proposes the adoption of a procedural rule for the submission of sealed records to the Court that accomplishes two objectives: 1) provides clear guidance to practitioners on the requirements for sealing; and 2) ensures consistency with this Court's commitment to open access to court records. The text of the proposed rule is as follows:

### **Rule 29.7 — Sealing Records**

1) *Presumption of Public Record.* Except to the extent portions of the record are required to be sealed by statute (e.g., 18 U.S.C. § 3509(d)) or a rule of procedure (e.g., Fed. R. Crim. P. 6(e)), every document filed in or by this Court (whether or not the document was sealed in the lower court) shall be available to the public for inspection unless ordered by this Court to be sealed.[31]

2) *Motions to Seal.* A motion to seal a record submitted in any case must demonstrate that the need for sealing overcomes the presumption of open access to court records.

   a) If a party seeks to seal a record (or part of a record) on the ground that a court below has sealed that record or information contained therein, the party must submit a copy of the lower court's sealing order, as well as any written explanation provided by that court for the sealing. If this Court determines — after specific, on the record findings are made — that the grounds provided by the lower court for sealing are inadequate, the sealing request will be denied without prejudice to renewing the motion under part (b) of this rule.

   b) If a party seeks to seal a record that was not sealed below (or if this Court determines — after specific, on the record findings are made — that the grounds provided by the lower court for sealing are inadequate), the party must provide a detailed description of the compelling governmental interest to be furthered by sealing, and the reasons why such an interest overrides the presumption of openness in the particular record.[32]

---

[31] *Compare* 7th Cir. Internal Operating P. 10(a).

[32] We submit that the constitutional right of access to court proceedings recognized in *Globe Newspaper Co.*, *Press-Enterprise I and II*, *supra*, and other decisions should apply to the records submitted to the Supreme Court in both civil and criminal cases. We recognize, however, that this Court has not expressly ruled on whether the First Amendment right of access extends to civil or appellate proceedings. *Cf., e.g.*, *Richmond Newspapers, Inc.*, 448 U.S. at 580 n.17 ("Whether the public has a right to attend trials of civil cases is a question not raised by this case, but we note that historically both civil and criminal trials have been presumptively open.").

c)  A sealing request must be narrowly tailored. Requests to seal entire documents and briefs without providing a redacted copy to the public are disfavored. Any motion to seal a record that does not include a proposal to file a redacted public version must demonstrate why a public version cannot be filed.

d)  Documents that are the subject of a motion to seal shall be temporarily withheld from the public, pending resolution of the motion to seal.

# Appendix A
## Court orders regarding sealing of records:
## October 1993, October 2008, October 2009 and October 2010 Terms

**October 1993 term[1]**
**-6 cases identified involving sealing matters; sealing allowed in 2 cases**

*United States Department of Defense v. Meinhold*, No. A-373, Journal of the Supreme Court of the United States 215 (Oct. Term 1993) ("It is further ordered that the Government can file, under seal, any such documents pending the final outcome of this litigation.").

*Kennedy v. United States*, No. __, Journal of the Supreme Court of the United States 217-18 (Oct. Term 1993) ("The motion of petitioner for a writ of certiorari under seal is denied. The motion of the Solicitor General for leave to file a response under seal is dismissed as moot.").

*Digital Equip. Corp. v. Desktop Direct, Inc.*, No. 93-405, Journal of the Supreme Court of the United States 405 (Oct. Term 1993) ("The motion of petitioner for leave to file one volume of the joint appendix under seal is granted.").

*Ruiz v. United States*, No. __, Journal of the Supreme Court of the United States 513 (Oct. Term 1993) (motion for leave to file a petition for a writ of certiorari under seal is "denied without prejudice to petitioner filing a new motion accompanied by a redacted petition for a writ of certiorari.").

*Dingle v. United States*, No. ___, Journal of the Supreme Court of the United States 513 (Oct. Term 1993) ("The motion of petitioner for leave to file a petition for a writ of certiorari under seal and with a public copy with confidential material deleted is denied.")

*Roe v. Louisiana Supreme Court*, No. 93-1878, Journal of the Supreme Court of the United States 977 (Oct. Term 1993) ("The motion of the petitioner to direct that the response to the petition and the lodging be placed under seal is denied.").

---

[1] As compiled through a search of the Journal of the Supreme Court of the United States (Oct. Term 1993), available at http://www.supremecourt.gov/orders/journal/jnl93.pdf

**October 2008 term[2]**
**-18 cases identified involving sealing matters; sealing allowed in 18 cases**

*Cairns v. Johnson*, No. 07M76, Journal of the Supreme Court of the United States Journal 2 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Sealed Appellant v. United States*, No. 08M9, Journal of the Supreme Court of the United States 3 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Tucker v. United States*, No. 07M79, Journal of the Supreme Court of the United States 3 (Oct. Term 2008) ("Motion for leave to a file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Chambers v. United States*, No. 06-11206, Journal of the Supreme Court of the United States 4 (Oct. Term 2008) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*USEC Inc. v. Eurodif S.A.*, No. 07-1078 and *United States v. Eurodif S.A.*, No. 07-1059, Journal of the Supreme Court of the United States 5 (Oct. Term 2008) ("Motion of the Acting Solicitor General for leave to file two volumes of the joint appendix under seal granted.").

*Winter v. Natural Res. Def. Council, Inc.*, No. 07-1239, Journal of the Supreme Court of the United States 5 (Oct. Term 2008) ("Motion of the Acting Solicitor General for leave to file one volume of the joint appendix under seal granted.").

*Banks v. United States*, No. 08M31, Journal of the Supreme Court of the United States 323 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Turner v. United States*, No. 08M26, Journal of the Supreme Court of the United States 323 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Puckett v. United States*, No. 07-9712, Journal of the Supreme Court of the United States 528 (Oct. Term 2008) ("Motion of the parties for leave to file Volume II of the joint appendix under seal granted.").

*Dean v. United States*, No. 08-5274, Journal of the Supreme Court of the United States 528 (Oct. Term 2008) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

---

[2] As compiled through a search of the Journal of the Supreme Court of the United States (Oct. Term 2008), available at http://www.supremecourt.gov/orders/journal/jnl08.pdf

*Golden Bridge Tech. Inc. v. Motorola Inc.*, No. 08M61, Journal of the Supreme Court of the United States 528 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*McNeese v. United States*, No. 08M67, Journal of the Supreme Court of the United States 642 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Pella Corp. v. Andersen Corp.*, No. 08-1209, Journal of the Supreme Court of the United States 916 (Oct. Term 2008) ("Motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Pietrangelo v. Gates*, No. 08-824, Journal of the Supreme Court of the United States 935 (Oct. Term 2008) ("Motion of petitioner to seal Attachment A to the motion to strike granted. Motion of the Cook respondents to withdraw the brief filed January 26, 2009, granted.")

*Sealed Petitioner v. United States*, No. 08M88, Journal of the Supreme Court of the United States 1002 (Oct. Term 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Johnson v. United States*, No. 08-6925, Journal of the Supreme Court of the United States 1029 (Oct. Term 2008) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Graham v. Florida*, No. 08-7412, Journal of the Supreme Court of the United States 1056 (Oct. Term 2008) ("Motion of petitioner for leave to file Volume III of the joint appendix under seal granted.").

**October 2009 term[3]**
**-19 cases identified involving sealing matters; sealing allowed in 14 cases**

*Moore v. Adventist Health System/Georgia Inc.*, No. 09M3, Journal of the Supreme Court of the United States 2 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Lacen-Berrios v. United States*, No. 09M6, Journal of the Supreme Court of the United States 2 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Sealed Petitioner v. United States*, No. 09M14, Journal of the Supreme Court of the United States 3 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Sealed Petitioners v. United States*, No. 09M15, Journal of the Supreme Court of the United States 3 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Wahi v. Charleston Area Med. Center*, No. 09M30, Journal of the Supreme Court of the United States 181 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*In Re. Al-Ghizzawi*, No. 09M38, Journal of the Supreme Court of the United States 241 (Oct. Term 2009) ("Motion for leave to file a petition for writ of habeas corpus under seal granted.")

*Nitro Distributing, Inc. v. Alticor, Inc.*, No. 09M39, Journal of the Supreme Court of the United States 241 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Ogedengbe v. United States*, No. 09M47, Journal of the Supreme Court of the United States 299 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Ogedengbe v. United States*, No. 09M50, Journal of the Supreme Court of the United States 300 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*In Re. Chekkouri*, No. 09–7659, Journal of the Supreme Court of the United States 458 (Oct. Term 2009). ("Motion of petitioner to unseal pleadings before this Court denied. Petition for writ of habeas corpus denied.")

---

[3] As compiled through a search of the Journal of the Supreme Court of the United States (Oct. Term 2009), available at http://www.supremecourt.gov/orders/journal/jnl09.pdf

*Williams v. United States District Court*, No. 09M70, Journal of the Supreme Court of the United States 543-44 (Oct. Term 2009) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.")

*Skilling v. United States*, No. 08-1394, Journal of the Supreme Court of the United States 544 (Oct. Term 2009) ("Motion of petitioner for leave to file a supplemental volume of the joint appendix under seal granted.")

*Dillon v. United States*, No. 09-6338, Journal of the Supreme Court of the United States 592 (Oct. Term 2009) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.")

*Jones v. United States*, No. 09M73, Journal of the Supreme Court of the United States 625 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*Bishop v. Dep't Disciplinary Comm.*, No. 09M78, Journal of the Supreme Court of the United States 647 (Oct. Term 2009) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.")

*Brown v. United States*, No. 09-8548, Journal of the Supreme Court of the United States 675 (Oct. Term 2009) ("Motion of petitioner to seal the petition for writ of certiorari denied.")

*Doe v. Duncan*, No. 09M81, Journal of the Supreme Court of the United States 689 (Oct. Term 2009 ("Motion for leave to proceed *in forma pauperis* with declaration of indigency under seal denied.")

*In re Jane Doe*, No. 09M91, Journal of the Supreme Court of the United States 807 (Oct. Term 2009) ("Motion for leave to file a petition for writ of habeas corpus under seal with redacted copies for the public record denied.")

*Sealed Petitioner v. United States*, No. 09M106, Journal of the Supreme Court of the United States 976 (Oct. Term 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

**October 2010 term (to date)**[4]
**-28 cases identified involving sealing matters; sealing allowed in 24 cases (including 2 in which initial motions to seal were denied)**

*Ameziane v. Obama*, No. 10M16, Journal of the Supreme Court of the United States 4 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal granted."), and No. 10-447, *id.* at 689 ("Motion of respondents for leave to file a brief in opposition under seal granted. Motion of petitioner for leave to file a reply brief under seal granted.").

*Aranda v. United States*, No. 10M24, Journal of the Supreme Court of the United States 5 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Valle v. United States*, No. 10M26, Journal of the Supreme Court of the United States 5 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Pepper v. United States*, No. 09-6822, Journal of the Supreme Court of the United States 7 (Oct. Term 2010) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*Constant v. Doe*, No. 09-11327, Journal of the Supreme Court of the United States 155 (Oct. Term 2010) ("Motion of respondents to seal the petition for writ of certiorari and to substitute a redacted version for the public record granted.").

*In re Grand Jury Proceedings*, No. 10M38, Journal of the Supreme Court of the United States 221 (Oct. Term 2010) (2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted."), and No. 10-512, *id.* at 331 ("Motion of petitioners to unseal the petition for writ of certiorari denied.").

*Rodriguez v. United States*, No. 10M40, Journal of the Supreme Court of the United States 221 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Brewer v. Landrigan*, No 10A416, Journal of the Supreme Court of the United States 253 (Oct. Term 2010) ("Motion to file documents under seal denied as moot.")

*Mohammed v. Obama*, No. 10M51, Journal of the Supreme Court of the United States 389 (Oct. Term 2010) ("Motion for leave to a file a petition for writ of certiorari under seal granted.").

*Sadiq K. v. Maine Dep't of Health and Human Servs.*, No. 10M54, Journal of the Supreme Court of the United States 411 (Oct. Term 2010) ("Motion for leave to file a petition for writ of

[4] As compiled through a search of the Journal of the Supreme Court of the United States (Oct. Term 2010), available at http://www.supremecourt.gov/orders/journal/jnl10.pdf

certiorari under seal granted."), and No. 10-7925, *id.* at 788 ("Motion of respondent for leave to file brief in opposition under seal granted.")

*Sykes v. United States*, No. 09-11311, Journal of the Supreme Court of the United States 433 (Oct. Term 2010) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*Freeman v. United States*, No. 09-10245, Journal of the Supreme Court of the United States 437 (Oct. Term 2010) ("Motion of petitioner for leave to file a volume of the joint appendix under seal granted.").

*Mallo v. W. Va. Dep't of Health and Human Res.*, No. 10M59, Journal of the Supreme Court of the United States 437 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with either a redacted petition for writ of certiorari, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted sub nom. C.M. v. W. Va. Dep't of Health and Human Res.*, Journal of the Supreme Court of the United States 621 (Oct. Term 2010).

*Avid Identification Sys. v. The Crystal Imp. Corp.*, No. 10-509, Journal of the Supreme Court of the United States 473 (Oct. Term 2010) ("Motion of Allflex U.S.A., Inc. for leave to file a brief as *amicus curiae* under seal with redacted copies for the public record granted.").

*Sealed Appellant v. Sealed Appellee*, No. 10M70, Journal of the Supreme Court of the United States 561 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Doe v. United States*, No. 10M77, Journal of the Supreme Court of the United States 622 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Tapia v. United States*, No. 10-5400, Journal of the Supreme Court of the United States 646 (Oct. Term 2010) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*McNeill v. United States*, No. 10-5258, Journal of the Supreme Court of the United States 670 (Oct. Term 2010) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Juvenile Male v. United States*, No. 10M87, Journal of the Supreme Court of the United States 670 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*White & Case LLP v. United States*, No. 10M88, Journal of the Supreme Court of the United States 670 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Shiplet v. Vilsack*, No. 10M84, Journal of the Supreme Court of the United States 705 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal denied without prejudice to filing a renewed motion together with either a redacted supplemental appendix, or an explanation as to why the supplemental appendix may not be redacted, within 30 days."), *and id.* at 983 ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted, except that the order of May 15, 2009, shall be placed in the public record.").

*Nossaman LLP v. United States*, No. 10M91, Journal of the Supreme Court of the United States 705 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Burns v. Commissioner of Revenue of Minnesota*, No. 10M98, Journal of the Supreme Court of the United States 764 (Oct. Term 2010) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency filed under seal denied.").

*In re. Burns*, No. 10M99, Journal of the Supreme Court of the United States 764 (Oct. Term 2010) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency filed under seal denied.")

*Kiyemba v. Obama*, No. 10-775, Journal of the Supreme Court of the United States 787 (Oct. Term 2010) ("Motion of petitioners for leave to file a supplemental brief under seal granted.").

*Gomez v. California*, No. 10M112, Journal of the Supreme Court of the United States 933 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with either a redacted petition, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion filed* (June 28, 2011) *and pending*.

*Sealed Defendant v. United States*, 10M111, Journal of the Supreme Court of the United States 933 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Verdugo v. United States*, No. 10M116, Journal of the Supreme Court of the United States 1012 (Oct. Term 2010) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

# Appendix B

# Circuit Rules and Procedures on Sealing

**First Circuit**

**1st Cir. L.R 11.0. Transmission of the Record, Sealed Documents**

. . .

**(c) Sealed Materials.**

(1) **Materials Sealed by District Court or Agency Order.** The court of appeals expects that ordinarily motions to seal all or part of a district court or agency record will be presented to, and resolved by, the lower court or agency. Motions, briefs, transcripts, and other materials which were filed with the district court or agency under seal and which constitute part of the record transmitted to the court of appeals shall be clearly labeled as sealed when transmitted to the court of appeals and will remain under seal until further order of court.

(2) **Motions to Seal in the Court of Appeals.** In order to seal in the court of appeals materials not already sealed in the district court or agency (e.g., a brief or unsealed portion of the record), a motion to seal must be filed in paper form in the court of appeals; parties cannot seal otherwise public documents merely by agreement or by labeling them "sealed." A motion to seal, which should not itself be filed under seal, must explain the basis for sealing and specify the desired duration of the sealing order. If discussion of confidential material is necessary to support the motion to seal, that discussion shall be confined to an affidavit or declaration, which may be filed provisionally under seal. A motion to seal may be filed before the sealed material is submitted or, alternatively the item to be sealed (e.g., the brief) may be tendered with the motion and, upon request, will be accepted provisionally under seal, subject to the court's subsequent ruling on the motion. Material submitted by a party under seal, provisionally or otherwise must be stamped or labeled by the party on the cover "FILED UNDER SEAL." If the court of appeals denies the movant's motion to seal, any materials tendered under provisional seal will be returned to the movant. Motions to seal or sealed documents should never be filed electronically. See Administrative Order Regarding Case Management/Electronic Case Files System.

(3) **Limiting Sealed Filings**. Rather than automatically requesting the sealing of an entire brief, motion, or other filing, litigants should consider whether argument relating to sealed materials may be contained in separate supplemental brief, motion, or filing, which may then be sealed in accordance with the procedures in subsection (2).

**(d) References to Sealed Materials.**

(1) Records or materials sealed by district court, court of appeals, or agency order shall not be included in the regular appendix, but may be submitted in a separate, sealed supplemental volume of appendix. The sealed supplemental volume must be clearly and prominently labeled by the party on the cover "FILED UNDER SEAL."

(2) In addressing material under seal in an unsealed brief or motion or oral argument counsel are expected not to disclose the substance of the sealed material and to apprise the court that the material in question is sealed. If the record contains sealed materials of a sensitive character, counsel would be well advised to alert the court to the existence of such materials and their

location by a footnote appended to the "Statement of Facts" caption in the opening or answering brief.

**1st Cir. L.R. 28.1. References in Briefs to Sealed Material**

Briefs filed with the court of appeals are a matter of public record. In order to have a brief sealed, counsel must file a specific and timely motion in compliance with Local Rule 11.0(c)(2) and (3) asking the court to seal a brief or supplemental brief. Counsel must also comply with Local Rule 11.0(d), when applicable.

**1st Cir. L.R. 30.0. Appendix to the Briefs**

. . .

**(g) Inclusion of Sealed Material in Appendices.** Appendices filed with the court of appeals are a matter of public record. If counsel conclude that it is necessary to include sealed material in appendix form, then, in order to maintain the confidentiality of materials filed in the district court or agency under seal, counsel must designate the sealed material for inclusion in a supplemental appendix to be filed separately from the regular appendix and must file a specific and timely motion in compliance with Local Rules 11.0(c)(2), 11.0(c)(3), and 11.0(d) asking the court to seal the supplemental appendix.

*See also* 1st Cir. L.R. 28.0; 1sr Cir. Admin. Order Re. CM/ECF Rules 1, 7

<u>**Second Circuit**</u>

**2nd Cir. L.R. 25.1(j)**

. . .

(2) Sealed Documents. A sealed document or a document that is the subject of a motion to seal is exempt from the electronic filing requirement and must be filed with the clerk in the manner the court determines.

<u>**Third Circuit**</u>

**L.A.R. MISC. 106.0 FILING OF DOCUMENTS UNDER SEAL**

**106.1 Necessity; Grand Jury Matters; Previously Impounded Records; Unsealing**

(a) Generally. With the exception of matters relating to grand jury investigations, filing of documents under seal without prior court approval is discouraged. If a party believes a portion of a brief or other document merits treatment under seal, the party must file a motion setting forth with particularity the reasons why sealing is deemed necessary. Any other party may file objections, if any, within 7 days. A motion to seal must explain the basis for sealing and specify the desired duration of the sealing order. If discussion of confidential material is necessary to support the motion to seal, the motion may be filed provisionally under seal. Rather than automatically requesting the sealing of an entire brief, motion, or other filing, litigants should consider whether argument relating to sealed materials may be contained in a separate sealed supplemental brief, motion or filings. Sealed documents must not be included in a regular appendix, but may be submitted in a separate, sealed volume of the appendix. In addressing material under seal (except for the presentencing report) in an unsealed brief or motion or oral

argument counsel are expected not to disclose the nature of the sealed material and to apprise the court that the material is sealed.

(b) Grand Jury Matters. In matters relating to grand jury investigations, when there is inadequate time for a party to file a motion requesting permission to file documents under seal, the party may file briefs and other documents using initials or a John or Jane Doe designation to avoid disclosure of the identity of the applicant or the subject matter of the grand jury investigation. Promptly thereafter, the party must file a motion requesting permission to use such a designation. All responsive briefs and other documents must follow the same format until further order of the court.

(c) Records Impounded in the District Court.

(1) Criminal Cases and Cases Collaterally Attacking Convictions. Grand jury materials protected by Fed. R. Crim. P. 6(c), presentence reports, statements of reasons for the sentence and any other similar material in a criminal case or a case collaterally attacking a conviction (cases under 28 U.S.C. §§ 2241, 2254, 2255), which were filed with the district court under seal pursuant to statute, rule or an order of impoundment, and which constitute part of the record transmitted to this court, remain subject to the district court's impoundment order and will be placed under seal by the clerk of this court until further order of this court. In cases in which impounded documents other than grand jury materials, presentence reports, statements of reasons for the sentence, or other documents required to be sealed by statute or rule, are included in the record transmitted to this court under L.A.R. 11.2, the party seeking to have the document sealed must file a motion within 21 days of receiving notice of the docketing of the appeal in this court, explaining the basis for sealing and specifying the desired duration of the sealing order. If discussion of confidential material is necessary to support the motion to seal, the motion may be filed provisionally under seal.

(2) Civil Cases. When the district court impounds part or all of the documents in a civil case, they will remain under seal in this court for 30 days after the filing of the notice of appeal to give counsel an opportunity to file a motion to continue the impoundment, setting forth the reasons therefor. A motion to continue impoundment must explain the basis for sealing and specify the desired duration of the sealing order. If the motion does not specify a date, the documents will be unsealed, without notice to the parties, five years after conclusion of the case. If discussion of confidential material is necessary to support the motion to seal, the motion may be filed provisionally under seal. If a motion to continue impoundment is filed, the documents will remain sealed until further order of this court.

Source: 1988 Court Rule 21.3

Cross-references: 3d Cir. L.A.R. 30.3

Committee Comments: Prior Court Rule 21.3 has no counterpart in FRAP and is therefore classified as Miscellaneous. The rule has been revised to place an affirmative obligation to file a motion on the party in a civil matter who wishes to continue the sealing of documents on appeal. The archiving center will not accept sealed documents, which presents storage problems for the court. The rule has been amended to require the parties to specify how long documents must be kept under seal after the case is closed. The rule was amended in 2008 to provide that unless otherwise specified, documents in civil cases would remain sealed only for five years.

*See also* 3d Cir. L.A.R. 30.3 (Contents of Appendix); 113 (Electronic Filing)

## Fourth Circuit

4th Cir. L.R. 25(c) Confidential and Sealed Materials.

(1) Certificates of Confidentiality. At the time of filing any appendix, brief, motion, or other document containing or otherwise disclosing materials held under seal by another court or agency, counsel or a pro se party shall file a certificate of confidentiality.

(A) Record material held under seal by another court or agency remains subject to that seal on appeal unless modified or amended by the Court of Appeals.

(B) A certificate of confidentiality must accompany any filing which contains or would otherwise disclose sealed materials. The certificate of confidentiality shall:

(i) identify the sealed material;

(ii) list the dates of the orders sealing the material or, if there is no order, the lower court or agency's general authority to treat the material as sealed;

(iii) specify the terms of the protective order governing the information; and

(iv) identify the appellate document that contains the sealed information.

(2) Motions to Seal. Motions to seal all or any part of the record are presented to and resolved by the lower court or agency in accordance with applicable law during the course of trial, hearing, or other proceedings below.

(A) A motion to seal may be filed with the Court of Appeals when:

(i) a change in circumstances occurs during the pendency of an appeal that warrants reconsideration of a sealing issue decided below;

(ii) the need to seal all or part of the record on appeal arises in the first instance during the pendency of an appeal; or

(iii) additional material filed for the first time on appeal warrants sealing.

(B) Any motion to seal filed with the Court of Appeals shall:

(i) identify with specificity the documents or portions thereof for which sealing is requested;

(ii) state the reasons why sealing is necessary;

(iii) explain why a less drastic alternative to sealing will not afford adequate protection; and

(iv) state the period of time the party seeks to have the material maintained under seal and how the material is to be handled upon unsealing.

(C) A motion to seal filed with the Court of Appeals will be placed on the public docket for at least 5 days before the Court rules on the motion, but the materials subject to a motion to seal will be held under seal pending the Court's disposition of the motion.

(3) Filing of Confidential and Sealed Material.

(A) Appendices: When sealed material is included in the appendix, it must be segregated from other portions of the appendix and filed in a separate, sealed volume of the appendix.

(B) Briefs, Motions, and Other Documents: When sealed material is included in a brief, motion, or any document other than an appendix, two versions of the document must be filed:

(i) a complete version under seal in which the sealed material has been distinctively marked and

(ii) a redacted version of the same document for the public file.

(C) Personal Data Identifying Information: Personal data identifying information, such as an individual's social security number, an individual's tax identification number, a minor's name, a person's birth date, a financial account number, and (in a criminal case) a person's home address, shall be filed in accordance with section 205(c)(3) of the E-Government Act of 2002 and FRAP 25(a)(5).

(D) Marking of Sealed and Ex Parte Material: The first page of any appendix, brief, motion, or other document tendered or filed under seal shall be conspicuously marked SEALED and all copies shall be placed in an envelope marked SEALED. If filed ex parte, the first page and the envelope shall also be marked EX PARTE.

(E) Method of Filing:

(i) Appendices: Appendices are filed in paper form only, with sealed material placed in a separate, sealed volume, accompanied by a certificate of confidentiality or motion to seal. A Notice of paper filing and either a certificate of confidentiality or a motion to seal are filed in electronic form.

(ii) Formal Briefs: The sealed and public versions of formal briefs are filed in both paper and electronic form. The sealed version is accompanied by a certificate of confidentiality or motion to seal, that is also filed in both paper and electronic form. The electronic sealed version of the brief is filed using the entry SEALED BRIEF FILED, which automatically restricts electronic access to the Court. The electronic public version of the brief is filed using the entry BRIEF FILED.

(iii) Other Documents: Any other sealed document is filed electronically using the entry SEALED DOCUMENT FILED, which automatically restricts electronic access to the Court. A certificate of confidentiality or motion to seal is also filed electronically. If filed electronically, paper copies of the sealed document are not required unless requested by the Court.

(F) Number of Paper Copies Filed and Served: Sealed documents must be served in paper form because electronic access to sealed documents is restricted to the Court.

(i) Appendices: Sealed volumes – File four and serve one on each party separately represented. Unsealed volumes – File six (five if counsel was appointed, four if party is proceeding in forma pauperis without appointed counsel) and serve one on each party separately represented.

(ii) Formal Briefs: Sealed version -- File four and serve one on each party separately represented. Public version -- File eight (six if counsel was appointed, four if party is proceeding in forma pauperis without appointed counsel).

(iii) Other Documents: Sealed version -- File one (none if filed electronically) and serve one paper copy on each party separately represented. Public version -- File one (none if filed electronically).

(G) Responsibility for Compliance: The responsibility for following the required procedures in filing confidential and sealed material rests solely with counsel and the parties. The clerk will not review each filing for compliance with this rule.

(H) Public Access: Parties must remember that any personal information not otherwise protected by sealing or redaction may be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the Court.

*See also* 4th Cir. L.R. 30(b) (Appendix Contents); L.R. 31(d) (Number of Copies of Brief); I.O.P. 34.3 (Audio Files)


## Fifth Circuit

**5th Cir. L.R. 25.2. Electronic Case Filing Procedures.**

. . .

**25.2.8** Sealed Documents. A Filing User may move to file documents under seal in electronic form if permitted by law, and as authorized in the court's electronic filing standards. The court's order authorizing or denying the electronic filing of documents under seal may be filed electronically. Documents ordered placed under seal may be filed traditionally in paper or electronically, as authorized by the court. If filed traditionally, a paper copy of the authorizing order must be attached to the documents under seal and delivered to the clerk.

. . .

**25.2.13 Public Access/Redaction of Personal Identifiers**. Parties must refrain from including, or must partially redact where inclusion is necessary, certain personal data identifiers whether filed electronically or in paper form as prescribed in FED. R. APP. P. 25,FED. R. CIV. P. 5.2(a), and FED. R. CRIM. P. 49.1. Responsibility for complying with the rules and redacting personal identifiers rests solely with counsel. The parties or their counsel may be required to certify compliance with these rules. The clerk will not review pleadings, and is not responsible for data redaction.

Parties wishing to file a document containing the personal data identifiers referenced above may:

> file an un-redacted version of the document under seal, or

> file a reference list under seal. The list must contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifier. The reference list must be filed under seal, and may be amended as of right.

The court will retain the un-redacted version of the document or the reference list as part of the record. The court may require the party to file a redacted copy for the public file.

*See also* 5th Cir. L.R. 47.10 (Rule Governing Appeals Raising Sentencing Guidelines Issues)

## Sixth Circuit

## 6th Cir. I.O.P. 11 Transmission of the Record on Appeal

. . .

(d) **Sealed Records.** Where a record has been transmitted to this court which has been sealed, in whole or in part, by order or other direction of the district court, this court will accord the record the same confidential treatment during the pendency of the appeal. The sealed item(s) will be unsealed and made a part of the public record only upon the order of the district court or this court.

> COMMITTEE NOTE: (a)(1) - former I.O.P. 14; (a)(2) - former I.O.P. 11; (c) - former I.O.P. 9; (d) -former I.O.P. 14.1.

## 6th Cir. R. 28 Briefs

. . .

(g) **Briefs as Public Record.** Briefs filed with this court are a matter of public record. If counsel finds it necessary to refer in a brief to information that has been placed under seal, counsel should not assume that the brief itself also will be placed under seal. In order to have all or part of a brief sealed, counsel must file a specific and timely motion seeking such relief.

## 6th Cir. R. 30 Appendix to the Briefs; Designation of Relevant District Court Documents

. . .

(f) **Contents of the Appendix.**

(5) **Inclusion of Sealed Record Items.** If in counsel's opinion it is necessary to include sealed items, a copy of the sealed item(s) must be placed in a separate sealed envelope and filed with the clerk. An appropriate notation on the cover of the envelope should specify the nature of the sealed enclosure. The balance of the appendix will be treated as part of the public record. The sealed item will not. Counsel is cautioned against attempting to use this procedure to hold out of public view items not previously sealed by order of either the district court or this court. That relief can be had only by way of a timely motion specifically requesting that relief.

*See also* 6th Cir. R. 25 (Filing); 6th Cir. R. 46 (Attorneys); 6th Cir. Guide to Electronic Filing

## Seventh Circuit

## 7th Cir. I.O.P. 10. Sealing Portions of the Record

*(a) Requirement of Judicial Approval*. Except to the extent portions of the record are required to be sealed by statute (e.g., 18 U.S.C. §3509(d)) or a rule of procedure (e.g., Fed. R. Crim. P. 6(e), Circuit Rule 26.1(b)), every document filed in or by this court (whether or not the document was sealed in the district court) is in the public record unless a judge of this court orders it to be sealed.

*(b) Delay in Disclosure.* Documents sealed in the district court will be maintained under seal in this court for 14 days, to afford time to request the approval required by section (a) of this procedure.

*See also* 7th Cir. R. 10 (Preparation of Record in District Court Appeals); 26.1 (Disclosure Statements)

## Eighth Circuit

### 8th Cir. R. 25A: Electronic (CM/ECF) and Facsimile Filing; Electronic Filing and Service

. . .

Rule 25A(g) Sealed Documents: Sealed documents must only be filed in paper format. Motions for permission to file a document under seal must also be filed in paper format. The motion should state whether the filing party believes the motion to seal may be made publically available on PACER or should remain sealed.

Rule 25A(h) Privacy: In compliance with the privacy policies of the Judicial Conference of the United States and in order to address the privacy concerns created by Internet access to court documents, parties must refrain from including, or must partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court:

1. Minors' names (use initials only);
2. Social Security numbers (use last four digits only);
3. Dates of birth (use year of birth only);
4. Financial account numbers (identify the type of account and institution and provide the last four digits of the account number); and
5. Home address information (use phrases such as the "4000 block of Elm").
6. The Addendum to a criminal brief must not include the Statement of Reasons or other confidential sentencing materials.

## Ninth Circuit

### 9th Cir. R. 27-13. Sealed Documents; Motions to Seal.

(a) Procedures. Sealed documents, notifications under subsection (b), and motions under subsection (c) of this rule must be filed in paper format.

(b) Filing under Seal. If the filing of any specific document or part of a document under seal is required by statute or a protective order entered below, the filing party shall file the materials or affected parts under seal together with an unsealed and separately captioned notification setting forth the reasons the sealing is required. Notification as to the necessity to seal based on the entry of a protective order shall be accompanied by a copy of the order. Any document filed under seal shall have prominently indicated on its cover and first page the words "under seal."

(c) Motions to Seal. A motion to seal may be made on any grounds permitted by law. Any motion to file a brief, excerpts of record, or other material under seal shall be filed simultaneously with the relevant document, which may be filed provisionally under seal. The motion shall indicate whether the party wishes to withhold from public disclosure

any specific information, such as the names of the parties, and shall state whether the motion itself as well as the referenced materials should be maintained under seal. The document will remain sealed on a provisional basis until the court rules on the motion. Unless otherwise requested in the motion or stated in the order, the seal will not preclude court staff from viewing sealed materials.

(d) Motions to Unseal. A motion to unseal may be made on any grounds permitted by law. During the pendency of an appeal, any party may file a motion with this court requesting that matters filed under seal either in the district court or this court be unsealed. Any motion shall be served on all parties.

*Circuit Advisory Committee Note to Rule 27-13: Absent an order to the contrary, any portion of the district court or agency record that was sealed below shall remain under seal upon transmittal to this court.*

*See also* Circuit Advisory Committee Notes to Rule 3-5 (Procedure for Recalcitrant Witness Appeals) and 36-1 to 36-5; 9th Cir. R. 25-5 (Electronic Filing); 9th Cir. R. 30-1.10 (Presentence Reports);

## Tenth Circuit

### 10th Cir. R. 11.3: Form of record

. . .

### (D) Sealed Materials

(1) When materials sealed by district court order are sent as part of the record, the district clerk must:
    a. Separate the sealed materials from other portions of the record;
    b. Enclose them in an envelope clearly marked "Sealed" if forwarded in hard copy or identify them as sealed in a separate electronic volume when transmitted; and
    c. Affix a copy of the sealing order to the outside of the envelope if the sealed material is not available electronically.
(2) A party who needs to view a sealed document must file a motion giving the reasons why access is required.

### (E) Presentence investigation reports.

Presentence reports are confidential. If a presentence report needs to be sent as part of the record on appeal, the district clerk must treat it like sealed material under (D).

### 10th Cir. R. 30

### 30.1 Appellant's appendix.

. . .

(C)(4) Sealed documents. Copies of documents under seal in the district court, such as presentence reports, should be filed in a separate volume, under seal.

*See also* 10th Cir. R. 11.4 (Electronic submission)

**Eleventh Circuit**

**11th Cir. R. 25-5. Maintaining Privacy of Personal Data**

In order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the court.

> a. Social Security numbers and Taxpayer Identification numbers. If an individual's social security number or taxpayer identification number must be included in a pleading, only the last four digits of that number should be used.
> b. Names of minor children. If the involvement of a minor child must be mentioned, only the initials of that child should be used. For purposes of this rule, a minor child is any person under the age of eighteen years, unless otherwise provided by statute or court order.
> c. Dates of birth. If an individual's date of birth must be included in a pleading, only the year should be used.
> d. Financial account numbers. If financial account numbers are relevant, only the last four digits of these numbers should be used.
> e. Home addresses. If a home address must be included, only the city and state should be used.

Subject to the exemptions from the redaction requirement contained in the Federal Rules of Civil, Criminal, and Bankruptcy Procedure, as made applicable to the courts of appeals through FRAP 25(a)(5), a party filing a document containing the personal data identifiers listed above shall file a redacted document for the public file and either:

(1) a reference list under seal. The reference list shall contain the complete personal data identifier and the redacted identifier used in its place in the redacted filing. All references in the filing to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifiers. The reference list must be filed under seal, may be amended as of right, and shall be retained by the court as part of the record. A motion to file the reference list under seal is not required. Or

(2) an unredacted document under seal, along with a motion to file the unredacted document under seal specifying the type of personal data identifier included in the document and why the party believes that including it in the document is necessary or relevant. If permitted to be filed, both the redacted and unredacted documents shall be retained by the court as part of the record.

The responsibility for redacting these personal data identifiers rests solely with counsel and the parties. The clerk will not review each pleading for compliance with this rule. A person waives the protection of this rule as to the person's own information by filing it without redaction and not under seal.

Consistent with FRAP 25(a)(5), electronic public access is not provided to pleadings filed with the court in social security appeals and immigration appeals. Therefore, parties in social security appeals and immigration appeals are exempt from the requirements of this rule.

In addition to the foregoing, a party should exercise caution when filing a document that contains any of the following information. A party filing a redacted document that contains any of the

following information must comply with the rules for filing an unredacted document as described in numbered paragraph (2) above.

- Personal identifying number, such as driver's license number;
- medical records, treatment and diagnosis;
- employment history;
- individual financial information;
- proprietary or trade secret information;
- information regarding an individual's cooperation with the government;
- national security information;
- sensitive security information as described in 49 U.S.C. § 114(s).
- 

**11th Cir. R. 25-6 Court Action with Respect to Impermissible Language or Information in Filings.**

(a) When any paper filed with the court, including motions and briefs, contains:

(1) *ad hominem* or defamatory language; or

(2) information the public disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or

(3) information the public disclosure of which would violate legally protected interests,

the court on motion of a party or on its own motion, may without prior notice take appropriate action.

(b) The appropriate action the court may take in the circumstances described above includes ordering that: the document be sealed; specified language or information be stricken from the document; the document be struck from the record; the clerk be directed to remove the document from electronic public access; that the party who filed the document explain why including the specified language or disclosing specified information in the document is relevant, necessary, and appropriate or file a redacted or replacement document.

(c) When the court takes such action under this rule without prior notice, the party may within 14 days from the date the court order is issued file a motion to restore language, information, or a document without alteration, setting forth with particularity any reasons why the action taken by the court is unwarranted. The timely filing of a motion to restore language, information, or a document will postpone the due date for filing any redacted or replacement document until the court rules on the motion.

**D.C. Circuit**

**D.C. Cir. R. 47.1**

Matters Under Seal

(a) Case with Record Under Seal. Any portion of the record that was placed under seal in the district court or before an agency remains under seal in this court unless otherwise ordered.

Parties and their counsel are responsible for assuring that materials under seal remain under seal and are not publicly disclosed.

(b) Agreement to Unseal. In any case in which the record in the district court or before an agency is under seal in whole or in part and a notice of appeal or petition for review has been filed, each party must promptly review the record to determine whether any portions of the record under seal need to remain under seal on appeal. If a party determines that some portion should be unsealed, that party must seek an agreement on the unsealing. Such agreement must be presented promptly to the district court or agency for its consideration and issuance of an appropriate order.

(c) Motion to Unseal. A party or any other interested person may move at any time to unseal any portion of the record in this court, including confidential briefs or appendices filed under this rule. On appeals from the district court, the motion will ordinarily be referred to the district court, and, if necessary, the record remanded for that purpose, but the court may, when the interests of justice require, decide that motion, and, if unsealing is ordered, remand the record for unsealing. Unless otherwise ordered, the pendency of a motion under this rule will not delay the filing of any brief under any scheduling order.

(d) Briefs Containing Material Under Seal.

(1) Two Sets of Briefs. If a party deems it necessary to refer in a brief to material under seal, 2 sets of briefs must be filed which are identical except for references to sealed materials. One set of briefs must bear the legend "Under Seal" on the cover, and each page containing sealed material must bear the legend "Under Seal" at the top of the page. The second set of briefs must bear the legend "Public Copy—Sealed Material Deleted" on the cover, and each page from which material under seal has been deleted must bear a legend stating "Material Under Seal Deleted" at the top of the page. The party must file the original and 6 copies of the sealed brief and the original and 14 copies of the public brief. Both sets of briefs must comply with the remainder of these rules, including Circuit Rule 32(a) on length of briefs.

(2) Service. Each party must be served with 2 copies of the public brief and 2 copies of the brief under seal, if the party is entitled to receive the material under seal. See, e.g., Fed. R. Crim. P. 6(e).

(3) Non-availability to the Public. Briefs filed with the court under seal are available only to authorized court personnel and will not be made available to the public.

(e) Appendices Containing Matters Under Seal.

(1) Sealed Supplement to the Appendix; Number of Copies. If a party deems it necessary to include material under seal in an appendix, the appendix must be filed in 2 segments. One segment must contain all sealed material and bear the legend "Supplement—Under Seal" on the cover, and each page of that supplement containing sealed material must bear the legend "Under Seal" at the top of the page. The second appendix segment must bear the legend "Public Appendix—Sealed Material in Separate Supplement" on the cover; each page from which material under seal has been deleted must bear the legend "Material Under Seal Deleted" at the top of the page. The party must file 7 copies of the sealed supplement and 7 copies of the public appendix.

(2) Service; Number of Copies. Each party must be served with one copy of the public appendix and one copy of the sealed supplement, if the party is entitled to receive the material under seal. See, e.g., Fed. R. Crim. P. 6(e).

(3) Non-availability to the Public. Supplements to appendices filed with the court under seal are available only to authorized court personnel and will not be made available to the public.

(f) Disposal of Sealed Records.

(1) In any case in which all or part of the record of this court (including briefs and appendices) has been maintained under seal, the clerk will, in conjunction with the issuance of the mandate (or the entry of the final order, in a case in which no mandate will issue), order the parties to show cause why the record (or sealed portions) should not be unsealed. If the parties agree to unsealing, the record will be unsealed by order of the court, issued by the clerk. No order to show cause will be issued in cases where the nature of the materials themselves (e.g., grand jury materials) makes it clear that unsealing would be impermissible. If the parties do not agree to unsealing, the order to show cause, and any responses thereto, will be referred to the court for disposition.

(2) Any record material not unsealed pursuant to this rule will be designated "Temporary Sealed Records," and transferred to the Federal Records Center under applicable regulations. The records will be returned to the court for reconsideration of unsealing after a period of 20 years.

(3) The court may, on its own motion, issue an order to show cause and consider the unsealing of any records in the court's custody, at any time.

(4) Counsel to an appeal involving sealed records must promptly notify the court when it is no longer necessary to maintain the record or portions of the record under seal.

*See also* D.C. Cir. R. 47.2(b) (Sentencing Appeal) 47.6 (Appeals from the Alien Terrorist Removal Court)


### Federal Circuit

### Fed. Cir. R. 11

Rule 11. Forwarding the Record

. . .

(b) Access of Parties and Counsel to the Original Record.

(2) Material Subject to a Protective Order; Inspection and Copying. A party or counsel for a party must be permitted to inspect and copy material in the record governed by a protective order of the trial court in accordance with that order. If this court modifies or annuls the protective order, the access of a party or counsel is governed by the order of this court.

(c) Preserving a Protective Order on Appeal. Any portion of the record that was subject to a protective order in the trial court remains subject to that order unless otherwise ordered.

(d) Agreement by Parties to Modify a Protective Order; Certificate of Compliance. If any portion of the record in the trial court is subject to a protective order and a notice of appeal has been

filed, each party must promptly review the record to determine whether protected portions need to remain protected on appeal. If a party determines that some portions no longer need to be protected, that party must seek an agreement with the other party. Any agreement that is reached must be promptly presented to the trial court, which may issue an appropriate order. Whether or not an agreement is reached, each party must file a certificate of compliance within 45 days of docketing stating it complied with this rule. This Federal Circuit Rule 11(d) does not apply in a case arising under 19 U.S.C. § 1516a.

(e) Motion to Modify the Protective Order. A party may move at any time in this court to modify a protective order

## Fed. Cir. R. 17

## Rule 17. Filing the Record

. . .

### (d) Access of Parties and Counsel to Original Record.

**(1) Material Not Subject to a Protective Order; Inspection and Copying.** When a petition for review or notice of appeal is fi led, the agency must permit a party or counsel for a party to inspect and copy the nonconfidential original papers, transcripts, and exhibits to prepare the appendix. This inspection and copying is subject to reasonable regulation by the agency.

**(2) Material Subject to a Protective Order; Inspection and Copying.** A party or counsel for a party must be permitted to inspect and copy material contained in the record governed by a protective order of an agency in accordance with that order. If this court modifies or annuls the protective order, the access of a party or counsel is governed by the order of this court.

**(e) Preserving a Protective Order on Appeal.** Any portion of the record that was subject to a protective order in an agency remains subject to that order unless otherwise ordered.

**(f) Agreement by Parties to Modify Protective Order; Certificate of Compliance.** If any portion of the record in an agency is subject to a protective order and a petition for review or notice of appeal has been filed, each party must promptly review the record to determine whether protected portions need to remain protected on appeal. If a party determines that some portions no longer need to be protected, that party must seek an agreement with the other party. Any agreement that is reached must be promptly presented to the agency, which may issue an appropriate order. Whether or not an agreement is reached, each party must file a certificate of compliance within 45 days of docketing stating it complied with this rule.

**(g) Motion to Modify the Protective Order.** A party may move at any time in this court to modify a protective order to remove protection from some material or to include another person within its terms. This court may decide the motion or may remand the case to the agency. This court, sua sponte, may direct the parties to show cause why a protective order should not be modified.

## Fed. Cir. R. 47.8. In Camera Proceedings

On motion showing that the interest of justice requires it, the court may sit in camera, seal its record, or both.