## REPORTERS COMMITTEE
### FOR FREEDOM OF THE PRESS

1156 15th Street NW, Suite 1020
Washington, DC 20005
(202) 795-9300 | www.rcfp.org
Bruce D. Brown, Executive Director

**STEERING COMMITTEE**

STEPHEN J. ADLER
*Reuters*

J. SCOTT APPLEWHITE
*The Associated Press*

WOLF BLITZER
*CNN*

DAVID BOARDMAN
*Temple University*

MASSIMO CALABRESI
*Time Magazine*

MANNY GARCIA
*USA Today Network*

EMILIO GARCIA-RUIZ
*The Washington Post*

JOSH GERSTEIN
*Politico*

ALEX GIBNEY
*Jigsaw Productions*

SUSAN GOLDBERG
*National Geographic*

JAMES GRIMALDI
*The Wall Street Journal*

LAURA HANDMAN
*Davis Wright Tremaine*

DIEGO IBARGÜEN
*Hearst*

KAREN KAISER
*The Associated Press*

DAVID LAUTER
*Los Angeles Times*

DAHLIA LITHWICK
*Slate*

MARGARET LOW
*The Atlantic*

JANE MAYER
*The New Yorker*

COLLEEN MCCAIN NELSON
*The McClatchy Company*

MAGGIE MULVIHILL
*Boston University*

JAMES NEFF
*The Philadelphia Inquirer*

NORMAN PEARLSTINE
*The Los Angeles Times*

CAROL ROSENBERG
*The New York Times*

THOMAS C. RUBIN
*Quinn Emmanuel*

CHARLIE SAVAGE
*The New York Times*

BEN SMITH
*BuzzFeed*

JENNIFER SONDAG
*Bloomberg News*

ADAM SYMSON
*The E.W. Scripps Company*

PIERRE THOMAS
*ABC News*

SAUNDRA TORRY
*Freelance*

VICKIE WALTON-JAMES
*NPR*

JUDY WOODRUFF
*PBS/The NewsHour*

**SENIOR ADVISORS**

CHIP BOK
*Creators Syndicate*

JOHN C. HENRY
*Freelance*

TONY MAURO
*National Law Journal, ret.*

ANDREA MITCHELL
*NBC News*

PAUL STEIGER
*ProPublica*

*Affiliations appear only
for purposes of identification*

December 16, 2019

Chief Justice John G. Roberts, Jr.
Supreme Court of the United States
1 First Street NE
Washington, DC 20543

*Re: Proposal for Supreme Court rule addressing sealed court records*

Dear Chief Justice Roberts,

The Reporters Committee for Freedom of the Press, National Public Radio, Inc., and the 51 undersigned media organizations write to draw the Court's attention to a recent increase in sealing at the Court and to renew, respectfully, an earlier request that the Court consider adopting a rule addressing sealed filings. During October Term 2018, the Court permitted sealing in 46 cases, the most by a significant margin in at least the last three decades. Although sealing may be warranted in certain cases, this recent marked increase in secrecy is concerning to members of the press who rely on access to the Court's records to inform the public about the important work of the Court. It is also at odds with the Court's long-standing commitment to openness and the First Amendment. The text of a proposed rule, which draws from rules enacted by the circuit courts, is attached to this letter. Such a rule would provide guidance to practitioners as to the standards applicable to motions to seal—clarifying the general presumption of access, that only compelling reasons can justify sealing, and that such sealing must be narrowly tailored. This would assist the Court in safeguarding the public's right to access the Court's records.

The Reporters Committee first urged the Court to adopt a rule addressing sealing eight years ago. In a 2011 letter, the Reporters Committee documented "significant growth in the number of cases involving sealed records in recent years." Letter from RCFP to William K. Suter, Clerk, Supreme Court of the United States (Sept. 14, 2011), https://perma.cc/5P2W-JWVY. The Supreme Court permitted sealing in just one case in 1990, and the annual tally of sealing orders remained in the single digits, with one exception, every term through 2005. *See* Appendix E. But the number of cases in which the Court permitted sealing rose to 17 in OT 2008, 14 in OT 2009, and 24 in OT 2010. *Id.* Concerned with the increasing number of sealed filings, the Reporters Committee proposed the adoption of a rule that would state the requirements for a motion to seal and thus ensure litigants' compliance with the presumption of open judicial records.

In a letter declining the Reporters Committee's request for the adoption of such a rule, then-Clerk of the Court William K. Suter pointed to a then-recent Judicial Conference policy aimed at reducing the number of sealed documents in the lower

courts.[1]  Letter from William K. Suter, Clerk, Supreme Court of the United States, to RCFP (Nov. 4, 2011), https://perma.cc/HV8A-E4S4.  Mr. Suter wrote that he expected the new policy to "in turn, reduce the number of sealed documents submitted to this Court."  Mr. Suter also made clear that "[t]he Court will continue to monitor this issue."

A comprehensive review of the Court's journals from the past 30 years reveals that the Judicial Conference policy did not ultimately have the effect that Mr. Suter anticipated.  Although the number of cases in which the Court granted sealing requests dipped somewhat between OT 2011 and OT 2016, whether due to the Judicial Conference policy or other factors, the Court permitted sealing during these years, on average, in approximately 22 cases per term.  This number is more than double the approximately 10 cases per term, on average, in which the Court permitted sealing during the first decade of the 21st century.  Since OT 2016, the number of cases in which sealing has been permitted has continued to increase.  The Court granted motions to seal in 31 cases during OT 2017 and in 46 cases during OT 2018.  *See* Appendix E.  During the first two and a half months of the current term, the Court has granted requests to seal filings in 18 cases.  *Id*.  A graph showing the growth in sealing orders at the Court over time is attached to this letter.  *See* Appendix B.

The undersigned acknowledge that compelling, countervailing interests—supported by on-the-record findings—sometimes necessitate sealing.  But a review of recent sealing motions filed with the Court suggests that the increase in sealing is not tied to any concomitant increase in cases in which sealing may be warranted.  Rather, motions to seal filed by practitioners often provide no justification for requested secrecy other than that portions of the case file were sealed below.[2]  *See, e.g.*, Amended Unopposed Motion for Leave to File Joint Appendix—Volume III Under Seal, *Bucklew v. Precythe*, Docket No. 17-8151 (filed Aug. 14, 2018) (requesting leave to file a volume of the appendix under seal because it "contains copies or descriptions of records that were filed under seal" in the lower courts pursuant to a protective order).

Likewise, the recent increase in sealing does not appear to be due to an increase in caseload either, as the number of cases in which records were sealed as a portion of the total number of cases before the Court has increased since 1990.  *See* Appendix C.  That the number of cases in which sealing was permitted represents a small portion of the total matters before the Court does not diminish the constitutional harm or the risks of increased secrecy at the Court, discussed below.

One sealing order from this term, in *Goynes v. Nebraska*, No. 19-6267, is noteworthy.  Michael Goynes filed a petition for certiorari seeking this Court's review of a Nebraska Supreme Court

---

[1]     Mr. Suter appeared to be referencing a policy "that encourages federal courts to limit those instances in which they seal entire civil case files."  Press Release, U.S. Courts, Conference Approves Standards & Procedures for Sealing Civil Cases (Sept. 13, 2011), https://perma.cc/QV8F-RJ7L.

[2]     Although motions to seal are generally available in the Clerk's Office, the undersigned respectfully request that the Court direct the Clerk to also make them accessible on the public docket online, so that the public and press can understand why a party sought sealing.

decision upholding the constitutionality of a search of his cellphone. Although a Nebraska trial court originally sealed the search warrant and supporting affidavit to avoid jeopardizing the then-ongoing investigation, the state court later unsealed those filings. Prosecutors entered them into evidence at a hearing on Mr. Goynes's motion to suppress, and the unsealed materials also became part of the record before the Nebraska Supreme Court. However, when Mr. Goynes petitioned the Court for certiorari, the Clerk's Office instructed his attorney to file a motion to seal the portion of the appendix containing the warrant and affidavit. Mr. Goynes filed the motion as instructed but included no substantive argument for sealing. To the contrary, his motion stated that "[u]nder Nebraska law the contents of the affidavit and search warrant are public record." On October 15, the Court ordered the appendix sealed without explanation.

The undersigned are particularly concerned about increased sealing in capital cases, which are matters of significant interest to the public and press. This term, the Court granted a request to redact portions of a petition for certiorari filed by a condemned inmate, Mark Robertson, seeking the Court's review of the Fifth Circuit's denial of habeas corpus relief. *See Robertson v. Davis*, No. 19-6181. In Mr. Robertson's case, the district court took the highly unusual step of sealing its opinion on the merits, and it later denied a joint motion to unseal that opinion in an order that was itself sealed. Because the motion to seal filed in this Court relied exclusively on the secret sealing order below, the press and public have no way of knowing either the rationale for the district court's decisions or the reasons for sealing records in this Court.

During OT 2018, NPR and the Reporters Committee intervened and successfully moved to unseal redacted briefs in another capital case, *Price v. Dunn*, No. 18A1238. In that case, the Alabama Department of Corrections sought to seal expert evidence regarding its lethal injection protocol based solely on a blanket protective order issued by the magistrate judge during discovery, despite the magistrate judge's clear mandate that the parties were not entitled to automatic sealing based on the protective order. The Court permitted the filing of redacted briefing. NPR and the Reporters Committee argued that sealing the briefing on which the Court based its decision to deny Mr. Price's application for a stay of execution violated the public's First Amendment and common law rights of access to judicial records. The Alabama Department of Corrections did not object to the motion to unseal, and the Court ordered the parties to file unredacted briefs.

As this case illustrates, third-party intervention can be a useful mechanism for members of the media to seek unsealing in specific cases. However, a Supreme Court rule clearly delineating the requirements for practitioners who seek sealing of records filed with the Court in the first instance would be far more efficient and reduce the Court's burden of addressing frequent motions to intervene and unseal.

There is a strong, laudable tradition of public access to the Court's proceedings and records. You have appropriately referred to the judicial branch as "the most transparent branch in government." Chief Justice John G. Roberts, Remarks at 2018 Federal Judicial Conference of the Fourth Circuit (June 29, 2018). Your predecessor, Chief Justice William Rehnquist, wrote that "all of the business of the Supreme Court of the United States comes in the front door and leaves by the same door." Justice William H. Rehnquist, *Sunshine in the Third Branch*, 16 Washburn L.J. 559, 564 (1977). Adoption of a Supreme Court rule addressing sealing would be

consistent with—and demonstrate to the public the Court's ongoing commitment to—these long-held ideals.

Confining secrecy at the Court to those cases in which it is absolutely necessary is also consistent with the Court's precedent on the First Amendment and common law rights of access to judicial proceedings and records. The Court has recognized a qualified First Amendment right of access to criminal court proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 505–10 (1984) ("*Press-Enterprise I*"); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–10 (1986) ("*Press-Enterprise II*"). And the Court has also recognized a common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). As the Court has stated, openness promotes confidence in the fair administration of justice and thus "public acceptance of both the process and its results." *Richmond Newspapers, Inc.*, 448 U.S. at 570–71. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 572.

Several of the federal circuit courts of appeals have adopted rules addressing the sealing of court records. A selection of those rules is attached to this letter as Appendix D. These rules are consistent with case law in the lower federal courts applying the First Amendment and common law rights of access recognized by the Court to civil as well as criminal cases[3] and to court records.[4] These rules promote public confidence in the judiciary and are premised on the widespread recognition that access to judicial records in appellate matters, including briefs, is necessary for meaningful public understanding of the judicial process. When briefs are sealed, "it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). For that reason, as Judge Frank Easterbrook wrote in an influential opinion, "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

---

[3]     *See, e.g.*, *In re Providence Journal Co.*, 293 F.3d 1 (1st Cir. 2002); *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16 (2d Cir.1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir.1984); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994); *Courthouse News Service v. Planet*, 750 F.3d 776 (9th Cir. 2014).

[4]     *See, e.g.*, *In re Providence Journal Co.*, 293 F.3d at 1; *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004); *United States v. Antar*, 38 F.3d 1348 (3d Cir.1994); *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014); *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179; *Grove Fresh Distribs.*, 24 F.3d at 897; *In re Search Warrant*, 855 F.2d 569 (8th Cir. 1988); *Associated Press v. U.S. Dist. Court*, 705 F.2d 1143 (9th Cir. 1983); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005); *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017).

The proposed rule attached to this letter looks to rules adopted by the federal courts of appeals and flows directly from the language of the Supreme Court's precedents. The presumption of openness guaranteed by the First Amendment "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510. The text of the proposed rule merely requires that those seeking to seal documents filed with the Court first demonstrate an interest in secrecy that overcomes the public's presumptive right of access and that the sealing or redactions they propose be tailored to that interest. This proposed rule tracks the Reporters Committee's previous proposal with some revisions to clarify and streamline the requirements and avoid disrupting the current practice. The new proposed rule states that a party must file a motion regardless of whether a statute or rule may require the materials to be sealed. This appears to comport with the current practice at the Court—given the frequency with which parties file motions to keep grand jury materials under seal—and would ensure that such sealing properly relies on the applicable statute or rule and is narrowly tailored.

By giving clear guidance to practitioners, such a rule would ensure that they provide the Court with adequate information to rule upon their motions to seal and therefore assist the Court in safeguarding the ability of the press and the public to access the Court's records. Accordingly, the undersigned respectfully request that the Court adopt the proposed rule and direct the Clerk to make motions to seal available on the public docket online when they are filed with the Court. In addition, the undersigned encourage the Court to revisit its sealing decisions in *Goynes* and *Robertson*, discussed above.

Respectfully,

Bruce D. Brown
bbrown@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
202.795.9300

National Public Radio, Inc.
ALM Media, LLC
American Society of Magazine Editors
The Associated Press
Atlantic Media, Inc.
Boston Globe Media Partners, LLC
California News Publishers Association
Californians Aware
Committee to Protect Journalists
The Daily Beast Company LLC
Dow Jones & Company, Inc.

5

The E.W. Scripps Company
First Amendment Coalition
First Look Media Works, Inc.
Fox Television Stations, LLC
Freedom of the Press Foundation
Gannett Co., Inc.
Hearst Corporation
Inter American Press Association
International Documentary Association
Investigative Reporting Workshop at American University
Los Angeles Times Communications LLC
The McClatchy Company
The Media Institute
Media Law Resource Center
MediaNews Group Inc.
Mother Jones
MPA – The Association of Magazine Media
National Newspaper Association
National Press Photographers Association
New England First Amendment Coalition
New England Newspaper and Press Association, Inc.
The New York Times Company
News Media Alliance
Newsday LLC
Online News Association
POLITICO LLC
ProPublica
Radio Television Digital News Association
Reporters Without Borders
Reuters News & Media Inc.
Reveal from The Center for Investigative Reporting
The Seattle Times Company
Sinclair Broadcast Group, Inc.
Society of Environmental Journalists
Society of Professional Journalists
TIME USA, LLC
Tribune Publishing Company
Tully Center for Free Speech
Univision Communications Inc.
Vox Media, Inc.
The Washington Post

CC:  Scott S. Harris, Clerk of the Court

# Appendix A

## Proposed Rule

The undersigned media organizations propose the adoption of a procedural rule for the submission of sealed records to the Court that accomplishes two objectives: 1) provides clear guidance to practitioners on the requirements for sealing; and 2) ensures consistency with this Court's commitment to open access to court records. The text of the proposed rule is as follows:

### Rule 29.8 — Sealing Records

1) *Presumption of Public Record*. Every document filed in or by this Court (whether or not the document was sealed in the lower court) shall be available to the public for inspection unless ordered by this Court to be sealed.

2) *Motions to Seal*. A motion to seal shall:

    a) Include, to the extent it exists, a copy of the lower court's sealing order, as well as any written explanation provided by that court for the sealing;

    b) Identify with specificity the documents or portions thereof for which sealing is requested;

    c) Provide a detailed description of the compelling interest to be furthered by sealing and why this interest overrides the presumption of openness;

    d) Demonstrate that the sealing request is narrowly tailored and that less restrictive alternatives to sealing will not afford adequate protection;

    e) State the period of time the party seeks to have the material maintained under seal; and

    f) Include a redacted public version of the document or demonstrate why a public version cannot be filed. Requests to seal entire documents and briefs without providing a redacted copy to the public are disfavored.

3) *Temporary Sealing Pending Resolution.* Documents that are the subject of a motion to seal shall be temporarily withheld from the public, pending resolution of the motion to seal.

**Appendix B**



**Appendix C**



# Appendix D

## Selection of Circuit Court Rules and Procedures on Sealing

**Third Circuit**

**3d Cir. L.A.R. Misc. 106.0. Filing of Documents Under Seal**

**106.1 Necessity; Grand Jury Matters; Previously Impounded Records; Unsealing**

**(a) Generally.** With the exception of matters relating to grand jury investigations, filing of documents under seal without prior court approval is discouraged. If a party believes a portion of a brief or other document merits treatment under seal, the party must file a motion setting forth with particularity the reasons why sealing is deemed necessary. Any other party may file objections, if any, within 7 days.

A motion to seal must explain the basis for sealing and specify the desired duration of the sealing order. If discussion of confidential material is necessary to support the motion to seal, the motion may be filed provisionally under seal. Rather than automatically requesting the sealing of an entire brief, motion, or other filing, litigants should consider whether argument relating to sealed materials may be contained in a separate sealed supplemental brief, motion or filings. Sealed documents must not be included in a regular appendix, but may be submitted in a separate, sealed volume of the appendix. In addressing material under seal (except for the presentencing report) in an unsealed brief or motion or oral argument counsel are expected not to disclose the nature of the sealed material and to apprise the court that the material is sealed.

**(b) Grand Jury Matters.** In matters relating to grand jury investigations, when there is inadequate time for a party to file a motion requesting permission to file documents under seal, the party may file briefs and other documents using initials or a John or Jane Doe designation to avoid disclosure of the identity of the applicant or the subject matter of the grand jury investigation. Promptly thereafter, the party must file a motion requesting permission to use such a designation. All responsive briefs and other documents must follow the same format until further order of the court.

**(c) Records Impounded in the District Court.**

    **(1) Criminal Cases and Cases Collaterally Attacking Convictions.** Grand jury materials protected by Fed. R. Crim. P. 6(c), presentence reports, statements of reasons for the sentence and any other similar material in a criminal case or a case collaterally attacking a conviction (cases under 28 U.S.C. §§ 2241, 2254, 2255), which were filed with the district court under seal pursuant to statute, rule or an order of impoundment, and which constitute part of the record transmitted to this court, remain subject to the district court's impoundment order and will be placed under seal by the clerk of this court until further order of this court. In cases in which impounded documents other than grand jury materials, presentence reports, statements of reasons for the sentence, or other

documents required to be sealed by statute or rule, are included in the record transmitted to this court under L.A.R. 11.2, the party seeking to have the document sealed must file a motion within 21 days of receiving notice of the docketing of the appeal in this court, explaining the basis for sealing and specifying the desired duration of the sealing order. If discussion of confidential material is necessary to support the motion to seal, the motion may be filed provisionally under seal.

**(2) Civil Cases.** When the district court impounds part or all of the documents in a civil case, they will remain under seal in this court for 30 days after the filing of the notice of appeal to give counsel an opportunity to file a motion to continue the impoundment, setting forth the reasons therefor. A motion to continue impoundment must explain the basis for sealing and specify the desired duration of the sealing order. If the motion does not specify a date, the documents will be unsealed, without notice to the parties, five years after conclusion of the case. If discussion of confidential material is necessary to support the motion to seal, the motion may be filed provisionally under seal. If a motion to continue impoundment is filed, the documents will remain sealed until further order of this court.

## 3d Cir. L.A.R. Misc. 113 Electronic Filing

### 113.7 Sealed Documents

**(a)** A motion to file documents under seal may be filed electronically unless prohibited by law, local rule, or court order.

**(b)** If the court grants the motion, the order of the court authorizing the filing of documents under seal may be filed electronically unless prohibited by law.

**(c)** With permission of the clerk, documents ordered placed under seal may be filed in paper form only. A paper copy of the authorizing order must be attached to the documents under seal and delivered to the clerk.

**(d)** Ex parte motions, e.g. to file a document under seal, must be filed in paper form only.

### 113.12 Public Access

**(a)** Parties, counsel, or other persons filing any document, whether electronically or in paper, must refrain from including, or must partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the court:
  **(1)** Social Security numbers. If an individual's Social Security number must be included, only the last four digits of that number should be used.
  **(2)** Names of minor children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.
  **(3)** Dates of birth. If an individual's date of birth must be included, only the year should be used.

**(4)** Financial account numbers. If financial account numbers are relevant, only the last four digits of these numbers should be used.
**(5)** Home addresses. In criminal cases, if a home address must be included, only the city and state should be listed.

**(b)** In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may:
**(1)** File an un-redacted version of the document under seal, or
**(2)** File a reference list under seal. The reference list must contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifier. The reference list must be filed under seal, and may be amended as of right.

**(c)** The un-redacted version of the document or the reference list must be retained by the court as part of the record. The court may, however, still require the party to file a redacted copy for the public file.

**(d)** The responsibility for redacting these personal identifiers rests solely with the party, counsel, or other person filing the document. The clerk will not review each pleading for compliance with this rule.

**<u>Fourth Circuit</u>**

**4th Cir. R. 25(c) Confidential and Sealed Materials.**

**(1) Certificates of Confidentiality.** At the time of filing any appendix, brief, motion, or other document containing or otherwise disclosing materials held under seal by another court or agency, counsel or a pro se party shall file a certificate of confidentiality.

**(A)** Record material held under seal by another court or agency remains subject to that seal on appeal unless modified or amended by the Court of Appeals.

**(B)** A certificate of confidentiality must accompany any filing which contains or would otherwise disclose sealed materials. The certificate of confidentiality shall:
**(i)** identify the sealed material;
**(ii)** list the dates of the orders sealing the material or, if there is no order, the lower court or agency's general authority to treat the material as sealed;
**(iii)** specify the terms of the protective order governing the information; and
**(iv)** identify the appellate document that contains the sealed information.

(2) **Motions to Seal.** Motions to seal all or any part of the record are presented to and resolved by the lower court or agency in accordance with applicable law during the course of trial, hearing, or other proceedings below.

**(A)** A motion to seal may be filed with the Court of Appeals when:

**(i)** a change in circumstances occurs during the pendency of an appeal that warrants reconsideration of a sealing issue decided below;

**(ii)** the need to seal all or part of the record on appeal arises in the first instance during the pendency of an appeal; or

**(iii)** additional material filed for the first time on appeal warrants sealing.

**(B)** Any motion to seal filed with the Court of Appeals shall:

**(i)** identify with specificity the documents or portions thereof for which sealing is requested;

**(ii)** state the reasons why sealing is necessary;

**(iii)** explain why a less drastic alternative to sealing will not afford adequate protection; and

**(iv)** state the period of time the party seeks to have the material maintained under seal and how the material is to be handled upon unsealing.

**(C)** A motion to seal filed with the Court of Appeals will be placed on the public docket for at least 5 days before the Court rules on the motion, but the materials subject to a motion to seal will be held under seal pending the Court's disposition of the motion.

**(3) Filing of Confidential and Sealed Material.**

**(A) Appendices:** When sealed material is included in the appendix, it must be segregated from other portions of the appendix and filed in a separate, sealed volume of the appendix. In criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume that is served only on counsel for the United States and for the defendant who is the subject of the report.

**(B) Briefs, Motions, and Other Documents:** When sealed material is included in a brief, motion, or any document other than an appendix, two versions of the document must be filed:

**(i)** a complete version under seal in which the sealed material has been distinctively marked and

**(ii)** a redacted version of the same document for the public file.

**(C) Personal Data Identifying Information:** Personal data identifying information, such as an individual's social security number, an individual's tax identification number, a minor's name, a person's birth date, a financial account number, and (in a criminal case) a person's home address, must be excluded or partially redacted from filings in accordance with FRAP 25(a)(5).

**(D) Marking of Sealed and Ex Parte Material:** The first page of any appendix, brief, motion, or other document tendered or filed under seal shall be conspicuously marked SEALED and all copies shall be placed in an envelope marked SEALED. If filed ex parte, the first page and the envelope shall also be marked EX PARTE.

**(E) Method of Filing:**

**(i) Appendices:** Local Rule 30(b)(4) sets forth the number of paper copies required for public and sealed volumes of the appendix. Sealed volumes are accompanied by a certificate of confidentiality or motion to seal, in both paper and electronic form. Electronic sealed volumes are filed using the entry SEALED JOINT APPENDIX or SEALED SUPPLEMENTAL APPENDIX, which automatically seals the appendix for Court access only.

**(ii) Formal Briefs:** Local Rule 31(d) sets forth the number of paper copies required for public and sealed versions of formal briefs. The sealed version is accompanied by a certificate of confidentiality or motion to seal, in both paper and electronic form. The electronic sealed version of the brief is filed using the entry SEALED BRIEF, which automatically seals the brief for Court access only.

**(iii) Other Documents:** Any other sealed document is filed electronically using the entry SEALED DOCUMENT, which automatically seals the document for Court access only. A certificate of confidentiality or motion to seal is also filed electronically.

**(F) Method of Service:** All sealed appendices, briefs, and documents must be served in paper form, because only the Court can access the sealed electronic appendix, brief, or document.

**(G) Responsibility for Compliance:** The responsibility for following the required procedures in filing confidential and sealed material rests solely with counsel and the parties. The clerk will not review each filing for compliance with this rule.

**(H) Public Access:** Unless filed under seal, case documents are publicly available on the Internet, except that in immigration and social security cases, only the Court's orders and opinions are available to the public on the Internet. Remote electronic access to other documents in immigration and social security cases is available only to persons participating in the case as CM/ECF filing users. Counsel should notify clients regarding the availability of filings on the Internet so that an informed decision may be made on what information is to be included in a public document filed with the Court.

## **Seventh Circuit**

**7th Cir. I.O.P. 10. Sealing Portions of the Record**

**(a) Requirement of Judicial Approval.** Except to the extent portions of the record are required to be sealed by statute (e.g., 18 U.S.C. §3509(d)) or a rule of procedure (e.g., Fed. R. Crim. P. 6(e), Circuit Rule 26.1(b)), every document filed in or by this court (whether or not the document was sealed in the district court) is in the public record unless a judge of this court orders it to be sealed.

**(b) Delay in Disclosure.** Documents sealed in the district court will be maintained under seal in this court for 14 days, to afford time to request the approval required by section (a) of this procedure.

## Ninth Circuit

**9th Cir. R. 27-13. Sealed Documents**

**(a) Introduction**

This Court has a strong presumption in favor of public access to documents. Therefore, except as provided in (d) below, the presumption is that every document filed in or by this Court (whether or not the document was sealed in the district court) is in the public record unless this Court orders it to be sealed.

Accordingly, unless a case or document falls within the scope of (d) below, this Court will permit it to be filed under seal only if justified by a motion to seal the document from public view. See (e), (f), (g), and (h) below. The Court will not seal a case or a document based solely on the stipulation of the parties.

When an entire case was sealed in district court, the case will be docketed provisionally under seal in this Court, and within 21 days of filing the notice of appeal, a party must file a motion to continue the seal or the seal may be lifted without notice. See (g) below. When a document was sealed in the district court, the document will be filed provisionally under seal, and must be accompanied by a notice under subsection (d), a motion to seal under subsection (e), or a notice under subsection (f). The document will remain provisionally sealed until the Court rules on any motion to seal.

Documents in Social Security and Immigration cases, including administrative records, are not filed under seal in this Court. However, remote electronic access to documents is limited by rule to the parties to the case, though the documents will be available for public viewing in the Clerk's Office. See Fed. R. Civ. P. 5.2(c); Fed. R. App. P. 25(a)(5). This same rule, however, presumes that the orders and dispositions will be publicly available.

**(b) Definitions**

> **(1) Sealed Document:** There is no public access via PACER. Once submitted, access to the document is restricted to the Court.

> **(2) Sealed Case:** There is no public access via PACER. Access to the docket and all documents filed in the case is restricted to case participants and the Court.

**(c) Form of Documents**

All documents shall be submitted electronically unless the filer is exempt from the electronic filing requirement. Each document or volume of documents submitted under seal shall include the words "UNDER SEAL" on its cover and/or first page. Any publicly filed redacted version of a sealed document shall include the word "REDACTED" on the cover and/or first page of the document.

Because documents submitted under seal will not be viewable to the parties via the Appellate Electronic Filing System noticing, any notice or motion submitted under seal and any document associated with such notice or motion shall be served on opposing counsel in paper form or, with consent, via email. See Circuit Rule 25-5(f)(2).

Rather than moving to file the entire excerpts of record under seal, a party shall submit any document(s) it wishes to seal as a separate volume. See Circuit Rule 30-1.6(c).

**(d) Presentence Reports, Grand Jury Transcripts, and Sealed Filings Mandated by Statute or Procedural Rule**

When a statute or procedural rule requires that a brief or other document be filed under seal (see, e.g., 18 U.S.C. § 5038(c), 3509(d); Fed. R. Crim. P. 6(e)), or when a party is filing an original, revised, or amended presentence report, its attachments, and any confidential sentencing memoranda, a motion under subsection (e) is not required.

Instead, the document(s) shall be submitted under seal in accordance with subsection (c), and accompanied by a notice of filing under seal that references this rule and the pertinent statute or procedural rule.

In cases in which any presentence report is referenced in the brief, the party first filing that brief must file under seal the presentence report, the documents attached to the report, and any sentencing memoranda filed under seal in the district court. The report and documents shall be filed on the same day as the brief that references the report and documents, using the presentence report electronic document filing type, without an accompanying notice of filing under seal. These documents shall not be included in the excerpts of record. The party submitting the presentence report and related sealed memoranda shall separately notify the opposing party by email (or first class mail if the opposing party is exempt from electronic filing) of the specific documents submitted, and shall provide a copy upon request.

**(e) Motion to Submit a Sealed Document**

In the absence of a statutory or procedural requirement as described in (d) above, a party who wishes to submit any document or portion of a document, including a brief, under seal, whether or not it was sealed in the district court, shall file a motion simultaneously with the document. The motion shall explain the specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief. In addition, the motion shall request the least restrictive scope of sealing and be limited in scope to only the specific documents or portion of documents that merit sealing, for example, propose redaction of a single paragraph or limit the request to a portion of a contract. The motion and document will be provisionally sealed pending a ruling on the motion.

Additionally, rather than moving to file the entire excerpts of record under seal, a party shall submit any document(s) that fall within this subsection as a separate volume. See subsection (c) above. Where redaction of a document is feasible, the moving party shall highlight in the unredacted document all portions of the document that party is seeking to file under seal.

**(f) Notice of Intent to File a Document Publicly that Was the Subject of a Seal Below**

If the filing party does not intend to ask that a seal issued by the district court be continued, the party shall file the documents provisionally under seal, along with a notice of intent to file publicly, in order to allow any other party an opportunity to move for appropriate relief within 21 days of the notice. Absent a motion by another party to continue the seal, or a notice pursuant to subsection (d), the provisional seal will be lifted without notice and the documents will be made available to the public.

**(g) Motion or Notice to Maintain a Case Under Seal**

A party who wants a case that was fully sealed in the district court to remain fully sealed on appeal shall file a motion to continue the seal within 21 days of the filing of the notice of appeal. The motion must explain with specificity why it is necessary for the entire case to be sealed on appeal and why no less restrictive alternatives are available.

When the seal is required by statute or procedural rule, a motion is not required; instead, a party must file a notice that references this rule and the pertinent statute or rule within 21 days of the filing of the notice of appeal.

Absent a motion or notice, the seal may be lifted without notice and the case in full will be made available to the public.

**(h) Motions to Unseal**

Motions to unseal may be made on any grounds permitted by law. The parties in a civil case may stipulate to the public filing in this Court of a document that was filed under seal in the district court.

**(i) Argument**

Except as otherwise ordered by the Court, the Court will not close oral argument to the public in any type of case, even when the case itself or the briefs or excerpts of record have been filed under seal. A party seeking a closed hearing shall move for such extraordinary relief at least 14 days prior to the scheduled argument date and explain with specificity why such relief is required and whether any less extraordinary alternative is available.

**(j) Dispositions**

This Court will presumptively file any disposition publicly, even in cases involving sealed materials. Any party who believes the Court's disposition should be sealed shall file a motion seeking that relief within 28 days of the completion of briefing.

**Tenth Circuit**

**10th Cir. R. 11.3 Sealed materials.**

**(A) In the appendix.** Rule 25.6 applies to sealed materials in the appendix.

**(B) In the record on appeal.** When materials sealed by district court order are forwarded as part of the record, the district court clerk must:

    **(1)** separate the sealed materials from other portions of the record;

    **(2)** enclose them in an envelope clearly marked "Sealed" if forwarded in hard copy or identify them as sealed in a separate electronic volume when transmitted; and

    **(3)** affix a copy of the sealing order to the outside of the envelope if the sealed material is not available electronically.

**(C) Presentence investigation reports.** Presentence reports are confidential. If a presentence report needs to be forwarded as part of the record on appeal, the district court clerk must treat it like sealed material under this rule.

**10th Cir. R. 25.6. Filing Under Seal**

Any party who seeks to file any document under seal in this court must overcome a presumption in favor of access to judicial records. *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011).

**(A) Motions to seal.** Except as provided in Rule 11.3(C) any document—motion, response, attachment, brief, appendix, or other paper—submitted under seal must be accompanied by a motion for leave to file the document under seal. The motion must

    **(1)** identify with particularity the specific document containing the sensitive information;

    **(2)** explain why the sensitive information cannot reasonably be redacted in lieu of filing the entire document under seal;

    **(3)** articulate a substantial interest that justifies depriving the public of access to the document;

    **(4)** cite any applicable rule, statute, case law, and/or prior court order having a bearing on why the document should be sealed, keeping in mind that this court is not bound by a district court's decision to seal a document below, see Williams v. FedEx Corporate Services, 849 F.3d 889, 905 (10th Cir. 2017); and

    **(5)** comply with Tenth Circuit Rule 27.1.

    **(6)** In addition, the motion to seal need not be filed under seal unless required by the nature of the request or the need to protect sealed information.

**(B) Redaction in lieu of sealing.** Redaction is preferable to filing an entire document under seal. Thus, unless redaction is impracticable, the party seeking to protect sensitive information shall publicly file a redacted version of the document concurrently with the motion to seal.

# Appendix E

## Court Sealing Orders, 1990 to Present

**October Term 1990: Sealing granted in one case and denied in one case.[5]**

Granted

*Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, Docket No. 90-572, 1990 J. Sup. Ct. U.S. 287 (Nov. 26, 1990) ("The motion of respondents to seal Rule 29.1 listing is granted.").

Denied

*Stankewitz v. California*, No. __, 1990 J. Sup. Ct. U.S. 287 (Feb. 19, 1991) ("The motion to seal the motion for leave to proceed *in forma pauperis* is denied.").

**October Term 1991: Sealing granted in three cases and denied in one case.[6]**

Granted

*Rautenberg v. U.S. Dist. Court*, Docket No. 91-1136, 1991 J. Sup. Ct. U.S. 2 (Oct. 7, 1991) ("The motion of petitioners to file a redacted petition for a writ of certiorari publicly and motion to file motion under seal are granted."); *id.* at 666 (Apr. 20, 1992) ("The motion of petitioners for leave to file an unredacted petition for a writ of certiorari under seal is granted. The motion of the Solicitor General for leave to file a brief in opposition initially under seal and to lift seal on brief in opposition and on the prior filing is granted. The motion of petitioners for leave to file a reply brief and addendum to reply brief under seal is granted and the seal is lifted. The motion of petitioners to file motion to take judicial notice under seal is granted. The seal is lifted and the motion to take judicial notice is granted.").

*Viacom Int'l, Inc., v. Icahn*, Docket No. 91-1059, 1991 J. Sup. Ct. U.S. 484 (Feb. 24, 1992) ("The motion of petitioner to seal part of petition for a writ of certiorari is granted. Petition for writ of certiorari to the United States Court of Appeals for the Second Circuit denied.").

*Doe v. United States*, No. __, 1991 J. Sup. Ct. U.S. 791 (June 1, 1992) ("The motion of petitioner for leave to file a petition for a writ of certiorari under seal is denied. Petitioner may file a redacted petition for a writ of certiorari on or before June 19, 1992.").

---

[5] Compiled using the Journal of the Supreme Court of the United States for October Term 1990, https://www.supremecourt.gov/pdfs/journals/scannedjournals/1990_journal.pdf.
[6] Compiled using the Journal of the Supreme Court of the United States for October Term 1991, https://www.supremecourt.gov/pdfs/journals/scannedjournals/1991_journal.pdf.

Denied

*In re J.S.*, No. __, 1991 J. Sup. Ct. U.S. 2 (Oct. 7, 1991) ("The motion for leave to file a petition for a writ of certiorari under seal, or alternatively with portions deleted, is denied.").

**October Term 1992: Sealing granted in zero cases and denied in zero cases.[7]**

**October Term 1993: Sealing granted in two cases and denied in four cases.[8]**

Granted

*U.S. Dep't of Def. v. Meinhold*, Application No. A-373, 2013 J. Sup. Ct. U.S. 215 (Oct. 29, 1993) ("It is further ordered that the Government can file, under seal, any such documents pending the final outcome of this litigation.").

*Digital Equip. Corp. v. Desktop Direct, Inc.*, Docket No. 93-405, 2013 J. Sup. Ct. U.S. 405 (Jan. 10, 1994) ("The motion of petitioner for leave to file one volume of the joint appendix under seal is granted.").

Denied

*Kennedy v. United States*, No. __, 2013 J. Sup. Ct. U.S. 217-18 (Nov. 1, 1993) ("The motion of petitioner for a writ of certiorari under seal is denied. The motion of the Solicitor General for leave to file a response under seal is dismissed as moot.").

*Ruiz v. United States*, No. __, 2013 J. Sup. Ct. U.S. 513 (Feb. 22, 1994) ("The motion of petitioner for leave to file a petition for a writ of certiorari under seal is denied without prejudice to petitioner filing a new motion accompanied by a redacted petition for a writ of certiorari.").

*Dingle v. United States*, No. __, 2013 J. Sup. Ct. U.S. 513 (Feb. 22, 1994) ("The motion of petitioner for leave to file a petition for a writ of certiorari under seal and with a public copy with confidential material deleted is denied.").

*Roe v. La. Sup. Ct.*, Docket No. 93-1878, 2013 J. Sup. Ct. U.S. 977 (June 27, 1994) ("The motion of the petitioner to direct that the response to the petition and the lodging be placed under seal is denied.").

---

[7] Compiled using the Journal of the Supreme Court of the United States for October Term 1992, https://www.supremecourt.gov/pdfs/journals/scannedjournals/1992_journal.pdf.

[8] Compiled using the Journal of the Supreme Court of the United States for October Term 1993, https://www.supremecourt.gov/orders/journal/jnl93.pdf.

**October Term 1994: Sealing granted in one case and denied in one case.[9]**

Granted

*T. B. Butler Publ'g Co. v. U.S. Dist. Court*, Docket. No. 94-300, 1994 J. Sup. Ct. U.S. 227 (Oct. 17, 1994) ("The motion of petitioner for leave to lodge sealed record excerpts is granted.").

Denied

*Wildberger v. United States*, No. __, 1994 J. Sup. Ct. U.S. 389 (Dec. 12, 1994) ("The motion for leave to file a petition for a writ of certiorari under seal is denied.").

**October Term 1995: Sealing granted in two cases and denied in zero cases.[10]**

Granted

*Atl. Mut. Ins. Co. v. Columbus-Am. Discovery Grp., Inc.*, Docket No. 95-415, 1995 J. Sup. Ct. U.S. 201 (Oct. 16, 1995) ("Motion of respondent to seal appendix granted.").

*Turner Broad. Sys., Inc. v. Fed. Commc'ns Comm'n*, Docket No. 95-992, 1995 J. Sup. Ct. U.S. 974 (July 1, 1996) ("Motion of appellants to file one volume of the joint appendix under seal granted.").

Denied

None.

**October Term 1996: Sealing granted in three cases and denied in three cases.[11]**

Granted

*Corporation v. United States*, Docket No. 96-403, 1996 J. Sup. Ct. U.S. 192 (Oct. 15, 1996) ("Motion of petitioner for leave to file information under seal granted.").

*Comm. of Dental Amalgam Alloy Mfrs. & Distribs. v. Becker*, Docket No. 96-705, 1996 J. Sup. Ct. U.S. 449 (Jan 13., 1997) ("Motion of petitioners to file Rule 29.6 statement under seal granted.").

---

[9] Compiled using the Journal of the Supreme Court of the United States for October Term 1994, https://www.supremecourt.gov/orders/journal/jnl94.pdf.

[10] Compiled using the Journal of the Supreme Court of the United States for October Term 1995, https://www.supremecourt.gov/orders/journal/jnl95.pdf.

[11] Compiled using the Journal of the Supreme Court of the United States for October Term 1996, https://www.supremecourt.gov/orders/journal/jnl96.pdf.

*Rivera-Robles v. United States*, Motion No. M-87, 1996 J. Sup. Ct. U.S. 956 (June 27, 1997) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

<u>Denied</u>

*Blackman v. United States ex rel. Butcher*, Docket No. 95-2011, 1996 J. Sup. Ct. U.S. 125 (Oct. 7, 1996) ("Motion of petitioner for leave to file document under seal denied.").

*In re Jaques*, Motion No. M-56, 1996 J. Sup. Ct. U.S. 470 (Jan. 21, 1997) ("Motion to seal petition and other pleadings in this case denied.").

*City of Monroe v. United States*, Docket No. 97-122, 1996 J. Sup. Ct. U.S. 1001 (Aug. 6, 1997) ("Motion to seal exhibits filed by the appellants denied.").

**October Term 1997: Sealing granted in three cases and denied in three cases.[12]**

<u>Granted</u>

*Guerrero-Martinez v. United States*, Motion No. M-1, 1997 J. Sup. Ct. U.S. 3 (Aug. 6, 1997) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*United States v. Clinton*, Docket No. 97-1924, 1997 J. Sup. Ct. U.S. 881 (June 4, 1998) ("Motion of the Independent Counsel for leave to file an unredacted petition and appendix under seal granted. Motion of counsel for President Clinton for leave to file under seal an unredacted brief in opposition granted. . . . Motion by the Solicitor General, on behalf of the United States acting through the Attorney General, for access to sealed portions of the record denied.").

*United States v. Rubin*, Docket No. 97-1942. 1997 J. Sup. Ct. U.S. 881 (June 4, 1998) ("Motion of the Independent Counsel for leave to file an unredacted petition and appendix under seal granted. Leave granted the Solicitor General to file an unredacted response under seal to the petition.").

<u>Denied</u>

*In re Doe*, Motion No. M-23, 1997 J. Sup. Ct. U.S. 211 (Nov. 3, 1997) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

*Anti-Monopoly, Inc. v. Hasbro, Inc.*, Motion No. M-65. 1997 J. Sup. Ct. U.S. 787 (May 18, 1998) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

---

[12] Compiled using the Journal of the Supreme Court of the United States for October Term 1997, https://www.supremecourt.gov/orders/journal/jnl97.pdf.

*In re Doe*, Motion No. M-71, 1997 J. Sup. Ct. U.S. 787 (May 18, 1998) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

**October Term 1998: Sealing granted in four cases and denied in three cases.[13]**

Granted

*Office of the President v. Office of Indep. Counsel*, Docket No. 98-316, 1998 J. Sup. Ct. U.S. 272-73 (Nov. 9, 1998) ("Motion of petitioner for leave to file unredacted appendix under seal granted.").

*Loe v. United States*, Docket No. 98-735, 1998 J. Sup. Ct. U.S. 328 (Nov. 30, 1998) ("Motion of petitioner for leave to file appendix to petition for writ of certiorari under seal granted.").

*Woods v. United States,* Motion No. M-39, 1998 J. Sup. Ct. U.S. 479 (Jan. 25, 1999) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for public record granted.").

*Spece v. Rhone-Poulenc Rorer, Inc.*, Docket No. 98-1243, 1998 J. Sup. Ct. U.S. 732 (Apr. 19, 1999) ("Motion of respondent Baxter Healthcare Corporation for leave to file Rule 29.6 Corporate Disclosure Statement under seal granted.").

Denied

*Loe v. United States*, Motion No. M-3, 1998 J. Sup. Ct. U.S. 5 (Oct. 5, 1998) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a redacted petition for writ of certiorari within 30 days.").

*Levitan v. United States*, Docket No. 98-7817, 1998 J. Sup. Ct. U.S. 586 (Mar. 1, 1999) ("Motion of petitioner to seal the petition for writ of certiorari denied.").

*In re Strickler*, Docket No. 99-5341, 1998 J. Sup. Ct. U.S. 987 (July 21, 1999) ("Motion of petitioner for leave to file supplement in support of petition under seal denied.").

**October Term 1999: Sealing granted in six cases and denied in zero cases.[14]**

Granted

---

[13] Compiled using the Journal of the Supreme Court of the United States for October Term 1998, https://www.supremecourt.gov/orders/journal/jnl98.pdf.

[14] Compiled using the Journal of the Supreme Court of the United States for October Term 1999, https://www.supremecourt.gov/orders/journal/jnl99.pdf.

*Sons v. California*, Docket No. 99-455, 1999 J. Sup. Ct. U.S. 332 (Nov. 15, 1999) ("Motion of petitioner for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Tallakson v. Baxter Healthcare Corp.*, Docket No. 99-1140, 1999 J. Sup. Ct. U.S. 690–91 (Mar. 20, 2000) ("Motion of respondents for leave to lodge United States Court of Appeals for the Seventh Circuit's appendix under seal granted. Motion of respondents for leave to file Rule 29.6 listing under seal granted.").

*Smith v. United States*, Docket No. 99-1046, 1999 J. Sup. Ct. U.S. 739 (Apr. 3, 2000) ("Motion of petitioner for leave to file a petition for writ of certiorari under seal with redacted copies for the public granted. Petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit denied.").

*Cook Grp., Inc. v. Wilson*, Docket No. 99-1248, 1999 J. Sup. Ct. U.S. 776 (Apr. 17, 2000) ("Motion of petitioners for leave to file sealed and trade secret materials from proceedings below under seal granted. Petition for writ of certiorari to the United States Court of Appeals for the Fourth Circuit denied.").

*People's Mojahedin Org. of Iran v. Dep't of State*, Docket No. 99-1070, 1999 J. Sup. Ct. U.S. 824 (May 1, 2000) ("Motion of the Solicitor General for leave to lodge under seal a copy of the sealed version of the brief for appellees filed in the United States Court of Appeals granted.").

*Case Corp. v. B & J Co.*, Docket No. 99-1700, 1999 J. Sup. Ct. U.S. 932 (June 5, 2000) ("Motion of petitioner for leave to lodge under seal District Court order granted.").

Denied

None.

**October Term 2000: Sealing granted in twelve cases and denied in zero cases.[15]**

Granted

*Sealed Petitioner v. United States*, Motion No. 00M13, 2000 J. Sup. Ct. U.S. 4 (Oct. 2, 2000) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Columbus-Am. Discovery Grp., Inc. v. Atl. Mut. Ins. Co.*, Docket No. 99-1935, 2000 J. Sup. Ct. U.S. 129 (Oct. 2, 2000) ("Motion of respondents for leave to file certain lodgings under seal granted.").

---

[15] Compiled using the Journal of the Supreme Court of the United States for October Term 2000, https://www.supremecourt.gov/orders/journal/jnl00.pdf.

*R.E.W. v. C.A.M*, Docket No. 00-50, 2000 J. Sup. Ct. U.S. 132 (Oct. 2, 2000) ("Motion of petitioner for leave to file a petition for writ of certiorari under seal with redacted copies for the public record is granted.").

*Loe v. United States*, Docket No. 00-111, 2000 J. Sup. Ct. U.S. 132–33 (Oct 2, 2000) ("Motion of petitioner for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.")

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*, Docket No. 99-1571, 2000 J. Sup. Ct. U.S. 176 (Oct. 10, 2000) ("Motion of parties for leave to file Volume II of the joint appendix under seal granted.").

*Koenig v. Fugro-McClelland, Inc.*, Docket No. 00-500, 2000 J. Sup. Ct. U.S. 478 (Jan. 8, 2001) ("Motion of petitioners for leave to lodge Magistrate's memorandum and recommendation under seal granted.").

*In re Knowlton*, Docket No. 00-719, 2000 J. Sup. Ct. U.S. 481 (Jan. 8, 2001) ("Motion of petitioner for leave to file a petition for writ of mandamus under seal with redacted copies for the public record granted.").

*Dvorak v. United States*, Docket No. 00-1141, 2000 J. Sup. Ct. U.S. 600 (Feb. 20, 2001) ("Motion of petitioner for leave to file a portion of the appendix under seal granted.").

*Bawazir v. Mahfouz*, Docket No. 00-1102, 2000 J. Sup. Ct. U.S. 669 (Mar. 5, 2001) ("Motion of petitioner for leave to lodge documents under seal granted.").

*Beaver v. West Virginia*, Docket No. 00-8292, 2000 J. Sup. Ct. U.S. 766 (Apr. 2, 2001) ("Motion of petitioner for leave to file appendices A and B under seal granted.").

*Gadson v. Walker*, Docket No. 00-1331, 2000 J. Sup. Ct. U.S. 827 (Apr. 23, 2001) ("Motion of respondent Baxter Healthcare for leave to file Rule 29.6 corporate disclosure statement under seal granted. Motion of respondents Armour Pharmaceutical Company, et al., for leave to lodge Court of Appeals appendix under seal granted.").

*TRW Inc. v. Andrews*, Docket No. 00-1045, 2000 J. Sup. Ct. U.S. 866 (May 14, 2001) ("Motion of petitioner for leave to file a supplemental joint appendix under seal granted.").

Denied

None.

**October Term 2001: Sealing granted in nine cases and denied in zero cases.[16]**

Granted

*Anderson v. Calderon*, Motion No. 01M15, 2001 J. Sup. Ct. U.S. 3 (Oct. 1, 2001) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for public record granted.").

*Mann v. Thalacker*, Docket No. 00-10769, 2001 J. Sup. Ct. U.S. 6 (Oct. 1, 2001) ("Motion of respondent to strike the petition for writ of certiorari and to seal petitioner's appendix granted without prejudice to counsel for petitioner submitting a redacted petition for writ of certiorari, with the appendix under seal, on or before October 22, 2001.").

*Arave v. Hoffman*, Docket No. 00-1775, 2001 J. Sup. Ct. U.S. 159 (Oct. 1, 2001) ("Motion of respondent for leave to proceed *in forma pauperis* granted. Motion of respondent for leave to file Appendix B under seal granted.").

*Dove v. United States*, Docket No. 01-91, 2001 J. Sup. Ct. U.S. 163 (Oct. 1, 2001) ("Motion of petitioner for leave to file a portion of appendix under seal granted.").

*Leggett v. United States*, Docket No. 01-983, 2001 J. Sup. Ct. U.S. 766 (Apr. 15, 2002) ("Motion of petitioner for leave to file sealed order under seal granted.").

*Palmer v. United States*, Docket No. 01-1355, 2001 J. Sup. Ct. U.S. 766 (Apr. 15, 2002) ("Motion of petitioner for leave to file pre-sentence investigation report under seal granted.").

*Crater Corp. v. Lucent Techs., Inc.*, Docket No. 01-932, 2001 J. Sup. Ct. U.S. 878 (May 13, 2002) ("Motion of petitioner for leave to file District Court order under seal granted.").

*Stitt v. United States*, Docket No. 01-7332. 2001 J. Sup. Ct. U.S. 879 (May 13, 2002) ("Motion of petitioner for leave to file pre-sentence report under seal granted.").

*Jazz Photo Corp. v. Int'l Trade Comm'n*, Docket No. 01-1158; *Fuji Photo Film Co. v. Jazz Photo Corp.*, Docket No. 01-1376; 2001 J. Sup. Ct. U.S. 1037–38 (June 24, 2002) ("Motion of petitioners in No. 01-1158 for leave to file a petition for writ of certiorari under seal with redacted copies for the public granted. . . . Motion of respondent Fuji Photo Film Co., Ltd. in No. 01-1158 for leave to file a brief in opposition under seal with redacted copies of the brief for the public granted. Motion of petitioner in No. 01-1376 for leave to file a cross-petition for writ of certiorari under seal with redacted copies for the public granted. Motion of respondents Jazz Photo Corp., et al., for leave to file a supplemental brief in No. 01-1376 under seal with redacted copies for the public granted.").

---

[16] Compiled using the Journal of the Supreme Court of the United States for October Term 2001, https://www.supremecourt.gov/orders/journal/jnl01.pdf.

Denied

None.

**October Term 2002: Sealing granted in six cases and denied in five cases.[17]**

Granted

*Islamic Republic of Iran v. McKesson HBOC, Inc.*, Docket No. 01-1521; *McKesson HBOC, Inc. v. Islamic Republic of Iran*, Docket No. 01-1708, 2002 J. Sup. Ct. U.S. 160 (Oct. 7, 2002) ("Motion of Islamic Republic of Iran for leave to file confidential documents under seal granted.").

*Nicholas v. West Virginia*, Docket No. 02-5684, 2002 J. Sup. Ct. U.S. 230 (Oct. 15, 2002) ("Motion of petitioner for leave to file Appendix A under seal granted.").

*Pignatiello v. United States*, Motion No. 02M13, 2002 J. Sup. Ct. U.S. 421 (Dec. 9, 2002) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Idelle C. v. Ovando C.*, Motion No. 02M53, 2002 J. Sup. Ct. U.S. 608 (Feb. 24, 2003) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Medina v. United States*, Motion No. 02M89, 2002 J. Sup. Ct. U.S. 1105 (June 27, 2003) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Chamber of Commerce v. Fed. Election Comm'n*, Docket No. 02-1756, 2002 J. Sup. Ct. U.S. 1164 (Aug. 25, 2003) (Motion of plaintiffs Senator Mitch McConnell, et al., to file volume VI of the joint appendix under seal granted. Motion of the intervenor-defendants to file their brief under seal with redacted copies for the public record granted.").

Denied

*Pignatiello v. United States*, Motion No. 02M13, 2002 J. Sup. Ct. U.S. 5 (Oct. 7, 2002) ("Motion of petitioner for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with a redacted petition for writ of certiorari within 30 days.").

*Sealed Appellant 1 v. Sealed Appellees 1-48*, Motion No. 02M16, 2002 J. Sup. Ct. U.S. 5 (Oct. 7, 2002) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

---

[17] Compiled using the Journal of the Supreme Court of the United States for October Term 2002, https://www.supremecourt.gov/orders/journal/jnl02.pdf.

*Smith v. Doe I*, Docket No. 01-729, 2002 J. Sup. Ct. U.S. 6 (Oct. 7, 2002) ("Motion of Public Defender of New Jersey, as amicus curiae, for leave to lodge documents under seal with redacted copies for the public record denied.").

*Medina v. United States*, Motion No. 02M89, 2002 J. Sup. Ct. U.S. 937–38 (May 19, 2003) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with a redacted petition for a writ of certiorari within 30 days.").

*McCorkle v. United States*, Motion No. 02M96, 2002 J. Sup. Ct. U.S. 979 (May 27, 2003) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with a redacted petition for writ of certiorari within 30 days.").

**October Term 2003: Sealing granted in seven cases and denied in one case.[18]**

Granted

*McCorkle v. United States*, Motion No. 02M96, 2003 J. Sup. Ct. U.S. 2 (Oct. 6, 2003) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*M.K.B. v. Warden*, Docket No. 03–6747, Motion No. 03M1, 2003 J. Sup. Ct. U.S. 2 (Oct. 6, 2003) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted."); *id.* at 597 (Feb. 23, 2004) ("Motion of Reporters Committee for Freedom of the Press, et. al. for leave to intervene denied. Motion of respondents for leave to file a brief in opposition under seal granted. Motion of petitioner for leave to file a reply brief under seal with redacted copies for the public record granted.").

*Seal X v. Daniels,* Motion No. 03M27, 2003 J. Sup. Ct. U.S. 237 (Nov. 3, 2003) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Feres v. United States*, Motion No. 03M32, 2003 J. Sup. Ct. U.S. 319 (Dec. 1, 2003) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Under Seal v. United States*, Motion No. 03M49, 2003 J. Sup. Ct. U.S. 653 (Mar. 8, 2004) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

---

[18] Compiled using the Journal of the Supreme Court of the United States for October Term 2003, https://www.supremecourt.gov/orders/journal/jnl03.pdf.

*Doe v. United States*, Motion No. 03M69, 2003 J. Sup. Ct. U.S. 841 (May 3, 2004) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Taylor v. Prudential Ins. Co. of Am.*, Motion No. 03M81, 2003 J. Sup. Ct. U.S. 1020 (June 28, 2004) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

Denied

*Creveling v. Mohave Cty.*, Motion No. 03M60, 2003 J. Sup. Ct. U.S. 748 (Apr. 5, 2004) ("Motion for leave to proceed *in forma pauperis* with declaration of indigency under seal denied.").

**October Term 2004: Sealing granted in six cases and denied in one case.[19]**

Granted

*Martini v. Hendricks*, Motion No. 03M85, 2004 J. Sup. Ct. U.S. 2 (Oct. 4, 2004) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Chavez v. United States*, Motion No. 03M87, 2004 J. Sup. Ct. U.S. 3 (Oct. 4, 2004) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Doe v. United States*, Motion No. 04M4. 2004 J. Sup. Ct. U.S. 3 (Oct. 4, 2004) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Boggs v. United States*, Motion No. 04M13. 2004 J. Sup. Ct. U.S. 155 (Oct. 12, 2004) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Clark v. McLeod*, Motion No. 04M48, 2004 J. Sup. Ct. U.S. 797 (Apr. 18, 2005) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Garcia-Mejia v. United States*, Motion No. 04M67, 2004 J. Sup. Ct. U.S. 875 (May 2, 2005) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

Denied

---

[19] Compiled using the Journal of the Supreme Court of the United States for October Term 2004, https://www.supremecourt.gov/orders/journal/jnl04.pdf.

*Clark v. McLeod*, Motion No. 04M48, 2004 J. Sup. Ct. U.S. 568 (Feb. 22, 2005) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal denied without prejudice to filing a renewed motion together with a redacted version of the supplemental appendix within 30 days.").

**October Term 2005: Sealing granted in nine cases and denied in zero cases.[20]**

Granted

*In re Grand Jury Proceedings*, Docket No. 05-415, Motion No. 05M8, 2005 J. Sup. Ct. U.S. 12 (Oct. 3, 2005) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted. The Chief Justice took no part in the consideration or decision of this motion."); *id.* at 529 (Jan. 9, 2006) ("Motion of the Solicitor General for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Garcia v. United States*, Motion No. 04–1564, 2005 J. Sup. Ct. U.S. 189 (Oct. 3, 2005) ("Motion of the Solicitor General for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*New York v. Zappulla*, Docket No. 04-1520, 2005 J. Sup. Ct. U.S. 243 (Oct. 11, 2005) ("Motion of respondent to strike petitioner's reply brief is treated as a motion to seal the brief, and the motion is granted. Petitioner is directed to file a redacted reply brief for the public record within 10 days.").

*In re Grand Jury Proceedings*, Docket No. 05-572, Motion No. 05M24, 2005 J. Sup. Ct. U.S. 327 (Nov. 7, 2005) ("Motion for leave to file a petition for writ of certiorari under seal granted."); *id.* at 667 (Feb. 21, 2006) ("Motion of the Solicitor General for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Under Seal v. United States*, Motion No. 05M34, 2005 J. Sup. Ct. U.S. 454 (Dec. 12, 2005) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Lentz v. United States*, Motion No. 05M59, 2005 J. Sup. Ct. U.S. 621 (Feb. 21, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*QLT, Inc. v. Mass. Eye and Ear Infirmary*, Motion No. 05M66, 2005 J. Sup. Ct. U.S. 747 (Mar. 20, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

---

[20] Compiled using the Journal of the Supreme Court of the United States for October Term 2005, https://www.supremecourt.gov/orders/journal/jnl05.pdf.

*Garcia-Mejia v. United States*, Motion No. 05M73, 2005 J. Sup. Ct. U.S. 787 (Mar. 27, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Blanco-Loya v. United States*, Motion No. 05M85, 2005 J. Sup. Ct. U.S. 1037 (June 5, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

Denied

None.

**October Term 2006: Sealing granted in fifteen cases and denied in three cases.[21]**

Granted

*Doe v. United States*, Motion No. 06M17, 2006 J. Sup. Ct. U.S. 4 (Oct. 2, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Rowe v. N.H. Motor Transp. Ass'n*, Motion No. 06M20, 2006 J. Sup. Ct. U.S. 4 (Oct. 2, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Cooperativa de Seguros de Vida de Puerto Rico v. F.A.C., Inc.*, Docket No. 06–458, Motion No. 06M21, 2006 J. Sup. Ct. U.S. 5 (Oct. 2, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted."); *id.* at 414-15 (Dec. 4, 2006) ("Motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Doe v. United States*, Motion No. 06M22, 2006 J. Sup. Ct. U.S. 5 (Oct. 2, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Sealed Case*, Motion No. 06M24, 2006 J. Sup. Ct. U.S. 5 (Oct. 2, 2006) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

*Gonzales v. Planned Parenthood Fed'n of Am., Inc.*, Docket No. 05–1382, 2006 J. Sup. Ct. U.S. 6 (Oct. 2, 2006) ("Motion of the Solicitor General for leave to file Volume 6 of the joint appendix under seal granted.").

---

[21] Compiled using the Journal of the Supreme Court of the United States for October Term 2006, https://www.supremecourt.gov/orders/journal/jnl06.pdf.

*In re Grand Jury Proceedings*, Motion No. 06M48, 2006 J. Sup. Ct. U.S. 359 (Nov. 27, 2006) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Claiborne v. United States*, Docket No. 06–5618, 2006 J. Sup. Ct. U.S. 447 (Jan. 5, 2007) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Rita v. United States*, Docket No. 06–5754, 2006 J. Sup. Ct. U.S. 447 (Jan. 5, 2007) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Quanta Computer, Inc. v. LG Elecs., Inc.*, Motion No. 06M54, 2006 J. Sup. Ct. U.S. 452 (Jan. 8, 2007) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Ali*, Docket No. 06–1194, Motion No. 06M73, 2006 J. Sup. Ct. U.S. 702 (Mar. 5, 2007) ("Motion for leave to file a petition for writ of habeas corpus under seal granted."); *id.* at 1072 (June 25, 2007) ("Motion of petitioner for leave to file an opposition to respondents' motion to dismiss under seal granted.").

*In re Sealed Case*, Motion No. 06M80, 2006 J. Sup. Ct. U.S. 797 (Apr. 2, 2007) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Franco-Guerrero v. United States*, Motion No. 06M90, 2006 J. Sup. Ct. U.S. 953 (May 21, 2007) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

*Derrick v. United States*, Docket No. 06–6330, 2006 J. Sup. Ct. U.S. 1145 (Aug. 20, 2007) ("Motion of petitioner to file Volume II of the joint appendix under seal granted.").

*Gall v. United States*, Docket No. 06–7949, 2006 J. Sup. Ct. U.S. 1145 (Aug. 20, 2007) ("Motion of petitioner to file Volume II of the joint appendix under seal granted.").

<u>Denied</u>

*Gray v. United States*, Motion No. 06M63, 2006 J. Sup. Ct. U.S. 609 (Feb. 20, 2007) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

*Ellis v. United States*, Motion No. 06M91, 2006 J. Sup. Ct. U.S. 953 (May 21, 2007) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with a redacted petition for writ of certiorari within 30 days.").

*Krouner v. United States Tax Ct.*, Motion No. 06M98, 2006 J. Sup. Ct. U.S. 1047 (June 18, 2007) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with a redacted petition within 30 days with redactions limited to confidential information.").

**October Term 2007:  Sealing granted in nine cases and denied in two cases.**[22]

<u>Granted</u>

*Ellis v. United States*, Motion No. 06M91, 2007 J. Sup. Ct. U.S. 2 (Oct. 1, 2007) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Krouner v. United States Tax Court*, Motion No. 06M98, 2007 J. Sup. Ct. U.S. 2 (Oct. 1, 2007) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Al-Ghizzawi*, Motion No. 07M5, 2007 J. Sup. Ct. U.S. 3 (Oct. 1, 2007) ("Motion for leave to file a petition for writ of habeas corpus under seal granted.").

*Castaneda v. United States*, Motion No. 07M15, 2007 J. Sup. Ct. U.S. 3 (Oct. 1, 2007) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Quanta Computer, Inc. v. LG Elecs., Inc.*, Docket No. 06-937, 2007 J. Sup. Ct. U.S. 369 (Dec. 3, 2007) ("Motion of petitioners for leave to file Volume II of the joint appendix under seal granted.").

*Baze v. Rees*, Docket No. 07-5439, 2007 J. Sup. Ct. U.S. 397 (Dec. 10, 2007) ("Motion of petitioners for leave to file Volume IV of the joint appendix under seal granted.").

*Nucleonics, Inc. v. Benitec Australia, Ltd*., Docket No. 07-1068, Motion No. 07M37, 2007 J. Sup. Ct. U.S. 558 (Feb. 19, 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Irizarry v. United States*, Docket No. 06-7517, 2007 J. Sup. Ct. U.S. 682 (Mar. 17, 2008) ("Motion of petitioner for leave to file Volume Three of the joint appendix under seal granted.").

*United States v. ABC*, Docket No. 07-745, 2007 J. Sup. Ct. U.S. 841 (Apr. 28, 2008) ("Motion of the Solicitor General for leave to file Appendix B to the petition for writ of certiorari under seal granted.").

<u>Denied</u>

---

[22] Compiled using the Journal of the Supreme Court of the United States for October Term 2007, https://www.supremecourt.gov/orders/journal/jnl07.pdf.

*Wagstaff v. Dep't of Educ.*, Motion No. 07M52, 2007 J. Sup. Ct. U.S. 682 (Mar. 17, 2008) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

*Phillips v. United Parcel Service, Inc.*, Motion No. 07M57, 2007 J. Sup. Ct. U.S. 721 (Mar. 24, 2008) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency filed under seal denied.").

**October Term 2008:  Sealing granted in seventeen cases and denied in zero cases.[23]**

Granted

*Cairns v. Johnson*, Motion No. 07M76, 2008 J. Sup. Ct. U.S. 2 (Oct. 6, 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Sealed Appellant v. United States*, Motion No. 08M9, 2008 J. Sup. Ct. U.S. 3 (Oct. 6, 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Tucker v. United States*, Motion No. 07M79, 2008 J. Sup. Ct. U.S. 3 (Oct. 6, 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Chambers v. United States*, Docket No. 06-11206, 2008 J. Sup. Ct. U.S. 4 (Oct. 6, 2008) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*United States v. Eurodif S.A.*, Docket No. 07-1059 & *USEC Inc. v. Eurodif S.A.*, Docket No. 07-1078, 2008 J. Sup. Ct. U.S. 5 (Oct. 6, 2008) ("Motion of the Acting Solicitor General for leave to file two volumes of the joint appendix under seal granted.").

*Winter v. Nat. Res. Def. Council, Inc*., Docket No. 07-1239, 2008 J. Sup. Ct. U.S. 5 (Oct. 6, 2008) ("Motion of the Acting Solicitor General for leave to file one volume of the joint appendix under seal granted.").

*Banks v. United States*, Motion No. 08M31, 2008 J. Sup. Ct. U.S. 323 (Dec. 1, 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

---

[23] Compiled using the Journal of the Supreme Court of the United States for October Term 2008, https://www.supremecourt.gov/orders/journal/jnl08.pdf.  The 2011 letter submitted by the Reporters Committee referenced eighteen cases involving sealing for October Term 2008, counting *USEC Inc. v. Eurodif S.A.*, No. 07-1078 and *United States v. Eurodif S.A.*, No. 07-1059, as separate cases.  Since these cases were consolidated, however, and the Court issued only one sealing order, the undersigned will count this—and similar cases—as only one case each.

*Turner v. United States*, Motion No. 08M26, 2008 J. Sup. Ct. U.S. 323 (Dec. 1, 2008) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Puckett v. United States*, Docket No. 07-9712, 2008 J. Sup. Ct. U.S. 528 (Feb. 23, 2009) ("Motion of the parties for leave to file Volume II of the joint appendix under seal granted.").

*Dean v. United States*, Docket No. 08-5274, 2008 J. Sup. Ct. U.S. 528 (Feb. 23, 2009) ("Motion of the parties for leave to file Volume II of the joint appendix under seal granted.").

*Golden Bridge Tech. Inc. v. Motorola Inc.*, Motion No. 08M61, 2008 J. Sup. Ct. U.S. 528 (Feb. 23, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*McNeese v. United States*, Motion No. 08M67, 2008 J. Sup. Ct. U.S. 642 (Mar. 23, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Pella Corp. v. Andersen Corp.*, Docket No. 08-1209, 2008 J. Sup. Ct. U.S. 916 (June 1, 2009) ("Motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Pietrangelo v. Gates*, Docket No. 08-824, 2008 J. Sup. Ct. U.S. 935 (June 8, 2009) ("Motion of petitioner to strike the brief of the Cook respondents denied. Motion of petitioner to seal Attachment A to the motion to strike granted. Motion of the Cook respondents to withdraw the brief filed January 26, 2009, granted.").

*Sealed Petitioner v. United States*, Motion No. 08M88, 2008 J. Sup. Ct. U.S. 1002 (June 29, 2009) (Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Johnson v. United States*, Docket No. 08-6925, 2008 J. Sup. Ct. U.S. 1029 (July 27, 2009) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Graham v. Florida*, Docket No. 08-7412, 2008 J. Sup. Ct. U.S. 1056 (Sept. 4, 2009) ("Motion of petitioner for leave to file Volume III of the joint appendix under seal granted.").

<u>Denied</u>

None.

**October Term 2009:  Sealing granted in fourteen cases and denied in five cases.[24]**

Granted

*Moore v. Adventist Health Sys./Georgia Inc*., Motion No. 09M3, 2009 J. Sup. Ct. U.S. 2 (Oct. 5, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Lacen-Berrios v. United States*, Motion No. 09M6, 2009 J. Sup. Ct. U.S. 2 (Oct. 5, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Sealed Petitioner v. United States*, Motion No. 09M14, 2009 J. Sup. Ct. U.S. 3 (Oct. 5, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Sealed Petitioners v. United States*, Motion No. 09M15, 2009 J. Sup. Ct. U.S. 3 (Oct. 5, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Wahi v. Charleston Area Med. Center*, Motion No. 09M30, 2009 J. Sup. Ct. U.S. 181 (Oct. 13, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Al-Ghizzawi*, Motion No. 09M38, 2009 J. Sup. Ct. U.S. 241 (Nov. 2, 2009) ("Motion for leave to file a petition for writ of habeas corpus under seal granted.").

*Nitro Distrib., Inc. v. Alticor, Inc*., Motion No. 09M39, 2009 J. Sup. Ct. U.S. 241 (Nov. 2, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Ogedengbe v. United States*, Motion No. 09M47, 2009 J. Sup. Ct. U.S. 299 (Nov. 16, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Ogedengbe v. United States*, Motion No. 09M50, 2009 J. Sup. Ct. U.S. 300 (Nov. 16, 2009) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Chekkouri*, Docket No. 09-7659, 2009 J. Sup. Ct. U.S. 458 (Jan. 11, 2010) ("Motion of petitioner to unseal pleadings before this Court denied. Petition for writ of habeas corpus denied.").[25]

---

[24] Compiled using the Journal of the Supreme Court of the United States for October Term 2009, https://www.supremecourt.gov/orders/journal/jnl09.pdf.

*Skilling v. United States*, Docket No. 08-1394, 2009 J. Sup. Ct. U.S. 544 (Feb. 22, 2010) ("Motion of petitioner for leave to file a supplemental volume of the joint appendix under seal granted.").

*Dillon v. United States*, Docket No. 09-6338, 2009 J. Sup. Ct. U.S. 592 (Mar. 1, 2010) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Jones v. United States*, No. 09M73, 2009 J. Sup. Ct. U.S. 625 (Mar. 8, 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Sealed Petitioner v. United States*, Motion No. 09M106, 2009 J. Sup. Ct. U.S. 976 (June 21, 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

<u>Denied</u>

*Williams v. U.S. Dist. Court*, Motion No. 09M70, 2009 J. Sup. Ct. U.S. 543–44 (Feb. 22, 2010) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

*Bishop v. Dep't Disciplinary Comm.*, Motion No. 09M78, 2009 J. Sup. Ct. U.S. 647 (Mar. 22, 2010) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

*Brown v. United States*, Docket No. 09-8548, 2009 J. Sup. Ct. U.S. 675 (Mar. 22, 2010) ("Motion of petitioner to seal the petition for writ of certiorari denied.").

*Doe v. Duncan*, Motion No. 09M81, 2009 J. Sup. Ct. U.S. 689 (Mar. 29, 2010) ("Motion for leave to proceed *in forma pauperis* with declaration of indigency under seal denied.").

*In re Doe*, Motion No. 09M91, 2009 J. Sup. Ct. U.S. 807 (May 3, 2010) ("Motion for leave to file a petition for writ of habeas corpus under seal with redacted copies for the public record denied.").

---

[25] The parties in *In re Chekkouri* submitted multiple filings to the Court under seal without any accompanying motions to seal. The petitioner submitted a motion "to unseal pleadings," but the Court denied this. The undersigned have included *In re Chekkouri* in this tally because it is a case in which the Court permitted sealing.

**October Term 2010:  Sealing granted in twenty-four cases and denied in six cases.[26]**

<u>Granted</u>

*Ameziane v. Obama*, Docket No. 10-447, Motion No. 10M16, 2010 J. Sup. Ct. U.S. 4 (Oct. 4, 2010) ("Motion for leave to file a petition for writ of certiorari under seal granted."); *id.* at 689 ("Motion of respondents for leave to file a brief in opposition under seal granted. Motion of petitioner for leave to file a reply brief under seal granted.").

*Aranda v. United States*, Motion No. 10M24, 2010 J. Sup. Ct. U.S. 5 (Oct. 4, 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Valle v. United States*, Motion No. 10M26, 2010 J. Sup. Ct. U.S. 5 (Oct. 4, 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Pepper v. United States*, Docket No. 09-6822, 2010 J. Sup. Ct. U.S. 7 (Oct. 4, 2010) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*Constant v. Doe*, Docket No. 09-11327, 2010 J. Sup. Ct. U.S. 155 (Oct. 4, 2010) ("Motion of respondents to seal the petition for writ of certiorari and to substitute a redacted version for the public record granted.").

*In re Grand Jury Proceedings*, Docket No. 10-512, Motion No. 10M38, 2010 J. Sup. Ct. U.S. 221 (Oct. 18, 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted."); *id.* at 331 ("Motion of petitioners to unseal the petition for writ of certiorari denied.").

*Rodriguez v. United States*, Motion No. 10M40, 2010 J. Sup. Ct. U.S. 221 (Oct. 18, 2010) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Mohammed v. Obama*, Motion No. 10M51, 2010 J. Sup. Ct. U.S. 389 (Dec. 6, 2010) ("Motion for leave to a file a petition for writ of certiorari under seal granted.").

*Sadiq K. v. Me. Dep't of Health & Human Servs.*, Motion No. 10M54, Docket No. 10-7925, 2010 J. Sup. Ct. U.S. 411 (Dec. 13, 2010) ("Motion for leave to file a petition for writ of certiorari under seal granted."); *id.* at 788 ("Motion of respondent for leave to file brief in opposition under seal granted.").

---

[26] Compiled using the Journal of the Supreme Court of the United States for October Term 2010, https://www.supremecourt.gov/orders/journal/jnl10.pdf.

*Sykes v. United States*, Docket No. 09-11311, 2010 J. Sup. Ct. U.S. 433 (Jan. 7, 2011) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*Freeman v. United States*, Docket No. 09-10245, 2010 J. Sup. Ct. U.S. 437 (Jan. 10, 2011) ("Motion of petitioner for leave to file a volume of the joint appendix under seal granted.").

*Mallo v. W. Va. Dep't of Health & Human Res*., Motion No. 10M59, 2010 J. Sup. Ct. U.S. 437 (Jan. 10, 2011) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with either a redacted petition for writ of certiorari, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted sub nom. C.M. v. W. Va. Dep't of Health & Human Res*., 2010 J. Sup. Ct. U.S. 621 (Feb. 28, 2011) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Avid Identification Sys. v. Crystal Imp. Corp.*, Docket No. 10-509, 2010 J. Sup. Ct. U.S. 473 (Jan. 10, 2011) ("Motion of Allflex U.S.A., Inc. for leave to file a brief as amicus curiae under seal with redacted copies for the public record granted.").

*Sealed Appellant v. Sealed Appellee*, Motion No. 10M70, 2010 J. Sup. Ct. U.S. 561 (Feb. 22, 2011) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Doe v. United States*, Motion No. 10M77, 2010 J. Sup. Ct. U.S. 622 (Feb. 28, 2011) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Tapia v. United States*, Docket No. 10-5400, 2010 J. Sup. Ct. U.S. 646 (Mar. 7, 2011) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*Juvenile Male v. United States*, Motion No. 10M87, 2010 J. Sup. Ct. U.S. 670 (Mar. 21, 2011) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*McNeill v. United States*, Docket No. 10-5258, 2010 J. Sup. Ct. U.S. 670 (Mar. 21, 2011) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*White & Case LLP v. United States*, Motion No. 10M88, 2010 J. Sup. Ct. U.S. 670 (Mar. 21, 2011) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Shiplet v. Vilsack*, Motion No. 10M84, 2010 J. Sup. Ct. U.S. 705 (Mar. 28, 2011) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal denied without prejudice to filing a renewed motion together with either a redacted supplemental appendix, or an explanation as to why the supplemental appendix may not be redacted, within 30 days."), *renewed motion granted*, 2010 J. Sup. Ct. U.S. 983 (June 20, 2011) ("Motion for leave

to file a petition for writ of certiorari with supplemental appendix under seal granted, except that the order of May 15, 2009, shall be placed in the public record.").

*Nossaman LLP v. United States*, Motion No. 10M91, 2010 J. Sup. Ct. U.S. 705 (Mar. 28, 2011) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Kiyemba v. Obama*, Docket No. 10-775, 2010 J. Sup. Ct. U.S. 787 (Apr. 18, 2011) ("Motion of petitioners for leave to file a supplemental brief under seal granted.").

*Sealed Defendant v. United States*, Motion No. 10M111, 2010 J. Sup. Ct. U.S. 933 (June 6, 2011) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Verdugo v. United States*, Motion No. 10M116, 2010 J. Sup. Ct. U.S. 1012 (June 27, 2011) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

<u>Denied</u>

*Brewer v. Landrigan*, Motion No. 10A416, 2010 J. Sup. Ct. U.S. 253 (Oct. 26, 2010) ("Motion to file documents under seal denied as moot.").

*Mallo v. W. Va. Dep't of Health & Human Res.*, Motion No. 10M59, 2010 J. Sup. Ct. U.S. 437 (Jan. 10, 2011) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with either a redacted petition for writ of certiorari, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted sub nom. C.M. v. W. Va. Dep't of Health & Human Res.*, 2010 J. Sup. Ct. U.S. 621 (Feb. 28, 2011) ("Renewed motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Shiplet v. Vilsack*, Motion No. 10M84, 2010 J. Sup. Ct. U.S. 705 (Mar. 28, 2011) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal denied without prejudice to filing a renewed motion together with either a redacted supplemental appendix, or an explanation as to why the supplemental appendix may not be redacted, within 30 days."), *renewed motion granted*, 2010 J. Sup. Ct. U.S. 983 (June 20, 2011) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted, except that the order of May 15, 2009, shall be placed in the public record.").

*Burns v. Comm'r of Revenue of Minn.*, Motion No. 10M98, 2010 J. Sup. Ct. U.S. 764 (Apr. 18, 2011) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency filed under seal denied.").

*In re Burns*, Motion No. 10M99, J. Sup. Ct. U.S. 764 (Apr. 18, 2011) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency filed under seal denied.").

*Gomez v. California*, Motion No. 10M112, 2010 J. Sup. Ct. U.S. 933 (June 6, 2011) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with either a redacted petition, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 3 (Oct. 3, 2011) ("The renewed motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

**October Term 2011:  Sealing granted in twenty-six cases and denied in eight cases.**[27]

Granted

*Gomez v. California*, Motion No. 10M112, 2010 J. Sup. Ct. U.S. 933 (June 6, 2011) ("Motion for leave to file a petition for writ of certiorari under seal denied without prejudice to filing a renewed motion together with either a redacted petition, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 3 (Oct. 3, 2011) ("The renewed motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Moundridge v. Exxon Mobil Corp.*, Motion No. 11M5, 2011 J. Sup. Ct. U.S. 3 (Oct. 3, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Wigren v. United States*, Motion No. 11M13, 2011 J. Sup. Ct. U.S. 4 (Oct. 3, 2011) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Pascual v. United States*, Motion No. 11M14, 2011 J. Sup. Ct. U.S. 4 (Oct. 3, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Uthman v. Obama*, Motion No. 11M2, 2011 J. Sup. Ct. U.S. 5 (Oct. 3, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*In re Grand Jury* Proceedings, Motion No. 11M23, 2011 J. Sup. Ct. U.S. 5 (Oct. 3, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Setser v. United States*, Docket No. 10-7387, 2011 J. Sup. Ct. U.S. 6 (Oct. 3, 2011) ("The motion of petitioner for leave to file volume II of the joint appendix under seal is granted.").

---

[27] Compiled using the Journal of the Supreme Court of the United States for October Term 2011, https://www.supremecourt.gov/orders/journal/jnl11.pdf.

*Carter v. United States*, Motion No. 11M29, 2011 J. Sup. Ct. U.S. 176 (Oct. 11, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Davis v. United States*, Motion No. 11M31, 2011 J. Sup. Ct. U.S. 176 (Oct. 11, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Slough v. United States*, Docket No. 11-591, Motion No. 11M43, 2011 J. Sup. Ct. U.S. 291 (Nov. 14, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted."), *id.* at 920 ("The motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record is granted.").

*Dally v. United States*, Motion No. 11M44, 2011 J. Sup. Ct. U.S. 292 (Nov. 14, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Almerfedi v. United States*, Motion No. 11M46, 2011 J. Sup. Ct. U.S. 361 (Dec. 5, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*Robinson v. United States*, Motion No. 11M53, 2011 J. Sup. Ct. U.S. 412 (Jan. 9, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Sealed Petitioner v. Sealed Respondent*, Motion No. 11M56, 2011 J. Sup. Ct. U.S. 412 (Jan. 9, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Tessera v. Int'l Trade Comm'n*, Docket No. 11-903, Motion No. 11M60, 2011 J. Sup. Ct. U.S. 507 (Jan. 23, 2012) ("The motions for leave to file petitions for writs of certiorari under seal with redacted copies for the public record are granted."), *id.* at 900 ("The motion of ANP Respondents for leave to file a brief in opposition under seal with redacted copies for the public record is granted. The motion of petitioner for leave to file a reply brief under seal with redacted copies for the public record is granted.").

*Smith v. ABN AMRO Mortgage Group*, Docket No. 11-904, Motion No. 11M61, 2011 J. Sup. Ct. U.S. 507 (Jan. 23, 2012) ("The motions for leave to file petitions for writs of certiorari under seal with redacted copies for the public record are granted."), *id.* at 697 ("The motion of respondents for leave to file a brief in opposition under seal with redacted copies for the public record is granted. The motion of petitioners for leave to file a reply brief under seal with redacted copies for the public record is granted.").

*M.H. v. United States*, Motion No. 11M66, 2011 J. Sup. Ct. U.S. 537 (Feb. 21, 2012) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Latif v. Obama*, Docket No. 11-027, Motion No. 11M67, 2011 J. Sup. Ct. U.S. 537 (Feb. 21, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal is granted."), *id.* at 941 ("The motion of respondents for leave to file a brief in opposition under seal is granted. The motion of petitioner for leave to file a reply brief under seal is granted.").

*El Falesteny v. Obama*, Docket No.11-9344, Motion No. 11M59, 2011 J. Sup. Ct. U.S. 471 (Jan. 17, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal is denied without prejudice to filing a renewed motion together with either a redacted petition, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 643 (Mar. 19, 2012) ("The motion for leave to file a renewed motion under seal is granted. The renewed motion for leave to file a petition for a writ of certiorari under seal is granted."), *id.* at 963 ("The motion of respondents for leave to a file brief in opposition under seal is granted. The motion of petitioner for leave to file a reply brief under seal is granted.").

*Lahrichi v. Lumera Corp.*, Motion No. 11M65, 2011 J. Sup. Ct. U.S. 537 (Feb. 21, 2012) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is denied without prejudice to filing a renewed motion together with either a redacted supplemental appendix, or an explanation as to why the supplemental appendix may not be redacted, within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 779 (Apr. 23, 2012) ("The renewed motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*AvidAir Helicopter Supply, Inc., v. Rolls-Royce Corp.*, Motion No. 11M106, 2011 J. Sup. Ct. U.S. 829 (May 14, 2012) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Mr. S. v. United States*, Motion No. 11M109, 2011 J. Sup. Ct. U.S. 866 (May 21, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Under Seal v. United States*, Motion No. 11M111, 2011 J. Sup. Ct. U.S. 866 (May 21, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*John Mezzalingua Assoc. v. Int'l Trade Comm'n,* Motion No. 11M92, 2011 J. Sup. Ct. U.S. 707 (Apr. 2, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal is denied without prejudice to filing a renewed motion explaining in detail the basis for sealing the petition along with a redacted version of the petition limited to information not part of the public record in the Court of Appeals within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 888 (May 29, 2012) ("The renewed motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Under Seal v. Under Seal, et al.*, Motion No. 11M121, 2011 J. Sup. Ct. U.S. 978 (June 25, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Roe v. United States*, Motion No. 11M122, 2011 J. Sup. Ct. U.S. 978 (June 25, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted on condition that petitioners provide a redacted motion and petition that remove any appended item containing a party's true name and any reference to such item within 30 days.")

Denied

*Bey v. North Carolina*, Motion No. 11M4, 2011 J. Sup. Ct. U.S. 3 (Oct. 3, 2011) ("The motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal is denied.").

*C.D. v. United States*, Motion No. 11M50, 2011 J. Sup. Ct. U.S. 387 (Dec. 12, 2011) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is denied.").

*Goldblatt v. W. Dist. of Missouri*, Motion No. 11M58, 2011 J. Sup. Ct. U.S. 412 (Jan. 9, 2012) ("The motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal is denied.").

*El Falesteny v. Obama*, Docket No.11-9344, Motion No. 11M59, 2011 J. Sup. Ct. U.S. 471 (Jan. 17, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal is denied without prejudice to filing a renewed motion together with either a redacted petition, or an explanation as to why the petition may not be redacted, within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 643 (Mar. 19, 2012) ("The motion for leave to file a renewed motion under seal is granted. The renewed motion for leave to file a petition for a writ of certiorari under seal is granted."), *id.* at 963 ("The motion of respondents for leave to a file brief in opposition under seal is granted. The motion of petitioner for leave to file a reply brief under seal is granted.").

*Lahrichi v. Lumera Corp.*, Motion No. 11M65, 2011 J. Sup. Ct. U.S. 537 (Feb. 21, 2012) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is denied without prejudice to filing a renewed motion together with either a redacted supplemental appendix, or an explanation as to why the supplemental appendix may not be redacted, within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 779 (Apr. 23, 2012) ("The renewed motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Worth v. Malanca*, Motion No. 11M70, 2011 J. Sup. Ct. U.S. 537 (Feb. 21, 2012) ("The motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal is denied.").

*John Mezzalingua Assoc. v. Int'l Trade Comm'n,* Motion No. 11M92, 2011 J. Sup. Ct. U.S. 707 (Apr. 2, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal is denied

without prejudice to filing a renewed motion explaining in detail the basis for sealing the petition along with a redacted version of the petition limited to information not part of the public record in the Court of Appeals within 30 days."), *renewed motion granted*, 2011 J. Sup. Ct. U.S. 888 (May 29, 2012) ("The renewed motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Walker v. United States*, Motion No. 11M103, 2011 J. Sup. Ct. U.S. 779 (Apr. 23, 2012) ("The motion for leave to file a petition for a writ of certiorari under seal is denied.").

**October Term 2012:  Sealing granted in twenty-six cases and denied in one case.[28]**

Granted

*Baez v. United States*, Motion No. 12M20, 2012 J. Sup. Ct. U.S. 7 (Oct. 1, 2012) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*C.F. v. W. Va. Dep't of Health*, Motion No. 12M28, 2012 J. Sup. Ct. U.S. 7 (Oct. 1, 2012) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Comcast Corp. v. Behrend*, Docket No. 11-864, 2012 J. Sup. Ct. U.S. 7 (Oct. 1, 2012) ("Motion of petitioners to file Volumes four and five of the joint appendix under seal granted."), *id.* at 269 ("Motion of petitioners for leave to file a supplemental volume of the joint appendix under seal granted.")

*Walker v. Medtronic, Inc.*, Docket No. 11-1418, 2012 J. Sup. Ct. U.S. 146 (Oct. 1, 2012) ("Motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Nat'l Org. for Marriage v. McKee*, Docket No. 11-1426, 2012 J. Sup. Ct. U.S. 147 (Oct. 1, 2012) ("Motion of respondents for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Spadoni v. United States*, Motion No. 12M33, 2012 J. Sup. Ct. U.S. 211 (Oct. 15, 2012) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*China Terminal & Elec. Corp. v. Willemsen*, Motion No. 12M37, 2012 J. Sup. Ct. U.S. 235 (Oct. 29, 2012) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

---

[28] Compiled using the Journal of the Supreme Court of the United States for October Term 2012, https://www.supremecourt.gov/orders/journal/jnl12.pdf.

*Descamps v. United States*, Docket No. 11-9540, 2012 J. Sup. Ct. U.S. 324 (Nov. 26, 2012) ("Motion of petitioner for leave to file volume II of the joint appendix under seal granted.").

*Doe v. United States*, Motion No. 12M55, 2012 J. Sup. Ct. U.S. 385 (Dec. 10, 2012) ("Motion of petitioner for leave to file a petition for a writ of certiorari with the appendix under seal granted.").

*Adoptive Couple v. Baby Girl*, Docket No. 12-399, 2012 J. Sup. Ct. U.S. 409–10 (Jan. 4, 2013) ("Motion of petitioners for leave to file Appendix B under seal granted."), *id.* at 643 ("Motion of petitioners for leave to file the joint appendix under seal denied without prejudice to filing a renewed motion together with either a redacted joint appendix, or an explanation as to why the joint appendix may not be redacted, within 14 days."), *id.* at 712 ("Renewed motion of petitioners for leave to file the joint appendix under seal with redacted copies for the public record granted.").

*United States, ex rel. Robert Pritsker v. Sodexho, Inc.*, Motion No. 12M63, 2012 J. Sup. Ct. U.S. 412 (Jan. 7, 2013) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*C.B.V. v. W. Va. Dep't of Health & Human Res.*, Motion No. 12M73, 2012 J. Sup. Ct. U.S. 471 (Jan. 14, 2013) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Polypore Int'l v. Fed. Trade Comm'n*, Motion No. 12M88, 2012 J. Sup. Ct. U.S. 530 (Feb. 19, 2013) ("Motion for leave to file a petition for a writ of certiorari with the appendix under seal with redacted copies for the public record granted.").

*Peugh v. United States*, Docket No. 12-62, 2012 J. Sup. Ct. U.S. 530 (Feb. 19, 2013) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*Fed. Trade Comm'n v. Actavis Inc.*, Docket No. 12-416, 2012 J. Sup. Ct. U.S. 531 (Feb. 19, 2013) ("Motion of the Solicitor General for leave to file Volume 2 of the joint appendix under seal granted."), *id.* at 685 ("Motion of the Solicitor General to unseal Volume II of the joint appendix granted.").

*Roe v. United States*, Docket No. 12-112, 2012 J. Sup. Ct. U.S. 699 (Mar. 25, 2013) ("Motion of petitioner Richard Roe for leave to file a supplemental brief under seal granted. Motion of respondent John Doe for leave to file a brief in opposition under seal granted. Motion of the Solicitor General for leave to file a brief in opposition under seal with redacted copies for the public record granted."), *id.* at 1001 ("Motion of petitioners for leave to file a petition for rehearing under seal with redacted copies for the public record granted.").

*Hill v. Schilling*, Motion No. 12M111, 2012 J. Sup. Ct. U.S. 788 (Apr. 22, 2013) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Heredia Santa Cruz v. California*, Motion No. 12M116, 2012 J. Sup. Ct. U.S. 835 (May 23, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Cintas Corp. v. Equal Emp't Opportunity Comm'n*, Motion No. 12M119, 2012 J. Sup. Ct. U.S. 835 (May 23, 2013) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Sealed Appellant v. Sealed Appellee 1*, Docket No. 12M124, 2012 J. Sup. Ct. U.S. 887 (May 28, 2013) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Grand Jury Proceedings No. 4-10*, Motion No. 12M128, 2012 J. Sup. Ct. U.S. 914 (June 3, 2013) ("Motion of petitioner for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Ruppert v. Principal Life Ins. Co.*, Motion No. 12M130, 2012 J. Sup. Ct. U.S. 935 (June 10, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Loyal v. United States*, Motion No. 12M135, 2012 J. Sup. Ct. U.S. 986 (June 24, 2013) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*In re Grand Jury Proceedings*, Motion No. 12M140, 2012 J. Sup. Ct. U.S. 986 (June 24, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Obaydullah v. Obama*, Docket No. 12-8932, 2012 J. Sup. Ct. U.S. 999 (June 24, 2013) ("Motion of respondents for leave to file a brief in opposition under seal granted. Motion of petitioner for leave to file a reply brief under seal granted.").

*Birth Father v. Adoptive Couple*, Motion No. 13A115, 2012 J. Sup. Ct. U.S. 1029 (Aug. 2, 2013) ("Application for stay of judgment presented to The Chief Justice and by him referred to the Court is denied. Motion of the Guardian ad Litem for leave to file a response with exhibits under seal with redacted copies for the public record granted.").

Denied

*Adoptive Couple v. Baby Girl*, Docket No. 12-399, 2012 J. Sup. Ct. U.S. 409–10 (Jan. 4, 2013) ("Motion of petitioners for leave to file Appendix B under seal granted."), *id.* at 643 ("Motion of petitioners for leave to file the joint appendix under seal denied without prejudice to filing a renewed motion together with either a redacted joint appendix, or an explanation as to why the joint appendix may not be redacted, within 14 days."), *id.* at 712 ("Renewed motion of petitioners for leave to file the joint appendix under seal with redacted copies for the public record granted.").

**October Term 2013:  Sealing granted in twenty-one cases and denied in four cases.[29]**

Granted

*Wessell v. Topiwala*, Motion No. 13M1, 2013 J. Sup. Ct. U.S. 2 (Oct. 7, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Moses v. Tex. Comm'n on Envtl. Quality*, Docket No. 13-6739, Motion No. 13M4, 2013 J. Sup. Ct. U.S. 2 (Oct. 7, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted."), *id.* at 521 ("Motion of petitioner for leave to file a petition for rehearing under seal with redacted copies for the public record granted.").

*Rayess v. Educ. Comm'n for Foreign Med. Graduates*, Motion No. 13M5, 2013 J. Sup. Ct. U.S. 3 (Oct. 7, 2013) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Sealed Appellant v. Sealed Appellee 1*, Motion No. 13M12, 2013 J. Sup. Ct. U.S. 3 (Oct. 7, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Hairston v. United States*, Motion No. 13M23, 2013 J. Sup. Ct. U.S. 4 (Oct. 7, 2013) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Rosemond v. United States*, Docket No. 12-895, 2013 J. Sup. Ct. U.S. 5 (Oct. 7, 2013) ("Motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*In re Sealed Case*, Motion No. 13M41, 2013 J. Sup. Ct. U.S. 221 (Oct. 21, 2013) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*R.L. v. Pennsylvania*, Motion No. 13M42, 2013 J. Sup. Ct. U.S. 221 (Oct. 21, 2013) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Jones v. United States*, Motion No. 13M46, 2013 J. Sup. Ct. U.S. 244 (Oct. 21, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

---

[29] Compiled using the Journal of the Supreme Court of the United States for October Term 2013, https://www.supremecourt.gov/orders/journal/jnl13.pdf.

*Armstrong v. United States*, Motion No. 13M61, 2013 J. Sup. Ct. U.S. 371 (Dec. 10, 2013) (Motions of petitioners for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Justice v. E. Dist. of Tenn.*, Motion No. 13M62, 2013 J. Sup. Ct. U.S. 371 (Dec. 10, 2013) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Cacioppo v. Vail, Colorado*, Docket No. 13-687, Motion No. 13M63, 2013 J. Sup. Ct. U.S. 371 (Dec. 10, 2013) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted."), *id.* at 582 ("Motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Zopatti v. Rancho Dorado Homeowners*, Motion No. 13M70, 2013 J. Sup. Ct. U.S. 422 (Jan. 13, 2014) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Octane Fitness, LLC v. Icon Health & Fitness, Inc*., Docket No. 12-1184, 2013 J. Sup. Ct. U.S. 422 (Jan. 13, 2014) ("Motion of petitioner for leave to file the joint appendix under seal with redacted copies for the public record granted.").

*Doe v. Harris*, Motion No. 13M74, 2013 J. Sup. Ct. U.S. 540 (Feb. 24, 2014) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Risen v. United States*, Motion No. 13M79, 2013 J. Sup. Ct. U.S. 541 (Feb. 24, 2014) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Jefferson v. United States*, Motion No. 13M86, 2013 J. Sup. Ct. U.S. 607 (Mar. 3, 2014) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*E.M.B.R. v. S.M.*, Motion No. 13M103, 2013 J. Sup. Ct. U.S. 732 (Apr. 21, 2014) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Wedington v. United States*, Motion No. 13M126, 2013 J. Sup. Ct. U.S. 879 (June 2, 2014) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Dedmon v. United States*, Motion No. 13M134, 2013 J. Sup. Ct. U.S. 977 (June 30, 2014) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Teva Pharm. USA, Inc., v. Sandoz, Inc., et al.*, Docket No. 13-854, 2013 J. Sup. Ct. U.S. 1055 (Oct. 2, 2014) ("Motion of petitioners for leave to file Volume 4 of the joint appendix under seal granted.").

<u>Denied</u>

*Safouane v. Hassett*, Motion No. 13M33, 2013 J. Sup. Ct. U.S. 5 (Oct. 7, 2013) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

*Doe v. CLC*, Motion No. 13M66, 2013 J. Sup. Ct. U.S. 422 (Jan. 13, 2014) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record denied.").

*Vogt v. W. Dist. of Wash.*, Docket No.13-1158, 2013 J. Sup. Ct. U.S. 733 (Apr. 21, 2014) ("Motion of petitioner to expedite consideration of the petition for a writ of certiorari and for leave to file an affidavit under seal is denied.").

*Doe v. Philadelphia Housing*, Motion No. 13M122, 2013 J. Sup. Ct. U.S. 857 (May 27, 2014) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record denied.").

**October Term 2014:  Sealing granted in twenty-three cases and denied in four cases.[30]**

<u>Granted</u>

*I.R.E. v. Fla. Bd. of Bar Examiners*, Docket No. 14-387, Motion No. 14M7, 2014 J. Sup. Ct. U.S. 2 (Oct. 6, 2014) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal granted.").

*Alazzam v. United* States, Docket No. 14-6563, Motion No. 14M9, 2014 J. Sup. Ct. U.S. 2 (Oct. 6, 2014) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Corporation v. United States*, Docket No. 14-389, Motion No. 14M14, 2014 J. Sup. Ct. U.S. 3 (Oct. 6, 2014) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Pujiang Talent Diamond Tools Co. v. United States*, Docket No. 14-390, Motion No. 14M15, 2014 J. Sup. Ct. U.S. 3 (Oct. 6, 2014) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

---

[30] Compiled using the Journal of the Supreme Court of the United States for October Term 2014, https://www.supremecourt.gov/orders/journal/jnl14.pdf.

*Curry v. United States*, Docket No. 14-6573, Motion No. 14M31, 2014 J. Sup. Ct. U.S. 4 (Oct. 6, 2014) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted."); *id.* at 466 (Jan. 20, 2015) ("Motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record granted.  Motion of petitioner for leave to file a reply brief under seal with redacted copies for the public record granted.").

*Kellogg Brown & Root v. United States, ex rel Carter*, Docket No. 12-1497, 2014 J. Sup. Ct. U.S. 4 (Oct. 6, 2014) ("Motion of petitioners for leave to file Volume II of the joint appendix under seal granted.").

*M.J. v. Wash. Univ. in St. Louis Physicians*, Docket No. 14-6960, Motion No. 14M38, 2014 J. Sup. Ct. U.S. 201 (Oct. 20, 2014) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted. Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal is denied.").

*Hicks v. Grounds*, Docket No. 14-7305, Motion No. 14M53, 2014 J. Sup. Ct. U.S. 313 (Dec. 1, 2014) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Palmer v. Doe*, Docket No. 14-676, Motion No. 14M61, 2014 J. Sup. Ct. U.S. 347 (Dec. 8, 2014) ("Motion for leave to file a petition for a writ of certiorari with supplemental appendix under seal granted.").

*Doe v. Patton*, Docket No. 14-7535, Motion No. 14M64, 2014 J. Sup. Ct. U.S. 373 (Dec. 15, 2014) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

*Agofsky v. United States*, Docket No. 14-7536, Motion No. 14M65, 2014 J. Sup. Ct. U.S. 373 (Dec. 15, 2013) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

*Ioppolo v. Rumana*, Docket No. 14-1023, Motion No. 14M83, 2014 J. Sup. Ct. U.S. 513 (Feb. 23, 2015) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted.").

*Cole v. Generations Adoptions*, Docket No. 14-1024, Motion No. 14M84, 2014 J. Sup. Ct. U.S. 513 (Feb. 23, 2015) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted.").

*Yaman v. Yaman*, Docket No. 14-1053, Motion No. 14M89, 2014 J. Sup. Ct. U.S. 573 (Mar. 2, 2015) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Lyon v. Wise Carter Child & Caraway, P.A.*, Docket No. 14-9387, Motion No. 14M105, 2014 J. Sup. Ct. U.S. 703 (Apr. 20, 2015) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Glossip v. Gross*, Docket No. 14-7955, 2014 J. Sup. Ct. U.S. 704 (Apr. 20, 2015) ("Motion of petitioners for leave to file Volume II of the joint appendix under seal with redacted copies for the public record granted.").

*J.D.T. v. United States*, Docket No. 14-9590, Motion No. 14M111, 2014 J. Sup. Ct. U.S. 761 (May 4, 2015) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Y.W. v. New Milford Pub. Sch.*, Docket No. 14-1363, Motion No. 14M115, 2014 J. Sup. Ct. U.S. 786 (May 18, 2015) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*O'Keefe v. Chisholm*, Docket No. 14-872, 2014 J. Sup. Ct. U.S. 801 (May 18, 2015) ("Motion of respondents John T. Chisholm, David Robles, and Bruce J. Langraf for leave to file a brief in opposition under seal with redacted copies for the public record granted.").

*Garcia v. United States*, Docket No. 14-10133, Motion No. 14M125, 2014 J. Sup. Ct. U.S. 854 (June 8, 2015) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record granted.").

*Hopkins v. United States*, Docket No. 14-10207, Motion No. 14M128, 2014 J. Sup. Ct. U.S. 878 (June 15, 2015) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*In re Jacob Ben-Ari*, Docket No. 14-10470, Motion No. 14M134, 2014 J. Sup. Ct. U.S. 923 (June 29, 2015) ("Motion for leave to file a petition for writ of mandamus under seal with redacted copies for the public record granted.").

*Suppressed v. Suppressed*, Docket No. 14-10471, Motion No. 14M135, 2014 J. Sup. Ct. U.S. 923 (June 29, 2015) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

Denied

*M.J. v. Wash. Univ. in St. Louis Physicians*, Docket No. 14-6960, Motion No. 14M38, 2014 J. Sup. Ct. U.S. 201 (Oct. 20, 2014) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

*Moses v. Tex. Workforce Comm'n*, Motion No. 14M59, 2014 J. Sup. Ct. U.S. 347 (Dec. 8, 2014) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record denied.").

*Goldblatt v. Kansas City*, Motion No. 14M71, 2014 J. Sup. Ct. U.S. 458 (Jan. 20, 2015) ("The motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal is denied.").

*Tanasescu v. State Bar of Cal.*, Motion No. 14M82, 2014 J. Sup. Ct. U.S. 513 (Feb. 23, 2015) ("Motion for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

**October Term 2015: Sealing granted in nineteen cases and denied in zero cases.[31]**

<u>Granted</u>

*Eastman Kodak Co. v. Collins Inkjet Corp.*, Docket No. 15-412, Motion No. 15M1, 2015 J. Sup. Ct. U.S. 3 (Oct. 5, 2015) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Vann v. United States*, Docket No. 15-6396, Motion No. 15M2, 2015 J. Sup. Ct. U.S. 3 (Oct. 5, 2015) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Clark v. Allen & Overy*, Docket No. 15-6397, Motion No. 15M22, 2015 J. Sup. Ct. U.S. 5 (Oct. 5, 2015) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Boehringer Ingelheim v. Federal Trade Comm'n*, Docket No. 15-560, Motion No. 15M42, 2015 J. Sup. Ct. U.S. 201 (Nov. 2, 2015) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*J.D.T. v. United States*, Docket No. 14-9590, 2015 J. Sup. Ct. U.S. 219 (Nov. 2, 2015) ("The motion of petitioner for leave to file a reply brief under seal with redacted copies for the public record is granted. The petition for a writ of certiorari is denied.").

*McWane, Inc. v. Federal Trade Comm'n*, Docket No. 15-706, Motion No. 15M54, 2015 J. Sup. Ct. U.S. 289 (Nov. 30, 2015) ("The motions of petitioners for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Norton v. Me. Dep't of Health*, Docket No. 15-7161, Motion No. 15M55, 2015 J. Sup. Ct. U.S. 289 (Nov. 30, 2015) ("The motions of petitioners for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Ranza v. Nike*, Docket No. 15-756, Motion No. 15M65, 2015 J. Sup. Ct. U.S. 353 (Dec. 14, 2015) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

---

[31] Compiled using the Journal of the Supreme Court of the United States for October Term 2015, https://www.supremecourt.gov/orders/journal/jnl15.pdf.

*Whole Woman's Health v. Hellerstedt*, Docket No. 15-274, 2015 J. Sup. Ct. U.S. 466 (Jan. 25, 2016) ("The motion of petitioners to file Volume VIII of the joint appendix under seal is granted.").

*In re Jacob Ben-Ari*, Docket No. 14-10470, 2015 J. Sup. Ct. U.S. 475 (Jan. 25, 2016) ("The motion of petitioner for leave to file a petition for rehearing under seal with redacted copies for the public record is granted. The petition for rehearing is denied.").

*Joseph H. v. California*, Docket No. 15-1086, Motion No. 15M82, 2015 J. Sup. Ct. U.S. 510 (Feb. 29, 2016) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Konover v. Wells Fargo Bank*, Docket No. 15-1175, Motion No. 15M89, 2015 J. Sup. Ct. U.S. 617 (Mar. 1, 2016) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Shukh v. Seagate Tech., LLC*, Docket No. 15-1285, Motion No. 15M101, 2015 J. Sup. Ct. U.S. 701 (Apr. 18, 2016) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Biros v. Kane*, Docket No. 15-910, Motion No. 15M75, 2015 J. Sup. Ct. U.S. 437 (Jan. 19, 2016) ("Motion for leave to file a petition for a writ of certiorari under seal is granted."); *id.* at 774 (May 2, 2016) ("Motion of respondents for leave to file a brief in opposition under seal is granted. The motion of petitioner for leave to file a reply brief under seal is granted.").

*V.E. v. Me. Dep't of Health*, Docket No. 15-9317, Motion No. 15M113, 2015 J. Sup. Ct. U.S. 789 (May 16, 2016) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*Heather S. v. Conn. Dep't of Children & Families*, Docket No. 15-9318, Motion No. 15M114, 2015 J. Sup. Ct. U.S. 789 (May 16, 2016) ("The motion of petitioner for leave to proceed *in forma pauperis* with the declaration of indigency under seal is granted.").

*Chisholm v. Two Unnamed Petitioners*, Docket No. 15-1416, Motion No. 15M121, 2015 J. Sup. Ct. U.S. 832 (May 23, 2016) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Beasley v. Jones*, Docket No. 15-9598, Motion No. 15M125, 2015 J. Sup. Ct. U.S. 868 (June 6, 2016) ("Motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*H.M. v. Pa. Dep't of Human Services*, Docket No. 15-9696, Motion No. 15M130, 2015 J. Sup. Ct. U.S. 887 (June 13, 2016) ("Motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

<u>Denied</u>

None.

**October Term 2016: Sealing granted in fourteen cases and denied in five cases.[32]**

Granted

*Logan v. United States*, Docket No. 16-6267, Motion No. 16M6, 2016 J. Sup. Ct. U.S. 3 (Oct. 3, 2016) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record is granted.").

*Bonner v. Bonner*, Docket No. 16-6281, Motion No. 16M26, 2016 J. Sup. Ct. U.S. 5 (Oct. 3, 2016) ("Motion of petitioner for leave to proceed *in forma pauperis* with the declaration of indigency under seal is granted.").

*Fjord v. Kelleher*, Docket No. 16-465, Motion No. 16M31, 2016 J. Sup. Ct. U.S. 146 (Oct. 11, 2016) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal is granted.").

*Johnson v. Bae Sys., Inc.*, Docket No. 16-6843, Motion No. 16M52, 2016 J. Sup. Ct. U.S. 255 (Nov. 14, 2016) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Mack v. Huston*, Docket No. 16-6844, Motion No. 16M53, 2016 J. Sup. Ct. U.S. 255 (Nov. 14, 2016) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted.").

*Sealed v. Sealed*, Docket No. 16-7001, Motion No. 16M58, 2016 J. Sup. Ct. U.S. 274 (Nov. 28, 2016) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

*Wi-Lan USA v. Apple*, Docket No. 16-913, Motion No. 16M74, 2016 J. Sup. Ct. U.S. 445 (Jan. 23, 2017) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted.").

*Woodman's Food Mkt. v. Clorox*, Docket No. 16-914, Motion No. 16M75, 2016 J. Sup. Ct. U.S. 445 (Jan. 23, 2017) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*TC Heartland v. Kraft Food Grp. Brands*, Docket No. 16-341, 2016 J. Sup. Ct. U.S. 521 (Feb. 27, 2017) ("Motion of petitioner to file the joint appendix under seal with redacted copies for the public record granted.").

---

[32] Compiled using the Journal of the Supreme Court of the United States for October Term 2016, https://www.supremecourt.gov/orders/journal/jnl16.pdf.

*Bonner v. Superior Court*, Docket No. 16-8423, Motion No. 16M93, 2016 J. Sup. Ct. U.S. 563 (Mar. 20, 2017) ("Motion of petitioner for leave to proceed *in forma pauperis* with the declaration of indigency under seal granted.").

*Oquendo Rivas v. United States*, Docket No. 16-8496, Motion No. 16M98, 2016 J. Sup. Ct. U.S. 599 (Mar. 27, 2017) ("Motion for leave to file a petition for writ of certiorari with the supplemental appendix under seal granted.").

*Epstein v. Epstein*, Docket No. 16-1162, Motion No. 16M104, 2016 J. Sup. Ct. U.S. 600 (Mar. 27, 2017) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

*Wyatt v. Gilmartin*, Docket No. 16-1237, Motion No. 16M113, 2016 J. Sup. Ct. U.S. 642 (Apr. 17, 2017) ("Motion for leave to file a petition for writ of certiorari under seal granted.").

*R.M. v. Comm. on Character*, Docket No. 16-8727, Motion No. 16M116, 2016 J. Sup. Ct. U.S. 642 (Apr. 17, 2017) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record granted.").

Denied

*Applicant v. Comm. on Character*, Motion No. 16M23, 2016 J. Sup. Ct. U.S. 4 (Oct. 3, 2016) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

*Ortiz v. Jimenez-Sanchez*, Motion No. 16M82, 2016 J. Sup. Ct. U.S. 470 (Feb. 21, 2017) ("Motion of petitioner for leave to proceed *in forma pauperis* with the declaration of indigency under seal denied.").

*Stancu v. Starwood Hotels*, Docket No. 17-6310, Motion No. 16M92, 2016 J. Sup. Ct. U.S. 563 (Mar. 20, 2017) ("Motion for leave to file a petition for writ of certiorari under seal denied."); *id.* at 876, Motion No. 16M144 (June 26, 2017) ("Motion for leave to file a petition for writ of certiorari under seal with redacted copies for the public record denied.").

*In Re RE017699808US-01 Trust*, Motion No. 16M102, 2016 J. Sup. Ct. U.S. 600 (Mar. 27, 2017) ("Motion for leave to file a petition for writ of prohibition under seal denied.").

*Langan v. Downie*, Motion No. 16M125, 2016 J. Sup. Ct. U.S. 723 (May 15, 2017) ("Motion for leave to file a petition for writ of certiorari under seal denied.").

**October Term 2017: Sealing granted in thirty-one cases and denied in two cases.[33]**

Granted

---

[33] Compiled using the Journal of the Supreme Court of the United States for October Term 2017, https://www.supremecourt.gov/orders/journal/jnl17.pdf.

*Williams v. Smith*, Docket No. 17-6204, Motion No. 17M1, 2017 J. Sup. Ct. U.S. 3 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Chabot v. United States*, Docket No. 17-477, Motion No. 17M2, 2017 J. Sup. Ct. U.S. 3 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Blyden v. United States*, Docket No. 17-6205, Motion No. 17M9, 2017 J. Sup. Ct. U.S. 4 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Garcia v. United States*, Docket No. 17-6208, Motion No. 17M10, 2017 J. Sup. Ct. U.S. 4 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Hankston v. Texas*, Docket No. 17-6213, Motion No. 17M12, 2017 J. Sup. Ct. U.S. 4 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Anderson v. United States*, Docket No. 17-6216, Motion No. 17M19, 2017 J. Sup. Ct. U.S. 4 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Newman v. Nat'l Abortion Fed'n*, Docket No. 17-482, Motion No. 17M22, 2017 J. Sup. Ct. U.S. 5 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Casteel v. United States*, Docket No. 17-6220, Motion No. 17M36, 2017 J. Sup. Ct. U.S. 5 (Oct. 2, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*S. Baptist Hosp. v. Charles*, Docket No. 16-1446, 2017 J. Sup. Ct. U.S. 114 (Oct. 2, 2017) ("The motion for leave to file a brief in opposition under seal with redacted copies for the public record is granted. The motion for leave to file a motion for just damages and costs pursuant to Rule 42.2 under seal with redacted copies for the public record is granted. The motion for leave to file a response to motion for leave to file a motion for just damages and costs pursuant to Rule 42.2 under seal with redacted copies for the public record is granted.").

*Stancu v. Starwood Hotels*, Docket No. 17-6310, Motion No. 17M40, 2017 J. Sup. Ct. U.S. 147 (Oct. 10, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*KKE v. Or. Dep't of Human Servs.*, Docket No. 17-336, Motion No. 17M46, 2017 J. Sup. Ct. U.S. 177 (Oct. 16, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Cota v. United States*, Docket No. 17-6644, Motion No. 17M52, 2017 J. Sup. Ct. U.S. 229 (Nov. 6, 2017) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Blackwell v. South Carolina*, Docket No. 17-6882, Motion No. 17M60, 2017 J. Sup. Ct. U.S. 271 (Nov. 27, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Bailey v. United States*, Docket No. 17-7034, Motion No. 17M67, 2017 J. Sup. Ct. U.S. 333 (Dec. 11, 2017) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Sealed Appellant v. Sealed Appellee*, Docket No. 17-7035, Motion No. 17M69, 2017 J. Sup. Ct. U.S. 333 (Dec. 11, 2017) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*Maldonado-Franco v. United States*, Docket No. 17-7440, Motion No. 17M77, 2017 J. Sup. Ct. U.S. 437 (Jan. 22, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Heslop v. United States*, Docket No. 17-7484, Motion No. 17M79, 2017 J. Sup. Ct. U.S. 437 (Jan. 22, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Dahda v. United States*, Docket No. 17-43, 2017 J. Sup. Ct. U.S. 437–38 (Jan. 22, 2018) ("The motion of petitioner for leave to file Volume II of the joint appendix under seal is granted.").

*Koons v. United States*, Docket No. 17-5716, 2017 J. Sup. Ct. U.S. 466 (Feb. 20, 2018) ("The motion of petitioners for leave to file a supplemental volume of the joint appendix under seal is granted.").

*Hamm v. Dunn*, Docket No. 17-7855, Application No. 17A900, 2017 J. Sup. Ct. U.S. 517 (Feb. 22, 2018) ("Motion for leave to file documents under seal with redacted copies for the public record granted.").

*Chavez-Meza v. United States*, Docket No. 17-5639, 2017 J. Sup. Ct. U.S. 602 (Mar. 26, 2018) ("The motion of petitioner for leave to file Volume II of the joint appendix under seal granted.").

*In re Grand Jury Subpoenas Returnable Dec. 16, 2015*, Docket No. 17-1381, Motion No. 17M97, 2017 J. Sup. Ct. U.S. 602 (Apr. 2, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Carbajal-Valdez v. United States*, Docket No. 17-8600, Motion No. 17M105, 2017 J. Sup. Ct. U.S. 679 (Apr. 23, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Alexsam, Inc. v. Wildcard Sys., Inc.*, Docket No. 17-1483, Motion No. 17M108, 2017 J. Sup. Ct. U.S. 701 (Apr. 30, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Wedington v. United States*, Docket No. 17-8889, Motion No. 17M110, 2017 J. Sup. Ct. U.S. 727 (May 14, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Brown v. United States*, Docket No. 17-1604, Motion No. 17M123, 2017 J. Sup. Ct. U.S. 775 (May 29, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Azar v. Garza*, Docket No. 17-654, 2017 J. Sup. Ct. U.S. 795 (June 4, 2018) ("The motion of petitioners to lodge non-record material under seal with redacted copies for the public record is granted.").

*Lyon v. Canadian Nat'l Ry. Co.*, Docket No. 17-1646, Motion No. 17M126, 2017 J. Sup. Ct. U.S. 814 (June 11, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Kelly v. United States*, Docket No. 17-9416, Motion No. 17M129, 2017 J. Sup. Ct. U.S. 839 (June 18, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Sealed Appellant v. Sealed Appellee*, Docket No. 17-9417, Motion No. 17M130, 2017 J. Sup. Ct. U.S. 839 (June 18, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Jordan v. United States*, Docket No. 16-6694, 2017 J. Sup. Ct. U.S. 897 (June 28, 2018) ("The motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record is granted.").

<u>Denied</u>

*Doe v. United States*, Docket No. 17-7387, Motion No. 17M73, 2017 J. Sup. Ct. U.S. 356 (Jan. 8, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is denied.").

*Doe v. United States*, Motion No. 17M106, 2017 J. Sup. Ct. U.S. 701 (Apr. 30, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is denied.").

**October Term 2018: Sealing granted in forty-six cases and denied in two cases.[34]**

Granted

*Father v. Me. Dep't of Health*, Docket No. 17-1544, Motion No. 18M1, 2018 J. Sup. Ct. U.S. 3 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*Jason K. v. Me. Dep't of Health*, Docket No. 17-9484, Motion No. 18M8, 2018 J. Sup. Ct. U.S. 3 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*Rodriguez v. United States*, Docket No. 18-6143, Motion No. 18M9, 2018 J. Sup. Ct. U.S. 3 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Aquino-Florenciani v. United States*, Docket No. 18-6150, Motion No. 18M14, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.).

*Thelemaque v. United States*, Docket No. 18-6151, Motion No. 18M16, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Sealed Appellee v. United States*, Docket No. 18-6157, Motion No. 18M17, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Murray v. Ryan*, Docket No. 18-5271, Motion No. 18M20, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Jones v. United States*, Docket No. 18-6163, Motion No. 18M21, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Laschkewitsch v. Reliastar Life Ins. Co.*, Docket No. 18-6164, Motion No. 18M22, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

---

[34] Compiled using the Journal of the Supreme Court of the United States for October Term 2018, https://www.supremecourt.gov/orders/journal/jnl18.pdf.

*M.E.D. v. New Jersey*, Docket No. 18-6152, Motion No. 18M23, 2018 J. Sup. Ct. U.S. 4 (Oct. 1, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Medina v. United States*, Docket No. 18-6156 Motion No. 18M34, 2018 J. Sup. Ct. U.S. 5 (Oct. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Schein Inc. v. Archer & White Sales, Inc.*, Docket No. 17-1272, 2018 J. Sup. Ct. U.S. 6 (Oct. 1, 2018) ("The motion of petitioners to file Volume II of the joint appendix under seal is granted.").

*Bucklew v. Precythe*, Docket No. 17-8151, 2018 J. Sup. Ct. U.S. 7 (Oct. 1, 2018) ("The motion of petitioner to file Volume III of the joint appendix under seal with redacted copies of the transcript for the public record is granted.").

*Laschkewitsch v. American Nat'l Life Ins. Co.*, Docket No. 18-6228, Motion No. 18M42, 2018 J. Sup. Ct. U.S. 146 (Oct. 9, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Wairi v. United States*, Docket No. 18-6229, Motion No. 18M43, 2018 J. Sup. Ct. U.S. 146 (Oct. 9, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Johnson v. United States*, Docket No. 18-6232, Motion No. 18M44, 2018 J. Sup. Ct. U.S. 146 (Oct. 9, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Nieves v. Bartlett*, Docket No. 17-1174, 2018 J. Sup. Ct. U.S. 147 (Oct. 9, 2018) ("The motion of respondent to file volume II of the joint appendix under seal is granted.").

*Lyon v. Canadian Nat'l Railway Co.*, Docket No. 18-474, Motion No. 18M50, 2018 J. Sup. Ct. U.S. 179 (Oct. 15, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Zaremba Family Farms, Inc. v. Encana Oil & Gas (USA) Inc.*, Docket No. 18-475, Motion No. 18M51, 2018 J. Sup. Ct. U.S. 179 (Oct. 15, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Reid v. United States*, Docket No. 18-6319, Motion No. 18M52, 2018 J. Sup. Ct. U.S. 179 (Oct. 15, 2018) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*McGhee v. Davis*, Docket No. 18-6320, Motion No. 18M54, 2018 J. Sup. Ct. U.S. 179 (Oct. 15, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Rodwell v. Massachusetts*, Docket No. 18-6659, Motion No. 18M62, 2018 J. Sup. Ct. U.S. 261 (Nov. 1, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Zukerman v. United States*, Docket No. 18-642, Motion No. 18M64, 2018 J. Sup. Ct. U.S. 283 (Nov. 19, 2018) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Bush v. Arizona*, Docket No. 18-7235, Motion No. 18M82, 2018 J. Sup. Ct. U.S. 358 (Jan. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted."); *id.* at 679 (Apr. 15, 2019) ("The motion of respondent for leave to file brief in opposition with the appendix under seal is granted. The motion for leave to file reply brief under seal with redacted copies for the public record is granted.").

*Doe v. United States*, Docket No. 18-7249, Motion No. 18M83, 2018 J. Sup. Ct. U.S. 358 (Jan. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*WesternGeco v. Ion Geophysical Corp.*, Docket No. 18-861, Motion No. 18M86, 2018 J. Sup. Ct. U.S. 359 (Jan. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*FCA US LLC v. Flynn*, Docket No. 18-398, 2018 J. Sup. Ct. U.S. 395 (Jan. 7, 2019) ("The motion of respondents for leave to file a brief in opposition under seal with redacted copies for the public record is granted.").

*Deuschel v. USC Faculty Dental Practice*, Docket No. 18-7384, Motion No. 18M88, 2018 J. Sup. Ct. U.S. 417 (Jan. 14, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*In re Grand Jury Subpoena*, Docket No. 18-948, Application No. 18A669, Motion No. 18M93, 2018 J. Sup. Ct. U.S. 439 (Jan. 22, 2019) ("The applications for leave to file the application for stay, the response, and the reply under seal presented to The Chief Justice and by him referred to the Court are granted."; *id.* at 440 (Jan. 22, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted."); *id.* at 461 (Feb. 19, 2019) ("Motion of Reporters Committee for Freedom of the Press to intervene denied. Motion of respondent for leave to file redacted copies of the application for stay, response, and reply granted."); *id.* at 613 (Mar. 25, 2019) ("The motion of respondent for leave to file a supplemental brief under seal is granted. The motion of petitioner for leave to file a supplemental reply brief under seal with redacted copies for the public record is granted in part; the supplemental reply brief will be filed under seal.").

*Garcia v. United States*, Docket No. 18-7482, Motion No. 18M89, 2018 J. Sup. Ct. U.S. 440 (Jan. 22, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*A.R. v. Fla. Dep't of Children*, Docket No. 18-8023, Motion No. 18M98, 2018 J. Sup. Ct. U.S. 460 (Feb. 19, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal is granted.").

*RPX Corp. v. Applications in Internet Time, LLC*, Docket No. 18-1075, Motion No. 18M100, 2018 J. Sup. Ct. U.S. 460 (Feb. 19, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Rodriguez v. New Jersey*, Docket No. 18-8024, Motion No. 18M101, 2018 J. Sup. Ct. U.S. 460 (Feb. 19, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Colo. Indep. v. Dist. Court*, Docket No. 18-404, 2018 J. Sup. Ct. U.S. 494 (Feb. 19, 2019) ("The motion of respondent District Court of Colorado for leave to file a supplemental appendix under seal is granted.").

*In re Twelve Grand Jury Subpoenas*, Docket No. 18-1207, Motion No. 18M113, 2018 J. Sup. Ct. U.S. 563 (Mar. 18, 2019) ("The motions for leave to file petitions for writs of certiorari under seal with redacted copies for the public record are granted.").

*Runnels v. Davis*, Docket No. 18-8440, Motion No. 18M114, 2018 J. Sup. Ct. U.S. 563 (Mar. 18, 2019) ("The motions for leave to file petitions for writs of certiorari under seal with redacted copies for the public record are granted."); *id.* at 895 (June 24, 2019) ("The motion of respondent for leave to file a brief in opposition under seal with redacted copies for the public record is granted. The motion of petitioner for leave to file a reply brief under seal with redacted copies for the public record is granted.").

*Deck v. Jennings*, Docket No. 18-8820, Motion No. 18M126, 2018 J. Sup. Ct. U.S. 655 (Apr. 15, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Sealed Appellant v. Sealed Appellee*, Docket No. 18-8821, Motion No. 18M131, 2018 J. Sup. Ct. U.S. 656 (Apr. 15, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Reynolds v. United States*, Docket No. 18-8822, Motion No. 18M132, 2018 J. Sup. Ct. U.S. 656 (Apr. 15, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with Appendix B available for the public record is granted.").

*Maria S. v. Garza*, Docket No. 18-1350, Motion No. 18M141, 2018 J. Sup. Ct. U.S. 717 (Apr. 29, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Shoop v. Terry*, Docket No. 18-9239, Motion No. 18M147, 2018 J. Sup. Ct. U.S. 743 (May 13, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Cordoba v. United States*, Docket No. 18-9240, Motion No. 18M148, 2018 J. Sup. Ct. U.S. 743 (May 13, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Sealed Appellant v. Sealed Appellee*, Docket No. 18-9241, Motion No. 18M153, 2018 J. Sup. Ct. U.S. 744 (May 13, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Price v. Dunn*, Application No. 18A1238, 2018 J. Sup. Ct. U.S. 813 (May 30, 2019) ("The applications for leave to file the application for stay and the response under seal with redacted copies for the public record granted.").

*Doe v. United States*, Docket No. 18-1522, Motion No. 18M166, 2018 J. Sup. Ct. U.S. 835 (June 10, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Ekwunife v. Philadelphia*, Docket No. 18-9655, Motion No. 18M168, 2018 J. Sup. Ct. U.S. 855 (June 17, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

Denied

*In re Seal Petitioner*, Motion No. 18M57, 2018 J. Sup. Ct. U.S. 199 (Oct. 29, 2018) ("The motion for leave to file a petition for a writ of mandamus under seal with redacted copies for the public record is denied.").

*Baouch v. Werner*, Docket No. 18-1541, Motion No. 18M167, 2018 J. Sup. Ct. U.S. 835 (June 10, 2019) ("The motion of respondents to file the petition for writ of certiorari under seal with redacted copies for the public record is denied.").

**October Term 2019 (through December 13): Sealing granted in eighteen cases and denied in one case.[35]**

Granted

*K.S. v. Contra Costa Cty. Children & Family Servs.*, Docket No. 19-6175, Motion No. 19M2, 2019 J. Sup. Ct. U.S. 6 (Oct. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

---

[35] Compiled using the Journal of the Supreme Court of the United States for October Term 2019, https://www.supremecourt.gov/orders/journal/jnl19.pdf, as well as the Court's order lists for the current term, https://www.supremecourt.gov/orders/ordersofthecourt/19.

*Robertson v. Davis*, Docket No. 19-6181, Motion No. 19M9, 2019 J. Sup. Ct. U.S. 7 (Oct. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Smiley v. United States*, Docket No. 19-6185, Motion No. 19M19, 2019 J. Sup. Ct. U.S. 7 (Oct. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Arris Int'l v. Iancu*, Docket No. 19-455, Motion No. 19M28, 2019 J. Sup. Ct. U.S. 8 (Oct. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Herrin v. United States*, Docket No. 19-6188, Motion No. 19M31, 2019 J. Sup. Ct. U.S. 8 (Oct. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*Cook v. United States*, Docket No. 19-6190, Motion No. 19M50, 2019 J. Sup. Ct. U.S. 10 (Oct. 7, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*K.N. v. Mont. Dep't of Public Health*, Docket No. 19-6191, Motion No. 19M51, 2019 J. Sup. Ct. U.S. 10 (Oct. 7, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*In re Twelve Grand Jury Subpoenas*, Docket No. 18-1207, 2019 J. Sup. Ct. U.S. 119 (Oct. 7, 2019) ("The motion for leave to file a brief in opposition under seal with redacted copies for the public record is granted. The motion for leave to file a reply brief under seal with redacted copies for the public record is granted.").

*Goynes v. Nebraska*, Docket No. 19-6267, Motion No. 19M52, 2019 J. Sup. Ct. U.S. 150 (Oct. 15, 2019) ("Motion for leave to file a petition for writ of certiorari with supplemental appendix under seal granted.").

*Doe v. Fed. Election Comm'n*, Docket No. 19-484, Motion No. 19M54, 2019 J. Sup. Ct. U.S. 150 (Oct. 15, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

*Dep't Homeland Sec. v. Ibrahim*, Docket No. 18-1509, 2019 J. Sup. Ct. U.S. 168 (Oct. 15, 2019) ("The motion for leave to file a reply brief under seal with redacted copies for the public record is granted.").

*Doe v. United States*, Docket No. 18-1522, 2019 J. Sup. Ct. U.S. 168 (Oct. 15, 2019) ("The motion for leave to file a brief in opposition under seal with redacted copies for the public record is granted. The motion for leave to file a reply brief under seal with redacted copies for the public record is granted.").

*Velasquez Perez v. Palencia*, Docket No. 19-6310, Motion No. 19M56, 2019 J. Sup. Ct. U.S. 184 (Oct. 21, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Doe v. Dardanelle Sch. Dist.*, Docket No. 19-509, Motion No. 19M57, 2019 J. Sup. Ct. U.S. 184 (Oct. 21, 2019) ("The motions for leave to file petitions for writs of certiorari with the supplemental appendices under seal are granted.").

*Lamprell v. Stuckey*, Docket No. 19-577, Motion No. 19M61, Order List (Nov. 4, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*June Med. Serv. v. Gee*, Docket No. 18-1323; *Gee v. June. Med. Serv.*, Docket No. 18-1460, Order List (Nov. 18, 2019) ("The motion of petitioners for leave to file the joint appendix pursuant to Rule 33.2 with one volume under seal is granted.").

*Doe v. United States*, Docket No. 19-665, Motion No. 19M66, Order List (Nov. 25, 2019) ("The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.").

*White v. United States*, Motion No. 19M75, Order List (Dec. 9, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.").

<u>Denied</u>

*Caputo v. United States*, Docket No. 19-5646, Motion No. 19M40, 2019 J. Sup. Ct. U.S. 9 (Oct. 7, 2019) ("The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is denied.").