May 15, 2013 11:22 AM  3478242006 To: 17186132446 Page 1/5  From: Richard E. Lerner, Attorney at Law
Case 1:12-mc-00150-ILG  Document 121  Filed 05/17/13  Page 1 of 5 PageID #: 1627

# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

Richard E. Lerner, Esq.
255 West 36th Street, Suite 401
New York, New York 10018
(917) 584-4864
Fax: (347) 824-2006
richardlerner@msn.com

May 15, 2013                TRANSMITTED BY FAX NOT ECF SO THE
                            COURT MAY CONFIRM THE ENTIRETY OF
Hon. I. Leo Glasser         ITS CONTENTS IS PUBLIC PROPERTY AND
United States District Judge MUST BE PUBLICLY UPLOADED WITHOUT
Eastern District of New York REDACTION IMMEDIATELY
225 Cadman Plaza East       FAX TO 718-613-2446
Brooklyn, New York 11201

**Request For: *Emergency Prerogative Quo Warranto*
Relief From Prior Restraint With Respect To the Order
Docketed On March 13, 2013 (Docket No. 105)**

**That This Court Show Cause By What Authority It Believes, If It
Believes, It Has Lawfully Concealed Said Judicial Document From
the Public and Enjoined Its Dissemination by Those Who Have It**

Dear Judge Glasser:

We write in receipt of a May 8, 2013 letter from the U.S. Supreme Court requiring we seek clarification from your honor with respect to the March 13, 2013 order on docket 12-MC-150 (no. 105) which the Supreme Court calls "apparently" sealed. The letter triggers a jurisdictional fifteen days therefrom to obtain clarification. We seek emergency relief from a certain portion of the March 13th Order insofar as it unlawfully (ultra vires) or invalidly (unconstitutionally) bears the legend "FILED UNDER SEAL."

It is manifestly unlawful and unconstitutional insofar as:

(i) There is no procedurally valid antecedent sealing order, nor even a *post hoc* sealing order. Thus it is not "sealed" – rather, it is "concealed."

(ii) It is outside the jurisdiction of this court, regardless of procedure, to enjoin, conceal, hide, or otherwise restrict dissemination of, or access to, information that was revealed in open court. Any recitation in that order as to what occurred in open court cannot lawfully be sealed.

(iii) There was no requisite procedural due process prior to its issuance. That is, to the extent that anyone might claim that placing the words "filed under seal" on an order may constitute a prior restraint gag order, we note that prior to its issuance the court did not give notice and an opportunity to be heard, and most important…

1

May 15, 2013 11:22 AM  3478242006 To: 17186132446  Page 3/5  From: Richard E. Lerner, Attorney at Law
Case 1:12-mc-00150-ILG  Document 121  Filed 05/17/13  Page 3 of 5 PageID #: 1629

THREE. What happens in open court is public property. Dissemination of such information cannot lawfully be enjoined, nor the record of its existence concealed. *Craig v. Harney*, 331 U.S. 367 (1947). So, assume for sake of analysis that at Mr. Sater's sentencing, XYZ information was revealed. Clearly, such XYZ information, merely by the court having placing it in an order bearing the words "filed under seal," cannot actually have sealed, much less gagged, such information. And to the extent that the court (or the U.S. Attorney) might threaten to prosecute someone who would thereafter state XYZ in public, merely because the words "under seal" were placed on the order, any such threat itself would be unconstitutional.[3]

FOUR. Mr. Sater was sentenced in open court; so, if for example the "XYZ" information concerned the public sentencing of Mr. Sater, it cannot possibly be illegal to tell anyone that Mr. Sater was sentenced in open court, particularly since (a) sentencing him in open court was not only required by statute, it was (b) required that every one of his federally protected crime victims be personally and directly told of the sentencing in advance; and (c) it was required that the rest of the world be told as well.

### With respect to the transparent invalidity of the order, please consider:

ONE. The March 13th Order was not served on the undersigned or Mr. Oberlander. Indeed, as far as the Assistant United States Attorney is concerned, we should have never learned of the March 13th Order at all; apparently, it was intended to be filed secretly *ex parte* at the U.S. Supreme Court by the Solicitor General (who, it would appear, deemed it unlawful, or at the least unethical and deceitful, to submit papers to the U.S. Supreme Court in secret).[4] In light of the representation by Assistant U.S. Attorney

---

[3] Please note, in response to a congressional inquiry, Mr. Oberlander and I are providing information regarding the *Felix Sater* matter, the MVRA and CVRA violations therein, and related issues, to the staff counsel investigators of a congressional committee at their request. Accordingly, we remind this court, the government and Mr. Sater of 18 U.S.C. § 1505, which provides, in pertinent part: "Whoever corruptly … or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede …. the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress—[t] Shall be fined under this title, imprisoned not more than 5 years …." In no circumstances may the court issue an order purporting, or apply an existing order as, to bar or penalize the dissemination of the March 13th Order to Congress, in response to its investigation, and if the court, the government or Mr. Sater's counsel believes it appropriate to threaten contempt for responding to such inquiry, we ask that such be put in writing forthwith, so that we may provide it to Congress along with our written submission.

[4] In an extraordinary email dated March 27, 2013, Mr. Kaminsky wrote: "During a telephone call with Mr. Oberlander, I was informed that during the litigation over your petition for certiorari, the Solicitor General's Office inadvertently sent you a sealed, ex parte document issued by The Honorable I. Leo Glasser on March 13, 2013. As discussed, this document was sent to you in error and was not intended to be viewed by you, as Mr. Oberlander readily conceded that he understood that the telephone call. We request that you return the document, and any copies thereof, to the United States Attorney's Office for the Eastern District of New York (attn: Todd Kaminsky) as soon as possible." On March 27th we challenged the Assistant United States Attorney to produce a sealing order, and have not received one.

There will be no "return" of the order. It is not the property of the government. The government doesn't issue court orders. And Assistant U.S. attorneys do not speak for the Solicitor General; he can do so for himself. The Solicitor General sent the March 13th Order to us two times, by mail and email. It could not

---

May 15, 2013 11:22 AM  3478242006 To: 17186132446  Page 4/5  From: Richard E. Lerner, Attorney at Law
Case 1:12-mc-00150-ILG  Document 121  Filed 05/17/13  Page 4 of 5 PageID #: 1630

Kaminsky that there was some arrangement by which your honor's order was intended to be kept secret, we demand an explanation of the agreement made with the government and Mr. Sater's counsel and the reasons therefor.[5]

TWO. At sentencing, Mr. Sater revealed his past commission of apparently years of financial institution fraud; he acknowledged that the hiding of his conviction allowed him to borrow money from banks, which he never could have done had the banks known of his $40 million RICO conviction.

This court has formally recognized and informed the United States Supreme Court that Mr. Sater was sentenced in open court. That is a "judicial" admission by the court defied 18 USC §3553 (which requires the reading aloud of a statement of reasons if no or partial order of restitution is given), and that it defied 18 USC §3771 (which requires that the court ensure that the government notify Mr. Sater's victims in advance of the sentencing, so that they may be afforded the opportunity to be heard).

The court's failure to follow the law entitles Mr. Sater's victims, including those we represent, to demand that Mr. Sater be resentenced.[6] "Notwithstanding any law to the contrary," imposition of restitution is mandatory, and Ninth Circuit federal appellate precedent allows a demand for resentencing even "simply" for the court's failure to allow victims to be heard. Therefore, besides lacking the legal authority, i.e. equity jurisdiction, to override it by any court order *de jure* or *de facto*, your honor cannot constitutionally prohibit anyone from telling the victims information that would allow them to obtain restitution or any other right, including by resentencing, in no small part because your honor was required at the time to make sure that the government did. To the extent the March 13th Order contains information germane thereto which was made public at Mr. Sater's sentencing, dissemination of such information cannot be enjoined merely because the information may have been included in a later order that bore the words "filed under seal." Information made public at Mr. Sater's sentencing cannot be sealed, or embargoed. This court knows the principle: "The genie is out of the bottle; the cat is out of the bag."

*Then there is the interest in knowing not only did Mr. Sater get sentenced in public, but he there admitted a pattern of financial institution fraud and on top of that made it obvious that he had a deal, or he thought he did, for his entire conviction to be concealed forever, as he expressed upset at the sentencing that The New York Times had "outed" him and banks now suspected the truth. That is fascinating and disturbing and ought to be to quite a few people, including said banks and their stockholders, some of which Mr. Oberlander's clients derivatively represent. Anyone who thought he was due for imminent public sentencing and thereafter open court record would not be*

---

[5] As Judge Weinstein stated in the aforementioned order (see fn.1), "Particularly important is transparency in our judicial branch. Its power depends upon the people's confidence. That confidence is founded on the fact that the material judges rely on for decision is available to the public -- decisions by which judges' work is judged." Demand is made for explication of the reasons for the agreement with the government and Mr. Sater's counsel, so the public may properly judge your honor, or at least the Department of Justice.

[6] An application for the resentencing of Mr. Sater will soon be made.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In the Matter of the Motion to Unseal                     ORDER
Docket No. 98-1101                                        12 MC 150 (ILG)
-------------------------------------------------------x
GLASSER, United States District Judge:

On May 15, 2013, the Court received via facsimile from The Law Office of Richard E. Lerner, P.C., a five page letter which, in bold type, is introduced with these centered legends:

> Request for Emergency Prerogative *Quo Warranto*
> Relief From Prior Restraint With Respect to the Order
> Docketed on March 13, 2013
>
> That This Court Show Cause By What Authority It Believes, If It
> Believes, It Has Lawfully Concealed Said Judicial Document From
> the Public and Enjoined Its Dissemination by Those Who Have It

He then begins as follows: "We write in receipt of a May 8, 2013 letter from the U.S. Supreme Court requiring (emphasis mine) we seek clarification from your honor with respect to the March 13, 2013 order on docket 12-MC-150 (No. 105) which the Supreme Court calls "apparently" sealed. The letter triggers a jurisdictional fifteen days therefrom to obtain clarification. We seek emergency relief from a certain portion of the March 13th Order insofar as it unlawfully (ultra vires) or invalidly (unconstitutionally) bears the legend 'FILED UNDER SEAL.'" The letter was not filed on ECF because, as he announces at the outset in bold type, that he has not done so "so the court may confirm the entirety of its contents is public property and must be publicly uploaded without redaction immediately." His letter will be docketed and thus be made available to the public. I will not venture to summarize the letter or comment on its accusatory tenor,

e.g., "The court's failure to follow the law . . ." at p. 4; his reservation of "the right to supplement this, and invite the media, members of the public and Mr. Sater's many victims to join this application, at p. 5; his reminder to the Court, the government and Mr. Sater of 18 U.S.C. § 1505 which, in substance, makes it unlawful to obstruct or impede any Congressional inquiry on investigation, p. 3 n.3. The irrelevance of his "reservation" and "reminder" ostensibly prompted by a letter from the Clerk of the Supreme Court resonate with a sinister ring.

### Discussion

The May 8th letter from the Clerk of the Supreme Court regards Lerner's "petition for rehearing in this case" and is attached as an Exhibit to the government's letter in Opposition, Docket No. 119. It reads in part:

> On pages 4-7 of that petition, you quote from a March 14, 2013, order from the United States District Court for the Eastern District of New York. Because the first page of that order clearly reflects it is under seal, it would appear that the rehearing petition cannot be filed on the public record. If you wish to file the petition, you may ask the lower court to unseal those portions, or you may file a motion for leave to file the petition under seal with a redacted copy for the public record.
>
> Your rehearing petition will be deemed timely if you take the corrective action within 15 days of this letter. Rule 44.6.

It plainly does not require him to "seek clarification" of my order of March 13th. It explicitly advises him how to proceed. It does not characterize that Order as "apparently" sealed. It "clearly reflects it is under seal." His "Request" addressed to this Court in his May 15th submission is a misrepresentation of that letter. The emergency relief he seeks, he candidly states, is to have that order declared unlawful or

2

unconstitutional and uses the Clerk of the Court's letter as a pretext for yet another attack on this Court's Orders. His "Request" is denied.

I would also note that his request for Emergency *Quo Warranto* relief is misguided. As long ago as 1820, Chief Justice Marshall wrote that "a writ of *quo warranto* could not be maintained except at the instance of the government, and as the writ was issued by a private individual without the authority of the government it could not be sustained . . . ." Wallace v. Anderson, 18 U.S. 291, 292 (1820). See also Johnson v. Manhattan Ry Co., et al., 289 U.S. 479, 502 (1933), where the Court wrote "*Quo Warranto* is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights. It is an extraordinary proceeding, prerogative in nature, and in this instance could have been brought by the United States, and by it only, for there is no statute delegating to an individual the right to resort to it."; Allah v. Linde, 2008 WL 1699441 (W.S. Wash.) ("Under federal law, it appears that a *quo warranto* proceeding can be brought only by the United States, and not by private individuals.")

I confess to being confounded as to how to respond to his request that I show cause by what authority I assume the right to issue Orders in this case. Perhaps Article III of the United States Constitution is a responsive start. In addition, I would incorporate by reference, my Orders, docketed in 12 MC 150 and numbered, 42, 62, 104, 106, 109 and 118, in response. I would also add a few lines written by Judge Newman in In re Application of the Herald Company, 734 F.3d 93, 100 (2d Cir. 1984) as follows:

> "The trial judge must articulate the basis for appellate review. If such articulation would

3

itself reveal information entitled to remain confidential, the basis for closure may be set forth in a sealed portion of the record." Reliance on that teaching was placed in docket no. 106, my Order of March 13, 2013.

SO ORDERED.

Dated: Brooklyn, New York
May 17, 2013

/s/ I. Leo Glasser
I. Leo Glasser

4