**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**SECURITIES EXCHANGE ACT OF 1934**
**Release No. 92819 / August 30, 2021**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-20504**

**In the Matter of**

**MICHAEL VAX,**

**Respondent.**

**ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND NOTICE OF HEARING**

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate and in the public interest that public administrative proceedings be, and hereby are, instituted pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act") against Michael Vax ("Vax" or "Respondent").

**II.**

After an investigation, the Division of Enforcement alleges that:

A. RESPONDENT

1. From in or about 2012 through at least March 2013, Vax participated in an offering of Face Up Entertainment Group, Inc. ("Face Up") stock, which was a penny stock. Vax is 63 years old and resides in Old Bridge, New Jersey.

B. RESPONDENT'S CRIMINAL CONVICTION

2. On August 17, 2015, Vax pleaded guilty to three counts of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, one count of conspiracy to commit extortion in violation of 18 U.S.C. § 1951, and one count of conspiracy to commit money laundering in violation of 18 U.S.C.



§ 1956 in *United States v. Michael Vax,* 13 Cr. 410 (NRB). On April 16, 2019, Vax was sentenced to time served, seven years of supervised release, and ordered to forfeit $1,800,000.

3. The counts of the indictment to which Vax pled guilty alleged, among other things, that from at least in or about 2012 through on or about March 27, 2013, Vax and others conspired to commit securities fraud. In connection with his guilty plea, Vax admitted, among other things, that he was involved in a scheme to manipulate the price of Face Up stock so the individuals involved in the scheme would profit.

**III.**

In view of the allegations made by the Division of Enforcement, the Commission deems it necessary and appropriate in the public interest that public administrative proceedings be instituted to determine:

A. Whether the allegations set forth in Section II hereof are true and, in connection therewith, to afford Respondent an opportunity to establish any defenses to such allegations;

B. Whether, pursuant to Section 15(b)(6) of the Exchange Act, it is appropriate and in the public interest to suspend for a period not exceeding 12 months or to bar Vax from participating in any offering of penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock; or inducing or attempting to induce the purchase or sale of any penny stock.

**IV.**

IT IS ORDERED that a public hearing before the Commission for the purpose of taking evidence on the questions set forth in Section III hereof shall be convened at a time and place to be fixed by further order of the Commission, pursuant to Rule 110 of the Commission's Rules of Practice, 17 C.F.R. § 201.110.

IT IS FURTHER ORDERED that Respondent shall file an Answer to the allegations contained in this Order within twenty (20) days after service of this Order, as provided by Rule 220(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.220(b).

IT IS FURTHER ORDERED that the Division of Enforcement and Respondent shall conduct a prehearing conference pursuant to Rule 221 of the Commission's Rules of Practice, 17 C.F.R. § 201.221, within fourteen (14) days of service of the Answer. The parties may meet in person or participate by telephone or other remote means; following the conference, they shall file a statement with the Office of the Secretary advising the Commission of any agreements reached at said conference. If a prehearing conference was not held, a statement shall be filed with the Office of the Secretary advising the Commission of that fact and of the efforts made to meet and confer.

If Respondent fails to file the directed Answer, or fails to appear at a hearing or conference after being duly notified, the Respondent may be deemed in default and the proceedings may be determined against him upon consideration of this Order, the allegations of which may be deemed to be true as provided by Rules 155(a), 220(f), 221(f) and 310 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.155(a), 201.220(f), 201.221(f), and 201.310.

This Order shall be served forthwith upon Vax by any means permitted by the Commission's Rules of Practice.

The Commission finds that it would serve the interests of justice and not result in prejudice to any party to provide, pursuant to Rule 100(c) of the Commission's Rules of Practice, 17 C.F.R. § 201.100(c), that notwithstanding any contrary reference in the Rules of Practice to service of paper copies, service to the Division of Enforcement of all opinions, orders, and decisions described in Rule 141, 17 C.F.R. § 201.141, and all papers described in Rule 150(a), 17 C.F.R. § 201.150(a), in these proceedings shall be by email to the attorneys who enter an appearance on behalf of the Division, and not by paper service.

Attention is called to Rule 151(a), (b) and (c) of the Commission's Rules of Practice, 17 C.F.R. § 201.151(a), (b) and (c), providing that when, as here, a proceeding is set before the Commission, all papers (including those listed in the following paragraph) shall be filed electronically in administrative proceedings using the Commission's Electronic Filings in Administrative Proceedings (eFAP) system access through the Commission's website, www.sec.gov, at http://www.sec.gov/eFAP. Respondent also must serve and accept service of documents electronically. All motions, objections, or applications will be decided by the Commission.

The Commission finds that it would serve the interests of justice and not result in prejudice to any party to provide, pursuant to Rule 100(c) of the Commission's Rules of Practice, 17 C.F.R. § 201.100(c), that notwithstanding any contrary reference in the Rules of Practice to filing with or disposition by a hearing officer, all filings, including those under Rules 210, 221, 222, 230, 231, 232, 233, and 250 of the Commission's Rules of Practice, 17 C.F.R. §§ 201.210, 221, 222, 230, 231, 232, 233, and 250, shall be directed to and, as appropriate, decided by the Commission. This proceeding shall be deemed to be one under the 75-day timeframe specified in Rule of Practice 360(a)(2)(i), 17 C.F.R. § 201.360(a)(2)(i), for the purposes of applying Rules of Practice 233 and 250, 17 C.F.R. §§ 201.233 and 250.

The Commission finds that it would serve the interests of justice and not result in prejudice to any party to provide, pursuant to Rule 100(c) of the Commission's Rules of Practice, 17 C.F.R. § 201.100(c), that the Commission shall issue a decision on the basis of the record in this proceeding, which shall consist of the items listed at Rule 350(a) of the Commission's Rules of Practice, 17 C.F.R. § 201.350(a), and any other document or item filed with the Office of the Secretary and accepted into the record by the Commission. The provisions of Rule 351 of the Commission's Rules of Practice, 17 C.F.R. § 201.351, relating to preparation and certification of a record index by the Office of the Secretary or the hearing officer are not applicable to this proceeding.



The Commission will issue a final order resolving the proceeding after one of the following: (A) The completion of post-hearing briefing in a proceeding where the public hearing has been completed; (B) The completion of briefing on a motion for a ruling on the pleadings or a motion for summary disposition pursuant to Rule 250 of the Commission's Rules of Practice, 17 C.F.R. § 201.250, where the Commission has determined that no public hearing is necessary; or (C) The determination that a party is deemed to be in default under Rule 155 of the Commission's Rules of Practice, 17 C.F.R. § 201.155, and no public hearing is necessary.

In the absence of an appropriate waiver, no officer or employee of the Commission engaged in the performance of investigative or prosecuting functions in this or any factually related proceeding will be permitted to participate or advise in the decision of this matter, except as witness or counsel in proceedings held pursuant to notice. Since this proceeding is not "rule making" within the meaning of Section 551 of the Administrative Procedure Act, it is not deemed subject to the provisions of Section 553 delaying the effective date of any final Commission action.

By the Commission.

Vanessa A. Countryman
Secretary

UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 94992 / May 26, 2022

Admin. Proc. File No. 3-20504

In the Matter of

MICHAEL VAX

ORDER SCHEDULING BRIEFS

On August 30, 2021, the Securities and Exchange Commission issued an order instituting administrative proceedings ("OIP") against Michael Vax pursuant to Section 15(b) of the Securities Exchange Act of 1934.[1] Vax was served with the OIP on January 21, 2022, and his answer was due 20 days thereafter.[2] On April 6, 2022, because Vax had not filed an answer, the Commission ordered that he show cause by April 20, 2022, why he should not be deemed to be in default and why this proceeding should not be determined against him.[3]

On April 20, 2022, the parties filed a joint stipulation stating that Vax "recently hired counsel to represent him in this proceeding," and that the parties agreed, if approved by the Commission, that the time for Vax to file an answer be extended to May 11, 2022. After the Commission discharged the order to show cause and granted Vax an extension of time to file his answer,[4] Vax filed a Response to Penalty Proposed on May 11, 2022. We will construe Vax's Response to Penalty Proposed as his answer to the OIP.

The parties held a prehearing conference on May 20, 2022, and then submitted a joint statement regarding it on May 24, 2022. In the joint statement, the parties agreed "that this proceeding can be resolved by motion for summary disposition." The parties also submitted a proposed briefing schedule for such motions pursuant to Commission Rule of Practice 250.[5]

1 *Michael Vax*, Exchange Act Release No. 92819, 2021 WL 3894484 (Aug. 30, 2021).

2 *Vax*, 2021 WL 3894484, at *2; Rules of Practice 151(a), 160(b), 220(b), 17 C.F.R. §§ 201.151(a), 160(b), .220(b).

3 *Michael Vax,* Exchange Act Release No. 94621, 2022 WL 1032831 (Apr. 6, 2022)

4 *Michael Vax*, Exchange Act Release No. 94846, 2022 WL 1421487 (May 4, 2022).

5 *See* 17 C.F.R. § 201.250(b) (providing that summary disposition is appropriate if "there is no genuine issue with regard to any material fact and . . . the movant is entitled to summary



Based on the parties' agreement, it is appropriate to set the following briefing schedule for the motions for summary disposition. Accordingly, IT IS ORDERED that the any motion for summary disposition shall be filed by June 10, 2022; any opposition shall be filed by July 13, 2022; and any reply shall be filed by July 27, 2022.[6]

An opposition to a motion for summary disposition should precisely specify in the brief the basis for that opposition, identify with particularity the material factual issues in dispute, and address relevant Commission precedent.[7] Pursuant to Rule of Practice 180(c), a party's failure to file a brief or comply with this order may result in the Commission's determination of the matter at issue against that party, entry of default, dismissal of the proceeding, or the prohibition of the introduction of evidence or the exclusion of testimony regarding the matter at issue.[8]

The parties' attention is directed to the most recent amendments to the Commission's Rules of Practice, which took effect on April 12, 2021, and which include new e-filing requirements.[9]

disposition as a matter of law"). Motions for summary disposition may be made under Rule 250(b) after a respondent's answer has been filed and documents have been made available to the respondent for inspection and copying pursuant to Rule of Practice 230. *Id.*; 17 C.F.R. § 201.230. The parties should promptly inform the Commission if that has not yet occurred.

6 Attention is called to Rules of Practice 150-153, 17 C.F.R. §§ 201.150-153, with respect to form and service, and Rule of Practice 250(e) and (f), 17 C.F.R. § 250(e) and (f), with respect to length limitations. *See also In re: Pending Admin. Proceedings*, Exchange Act Release No. 88415, 2020 WL 1322001 (Mar. 18, 2020) (stating that "pending further order of the Commission, all reasonable requests for extensions of time will not be disfavored as stated in Rule 161" (citing 17 C.F.R. § 201.161(b)(1)).

7 *See, e.g.*, *Peter Siris*, Exchange Act Release No. 71068, 2013 WL 6528874, at *11 & n.68 (Dec. 12, 2013) (discussing appropriateness of summary disposition in follow-on proceedings and providing citations), *pet. denied*, 773 F.3d 89 (D.C. Cir. 2014); *Conrad P. Seghers*, Investment Advisers Act Release No. 2656, 2007 WL 2790633, at *4–6 (Sept. 26, 2007) (discussing unsuccessful attempt to oppose summary disposition), *pet. denied*, 548 F.3d 129 (D.C. Cir. 2008).

8 17 C.F.R. § 201.180(c).

9 *Amendments to the Commission's Rules of Practice*, Exchange Act Release No. 90442, 2020 WL 7013370 (Nov. 17, 2020), 85 Fed. Reg. 86,464, 86,474 (Dec. 30, 2020), https://www.sec.gov/rules/final/2020/34-90442a.pdf; *Instructions for Electronic Filing and Service of Documents in SEC Administrative Proceedings and Technical Specifications*, https://www.sec.gov/efapdocs/instructions.pdf. The amendments impose other obligations such as a new redaction and omission of sensitive personal information requirement. *Amendments to the Commission's Rules of Practice*, 85 Fed. Reg. at 86,465–81.

For the Commission, by the Office of the General Counsel, pursuant to delegated authority.

Vanessa A. Countryman
Secretary