ATTORNEY AFFIRMATION AND AFFIDAVIT IN SUPPORT OF
FRE § 201 REQUEST FOR JUDICIAL NOTICE, EVIDENTIARY PROFFER, STATUS REPORT

Counsel regrets that his filing Friday at 4.55pm accidentally omitted a document. Counsel corrects the error. Will the Court, pursuant to FRE § 201, please take notice that the attached **Exh. 1**, attested by undersigned Counsel for Plaintiffs a true and correct copy of what it purports to be as he personally downloaded from PACER on May 27, 2022, shows that Counsel, on its May 15, 2013 filing represented by his attorney, Richard E. Lerner, Esq., in *In re Unsealing 98-CR-1101*, 12-MC-150 (EDNY) (Glasser, J.), contains the following@ pgs. 1 and 3:

> TRANSMITTED BY FAX NOT ECF SO THE COURT MAY CONFIRM THE ENTIRETY OF ITS CONTENTS IS PUBLIC PROPERTY AND MUST BE PUBLICLY UPLOADED WITHOUT REDACTION IMMEDIATELY
> FAX TO 718-613-2446 ✓

(1) The above statement that it was being filed by fax to Judge Glasser's chambers, then accepted protocol for filing documents His Honor might determine could not immediately be made public, as Counsel also attests below, and as confirmed by the fax legend atop the pages showing receipt by said chambers; fax.

(2) That prominently in bold-face caption on the first substantive page it requests Judge Glasser to himself file it publicly on PACER without redaction to confirm that all that it describes is public property.

(3) That variously throughout its content, it argues that, on the assumption that Judge Glasser's May 13, 2013 order that was "slipped in" to the Supreme Court case awaiting decision in the cert pool without timely notice to us, as the Court has been made aware, not only did the filing in SCOTUS stated that Sater was sentenced in open court, but that that knowledge, both that he was sentenced in open court (and details read aloud and so on), as well as the knowledge that Judge Glasser and the EDNY USAO and SOCGEN wanted to tell the Supreme Court the same for purpose of defeating my cert petition, those facts were public property *ab initio* and that he should confirm that by publicly docketing the entire filing (Exh. 1). For the absence of ambiguity, the Court is merely asked to notice that the document makes those arguments, not whether they are "true" as to the law or any facts represented in them.

Then, will the Court, per FRE § 201, take notice that the attached **Exh. 2**, also attested by undersigned counsel as a true and correct copy personally downloaded from PACER that same date, contains the following @ pg. 3:

> therefrom to obtain clarification. We seek emergency relief from a certain portion of the March 13th Order insofar as it unlawfully (ultra vires) or invalidly (unconstitutionally) bears the legend 'FILED UNDER SEAL.'" The letter was not filed on ECF because, as he announces at the outset in bold type, that he has not done so "so the court may confirm the entirety of its contents is public property and must be publicly uploaded without redaction immediately." His letter will be docketed and thus be made available to the public. I will not venture to summarize the letter or comment on its accusatory tenor, ✓

Finally, if the Court will recall, Counsel has submitted the *ab initio* publicly available redacted SCOTUS Motion to Reconsider the denial of cert filed by (former) Solicitor General Paul Clement and Richard M. Lerner as his attorneys in which Mr. Clement argues that because Judge Glasser has just made it public property upon our request that he do so because the information it contains by its nature always did belong to the public and recall Counsel's explanation that at that time SCOTUS was refusing to file other than under seal anything that looked like it had been sealed below, while as of last month SCOTUS has promulgated though apparently not yet passed rules that state that they represent the current procedure anyway and which provide that any party who gets a document sealed there must the moment there is no basis for having it sealed in whole or in part so advised that court, whatever they do below, as SCOTUS will no longer rubber stamp a lower-court sealing as its own.

For the absence of ambiguity, the Court is not asked to notice the truth of any findings of fact, only that Judge Glasser did order it public immediately without controverting any of Mr. Lerner's representations. That is a judicial action which the Court may notice, including that it was in response to Counsel's request that Judge Glasser do so to confirm that the aforesaid information is public property. And though it would be redundant, Counsel could proffer this **Exh. 1** as a party admission pursuant to FRE § 502, as to Judge Glasser's state of mind with respect to that request and *an **adoptive admission** by his act of filing it publicly as to the correctness of Counsel's position stated therein that the information was indeed public.*

Of course, this means the government is facing a choice (of its own making) that it try to explain why Plaintiffs should not be able to introduce that SCOTUS filing into evidence under *In re Uppercu* or for that matter why to government should not be forced to admit, though that would require the Court's approval for limited expedited jurisdictional and sanction-related discovery, we have had to go through all this as the government hides behind judicial robes rather than just simply argue that "OK, fine, Judge Glasser had no known reason not to notify the victims and moreover numerosity is not a justification for non-notification and moreover Judge Glasser's 2019 Decision and Order previously admitted is consistent with Plaintiff's theory that it was the executive who asked Judge Glasser to issue judicial imprimatur upon the executive's decision not to tell the victims so Mr. Sater could keep $40 million as a reward for his cooperation and willingness to testify, see *Boise*, but Your Honor you can't call this a government taking because a judge was involved however peripherally or tangentially."

Your Honor, I did not want to go into a long weekend without continuing the filings. The reason for the time passing is that as noted we now have a totally unexpected transcript confirming our theory that the government hides cooperator cases by asking judges to conduct them in open court in a time place and manner where no one will know about it and so no one will show up, represent everywhere that it was in open court, except when they represent that no it wasn't it was under seal, as the circumstances suit them. And we have consistent percipient witness statements that can be authenticated on subpoena of defense counsels confirming this and that they have witnessed scores upon scores of situations where its "open court" then the moment its over it just disappears and the statement under oath or the equivalent (see 18 USC § 1001) that this is done to avoid victims' rights.

We also have the expository written statement of a sitting federal district court judge that this goes on and is a badly covered up attempt to evade the law. That of course is admissible as a party admission re state of mind of a status-qualified expert and presumptive percipient witness. The consequences of all this threaded together are not trivial. And there remains something wrong with a government filing papers here trying to deny jurisdiction

based on what they know are untruthful factual representations (besides the fact that the argument is frivolous) and what they know (because they themselves filed it) is incompatible with what they filed in the Supreme Court. There is more, because what's hidden in that secret order is much more and directly relevant here.

All are doing their best. But in the interest of confirming our good faith, please take notice under FRE § 201 of the following, which is from **Exh. 3**, a set of agency documents filed in an SEC civil enforcement action against one Michael Vax, predicated on his guilty plea and subsequent sentencing in an SDNY court for securities fraud. The sentence was handed down on April 16, 2019, according to the SEC filings on page 1:

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 92819 / August 30, 2021

ADMINISTRATIVE PROCEEDING
File No. 3-20504

| | |
|---|---|
| In the Matter of<br><br>MICHAEL VAX,<br><br>Respondent. | ORDER INSTITUTING ADMINISTRATIVE PROCEEDINGS PURSUANT TO SECTION 15(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND NOTICE OF HEARING |

A. **RESPONDENT**

1. From in or about 2012 through at least March 2013, Vax participated in an offering of Face Up Entertainment Group, Inc. ("Face Up") stock, which was a penny stock. Vax is 63 years old and resides in Old Bridge, New Jersey.

B. **RESPONDENT'S CRIMINAL CONVICTION**

2. On August 17, 2015, Vax pleaded guilty to three counts of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, one count of conspiracy to commit extortion in violation of 18 U.S.C. § 1951, and one count of conspiracy to commit money laundering in violation of 18 U.S.C.

§ 1956 in *United States v. Michael Vax*, 13 Cr. 410 (NRB). On April 16, 2019, Vax was sentenced to time served, seven years of supervised release, and ordered to forfeit $1,800,000.

The docket, **Exh. 4,** downloaded and excerpted below as of 3:30 pm May 27, 2022, which the Court is asked to notice, doesn't say Vax was sentenced. It just stops. How? A cooperator. But this is different: there is a percipient witness to the sentencing unrelated to, unaffiliated with, and not in privity nor concert with Counsel or Plaintiffs, a journalist who covered courts for the *NY Times* and now for *Patreon* online, also a lawyer.



Will the Court notice this piece, **Exh. 4**, dateline April 16, 2019, for its presence at *inncercitypress.com* and *apparently* true report of the proceeding as prima facie showing what can be established true by subpoena (this is not the transcript referred to above, an actual transcript of another case's "sealing" of far more detail than this):

**In SDNY Michael Vax Charged with Securities Fraud Is Given Time Served and Passport While File Sealed**

**By Matthew Russell Lee**

**SDNY COURTHOUSE, April 16 – It was back in 2013 that Michael Vax was charged with securities fraud. In a 16 April 2019 proceeding with Inner City Press the only media present, Vax was reprimanded but sentenced to time served by U.S. District Court for the Southern District of New York Judge Naomi Reice Buchwald. Strangely, she and the Assistant US Attorneys present said it would all be sealed. But it was an open proceeding, as confirmed only the previous week. Still *Inner City Press*, the only media present, with an abundance of caution only reports that the judge told Vax, It is disgraceful to have the opportunity to come to the United States, to become a citizen, then to spend your life committing crimes. But Vax has cooperated, she said, trying to make up for his disgraceful performance. The transcript of the judge's remarks will apparently also be sealed. Vax' lawyer asked to have his passport returned. We aim to have more on this case.**

**Back on April 11, Ivan Nieves was convicted on one of two counts about racist graffiti on the African Burial Ground, specifically with writing the N-word preceded by "Kill" on 1 November 2018 on a sign on Duane Street. After the choppy evidence portion of a bench trial, SNDY Magistrate Judge Ona Wang told the press in the courtroom not to publish Nieves' home address which had been said out loud by one of the three government witnesses. Judge Wang immediately agreed, then after press-back tried to say there is an injunction pending briefing. But that is prior restraint.**

**  Nieves' Federal Defenders lawyer Philip Weinstein, who made the request to seal in an "off the record" sidebar the legitimacy of which  was also disputed, tried to use the gag order against Roger Stone as precedent. But Stone is before a court, in a way the media and people present in the courtroom are not. Judge Wang argued that people are under her jurisdiction merely by entering her court room. For prior restraint?**

**  Resuming for summations at 3 pm, Judge Wang acknowledged that to direct the information not be reported would be prior restraint. She therefore shifted to requesting that it not be published, since Nieves says he has faced threats. Okay.**

**In the SDNY Magistrate's Courtroom on April 10 something similar happened, making this a trend in which press rights must be reaffirmed. Past 6:30 pm a defendant was presented and charged with one count of narcotics conspiracy. It was the last in a series of presentments and *Inner City Press* was the only media in the Magistrate's Courtroom. The defendant was arrested at 6:15 pm on Monday April 8 and waived his right to a speedy presentment. In fact, after a cursory colloquy in which the defendant was released into the Southern and Eastern District and then also the District of New Jersey, the Assistant US Attorney and the defendant's assigned counsel approached the Magistrate in a sidebar withheld from the Press and public, after which it was announced that all this will be filed under seal and not placed on the docket. But it took place in open court. Inner City Press in an abundance of caution is not publishing the name of the defendant. Watch this site.**

**Here's a few questions. They are deadly serious, if rhetorical, and will be expanded upon shortly:**

(1) Did Mr. Lee violate a sealing order by reporting what he saw and heard in what he was told was open court?

(2) If he did, did I just violate the same order, or some other order, implied, in the air, floating in the sky, etc.?

(3) Indeed, if he did not, did I because the sealing order no one has seen and is not docketed only bars people who were not present from talking about it?

(4) Did whoever tell the SEC violate a sealing order?

(5) (a) If so, did the SEC violate it by publicly documenting the case; (b) If not, is it now a free-for all on use?

(6) If a forfeiture order of $1.8M was indeed imposed at sentencing, that can only mean that was found to be the actual or intended loss caused by the fraud; if the actual loss, how are there no victims owed restitution, or if there are, how is there no record of notice to them on normal DOJ large case notifications and so on? After all, this was an open court sentence.

(7) Federal law mandates that transcripts of all open court sentencings, in fact all sentencings, must be made available by the court clerks and reporters for public inspection for 10 years, as well as the original notes. The only Court of Appeals to rule on the subject has held that Congressional Article III authority trumps the power of any court to seal and so sealing would be prohibited. What's the deal with this?

(8) So, was this "open court light" or "neo-open court" or "post-open open court" or what.

(9) While Mr. Lee might have been dozing, how did something taking place in open court get sealed without public notice, at the very least to those there, and allowing argument?

(10) If any victims could trace their losses to whatever was ordered forfeited, in New York their lien is superior to the lien of the government, the Second Circuit has held. If that existed but no one was notified as the law requires, does that mean it was wrong but "merely" illegal and not unauthorized and a taking of lien rights, which is about as clearly property as one can get.

(11) Would/should/could the result or any answers to the above be different if only parties had been in the room?

(12) Does the Court see the pattern, reading the rest of his coverage of similarly disposed proceedings?

(13) The Second Circuit held in 1980 and 1987 I believe that when there is an open court proceeding, only in the most extraordinary circumstances can the transcript be sealed, and only where the proceeding itself could have been sealed, and ruled in 1987 as well that if there is a First Amendment right to attend a proceeding, then there is an equiponderate right to access the transcripts, so how are transcripts sealed at the end of an open court plea proceeding, to which SCOTUS has held the public has a First Amendment right to attend, or a sentencing proceeding, to which the Second Circuit has held the public has such a right?

(14) If that transcript was sealed, how is it going to be used by the SEC as evidence of his guilty plea and one presumes allocution, yet Plaintiffs here cannot do the same with respect to what Judge Glasser and the SOCGEN and Loretta Lynch caused to be sealed in SCOTUS?

The entirety of all representation herein is true to my best knowledge subject to perjury per 28 USC § 1746.

/s/ Frederick M. Oberlander
Counsel for Plaintiffs