## UNITED STATES COURT OF FEDERAL CLAIMS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                           :
                                           :
                                           :  Request to hold in abeyance
E/O Gottdiener et al. v. United States.    :  the April 12, 2023 deadline
                                           :  for submission, see ECF 132
                                           :  order entered May 16, 2023,
                                           :  pending further advisement.
                                           :
                                           :  Docket No. 15--1245
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

    I appreciate the consideration you have given me. Unfortunately, I was set this past week for pulmonary biopsy but was not able to proceed or do much of everything else because of the air pollution (even in Montauk, let alone NYC) and basically sent to bed in quarantine. I have lost a bit of time, *days*, not months, to fully comply. I **have no reason to believe it will run over 7 or so day**s, depending when I'm scheduled again. I will advise the Court.

    The EDNY has apparently resolved by order of May 9, 2023, issues of sealing a certain document, and a lot more. It will take too long to go through it but the Court is assured resolution of the pending MTD will not be held up depending on Your Honor's preference how to make an evidentiary record to resolve Defendant's asserted 12(b)(1) fact; the law is unclear if you can resolve them on well-pled factual allegation or may require extrinsic material such as affidavit or document (as I presume you can and will); there is enough (assuming none challenge admission of a reporter's transcript as what it purports to be without asking her to certify its authenticity).

    Because if Your Honor recalls I originally pled in taking and exaction, and *mirabile dictu* there is no longer conflation between exaction and money-mandating claims, the two distinct (I will rely much on Judge Solomson's 2020 analysis, which is quite thorough in a post-*Norman* world), that is, claims dependent on money-mandating provisions are not the same as claims dependent on illegal exaction, the illegality statutory or constitutional. I believe it will obviate the need for an amended complaint before addressing the rest of the MTD (the 12(b)(6)) matters, but we must resolve the 12(b)(1) stuff in Plaintiffs' favor to get there and as the Court will see that will I think resolve the whole case, even as to pre-Answer threshold merits attack. In sum, Plaintiffs' submission should be far more than adequate to move the case very much forward.

    Thank you,

    /s/ Frederick M. Oberlander