**UNITED STATES COURT OF FEDERAL CLAIMS**
**E/O Gottdiener et al. v. United States, 15-1245**

### SUPPLEMENTED MOTION FOR JUDICIAL NOTICE AND ADMISSION INTO EVIDENCE

Presently before the Court is an abbreviated yet fully functional motion to both take judicial notice of and admit into evidence a certain three documents therein put under labels Exhibit A, Exhibit B, and Exhibit C. Exhibit A is a court reporter's transcript public since January 2019 on the docket of US v. Sater, 98-CR-1101. I purchased the version I attach directly from the reporter, have a receipt therefor, and see no difference between that version and the one online at PACER. However, since I bought my version directly from the reporter, if anything it is more true and correct. Exhibits B and C are on PACER which at least as to accessing the Second Circuit has an inaccessible server issue this morning. I have other sources for them if needed.

Nevertheless, because the content of Exhibit A in proper context is utterly without peer in my experience not because it shows up intrinsic fraud, that's common, but for the scope and depth of such fraud, not to mention the number of persons affected, I attach it here with the certification of its provenance as set forth above and its evident true copy status made this date July 24, 2023 by my personal knowledge pending my ability to upload the others ideally later today. I ask Your Honor recall that the request for relief here is presently limited to having these documents admitted into evidence plus a fourth if necessary. This so that the status conference can proceed as scheduled, or as will be

Ultimately I will move for the Court to dismiss at least half if not all of the § 12(b)(1) objections because they are all basically the same, that (this is the legal argument) because Judge Glasser decided to seal Sater's sentencing records and thus did not tell the victims of the open court sentencing or invite them to be heard there this Court can do nothing, which simply isn't true but it's a lot easier to flush them by proving the contra-fact, that is, that he never sealed it. Simple factual disagreement but again I remind the Court that this record has zero evidentiary support for the proposition that he did and any attempt by the government to use preclusion will prove a disaster.[i]

That said so I may attend to other matters I will be "finishing" upload I hope either tomorrow or Wednesday if I can with the rest of what should be sufficient to defeat all of the § 12(b)(1) with the caution that I have still not been able to get one damned page unsealed at the grievance committee though they keep saying its been so ordered.

I hope we are not headed for Armageddon. As Your Honor can see from pps. 14 thru the end of the filing of letter motion Friday, July 21, 2023, the government can't decide what aspect of that sentencing if any it wants to lie and say was sealed.

That reply due on the motion for leave to file under seal may become critical as the EDNY Grievance Committee refuses to unseal it because it says that it contains information about his cooperation even though (and it does) it black quotes from the transcript of the open court sentencing under the heading "things discussed in open court in the sater proceeding) to say so which makes sealing it unsupportable. I remind the Court that as well the doctrine of "unmixed legal issues" may come in to play here, though I don't know why that has to have its own name. Please advise Mr. Duddy that unless Your Honor needs to contemplated this I am good to go to set a conference schedule.

I close by noting content of the Judge Glasser ex parte transcript is devastating as he states and again with respect this is a party admission that for 30 years whenever he had a cooperator that the "sealing" he would do was, well, um, nothing…he would conduct the plea or sentencing in what they

call "open court" because it would be illegal not to, cooperator or no cooperator, then disappear the records of it when "invariably" at the end either government or defense would ask him to "seal" it and he would "invariably" say "yes" or "ok" or maybe even "so ordered." I'm sure Your Honor is aware that the failure to make a record capable of appellate review to justify closure is absolutely fatal, I believe that one I Press Enterprise, as is the failure to notice the public of such a motion coming up in a hearing so the public may be heard; Your Honor should thus be interested to know that in the case of Martha Stewart, who was tried in the SDNY, the media was excluded from *voir dire* without proper such process and when they took that up to the Second Circuit that court ruled that when the district court screws up and does not seal properly according to law, especially with respect to making record evidentiary findings justifying closure as the least restrictive means then it can never be retroactively cured. Ever. It is "unsealed" and stays so forever. Thus since no sealing order can ever be enforced as to all of those persons he ever sentenced in secret, there is no plausible lawful basis to refuse to identify or notify victims…but there is far, far, more. The government's position is effectively suicidal based on all this plus 10x more we have plus its own insistence on lying and hoping its backed up.

I would ask Your Honor to contemplate the idea that mumbling "yes" to an "oral" request to seal with no public notice or comment and obviously no supporting evidentiary record as an excuse to enjoin the world is a mess if its to serve as a prior restraint *and* basis for criminal prosecution.

/s/ Frederick M. Oberlander
Counsel for Plaintiffs.

---

[i] As referenced in the filing made July 21, 2023, 18 U.S.C. Section(s) 3553(b) that requires that:

> The court, at the time of sentencing, shall state in open court the reasons for its Imposition of the particular sentence, and, if the sentence (2) . . . is outside the range described in section (a)(4), the specific reason for the imposition of a sentence different from that described

> There are certainly mechanisms available to a court in appropriate circumstances, consistent with Federal law and judicial practice, to conduct certain proceedings or portions of proceedings in camera or have matters placed under seal. Protecting the safety of a cooperating defendant by not publicly disclosing the details of his cooperation is a prime and common example,[154] which can be achieved consistent with 18 U.S.C. Section(s) 3553(b).

> That can be accomplished, and usually is, by providing the sentencing judge with an in camera submission detailing the cooperation and assistance. It does not require closing the entire proceeding, nor does it justify failure to adhere to the command of 18 U.S.C. Section(s) 3553(b). See Rule 32(c)(4) Fed. R. Crim. P. ("The court's summary of information under (c)(3)(A) ['information that if disclosed might result in harm, physical or otherwise, to the defendant or other persons'] may be in camera"). Rule 32(c)(4) further permits "[u]pon joint motion by the defendant and by the attorney for the Government, the court may hear in camera the statements [of counsel, the defendant and the victim]." Significantly, *Rule 32 does not authorize the court to exclude from the public record the reasons for the imposition of a particular sentence.* [Emphasis added]

In other words, especially with 4th Circuit Appellate Authority that the seal ability of a district court is subject to Congressional override and occupation of the field, assuming anything was sealed in the lawful sense to begin with, there is no "cooperator exception."

As an officer of this Court I hope Your Honor understands why it took so long for them to all kill themselves. Remember please that any "sealing" stuff that would be submitted here on preclusion is not possibly going to make it given the extrinsic fraud that the government knew about its illegal "sealing" making what's before SCOTUS a constitutional train wreck.